1  **SMILEY WANG-EKVALL, LLP**
Philip E. Strok, State Bar No. 169296
2  *pstrok@swelawfirm.com*
Kyra E. Andrassy, State Bar No. 207959
3  *kandrassy@swelawfirm.com*
Robert S. Marticello, State Bar No. 244256
4  *rmarticello@swelawfirm.com*
Michael L. Simon, State Bar No. 300822
5  *msimon@swelawfirm.com*
3200 Park Center Drive, Suite 250
6  Costa Mesa, California 92626
Telephone:   714 445-1000
7  Facsimile:   714 445-1002

8  Attorneys for Debtors-in-Possession

9              **UNITED STATES BANKRUPTCY COURT**

10              **CENTRAL DISTRICT OF CALIFORNIA**

11                    **SANTA ANA DIVISION**

| | |
|---|---|
| 12  In re | Case No. 8:17-bk-11996-SC |
| 13  WJA ASSET MANAGEMENT, LLC, | Chapter 11 |
| 14            Debtors-in-Possession. | (Jointly Administered with Case Nos. 8:17-bk-11997-SC; 8:17-bk-11998-SC; 8:17-bk-11999-SC; 8:17-bk-12000-SC; 8:17-bk-12001-SC; 8:17-bk-12002-SC; 8:17-bk-12003-SC; 8:17-bk-12004-SC; 8:17-bk-12005-SC; 8:17-bk-12006-SC; 8:17-bk-12008-SC; 8:17-bk-12009-SC; 8:17-bk-12010-SC; 8:17-bk-12011-SC; 8:17-bk-12012-SC; 8:17-bk-12013-SC; 8:17-bk-12014-SC; 8:17-bk-12015-SC; 8:17-bk-12016-SC; 8:17-bk-12018-SC; 8:17-bk-12019-SC; 8:17-bk-12124-SC; 8:17-bk-12125-SC; 8:17-bk-12126-SC; 8:17-bk-12127-SC and 8:17-bk-12285-SC) |

15  ☐ Affects 5827 WINLAND HILLS DRIVE
16    DEVELOPMENT FUND, LLC
   ☐ Affects ALABAMA HOUSING FUND,
17    LLC
   ☐ Affects CA EXPRESS FUND, LLC
18
   ☐ Affects CA SEE JANE GO FUND,
19    LLC
20  ☐ Affects CA WHIRL FUND, LLC
   ☐ Affects CLAIRTON RESIDENTIAL
21    RENEWAL, LLC
22  ☐ Affects EQUITY INDEXED
     MANAGED FUND, LLC
23  ☐ Affects LUXURY ASSET
     PURCHASING INTERNATIONAL,
24    LLC
25  ☐ Affects LVNV MULTI FAMILY LLC
26  ☐ Affects PMB MANAGED FUND, LLC
27  ☒ Affects PROSPER MANAGED FUND,
     LLC
28

**NOTICE OF FILING SOLICITATION VERSIONS OF:**

**(1)  DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN OF LIQUIDATION OF PROSPER MANAGED FUND, LLC; AND**

**(2)  CHAPTER 11 PLAN OF LIQUIDATION OF PROSPER MANAGED FUND, LLC**

*Left margin (vertical):* SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 ● Fax 714 445-1002

☐ Affects TD OPPORTUNITY FUND, LLC

☐ Affects TD REO FUND, LLC

☐ Affects URBAN PRODUCE FUND, LLC

☐ Affects WHIRL FUND, LLC

☐ Affects WJA EXPRESS FUND, LLC

☐ Affects WJA REAL ESTATE OPPORTUNITY FUND I, LLC

☐ Affects WJA REAL ESTATE OPPORTUNITY FUND II, LLC

☐ Affects WJA SECURE REAL ESTATE FUND, LLC

☐ Affects WJA SECURE INCOME FUND, LLC

☐ Affects WILLIAM JORDAN INVESTMENTS, INC.

☐ Affects CA REAL ESTATE OPPORTUNITY FUND I, LLC

☐ Affects CA REAL ESTATE OPPORTUNITY FUND II, LLC

☐ Affects CALIFORNIA INDEXED GROWTH FUND, LLC

☐ Affects SECURE CALIFORNIA INCOME FUND, LLC

☐ Affects CA REAL ESTATE OPPORTUNITY FUND III, LLC

☐ Affects All Debtors

**Plan Confirmation Hearing:**
**DATE:**    **March 1, 2023**
**TIME:**    **1:30 p.m.**
**CTRM:**    **5C**

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY**

**JUDGE, AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

**PLEASE TAKE NOTICE** that attached to this Notice as Exhibits "A" and "B,"

respectively, are the solicitation versions of the following documents with exhibits:

1.    *Disclosure Statement Describing Chapter 11 Plan of Liquidation of Prosper*

*Managed Fund, LLC*; and

2.    *Chapter 11 Plan of Liquidation of Prosper Managed Fund, LLC.*

SMILEY WANG-EKVALL, LLP

3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1    **PLEASE TAKE FURTHER NOTICE** that the solicitation versions were the ones

2    actually disseminated to all creditors, equity security holders, and other parties in interest.

3

4    DATED:  December 22, 2022          SMILEY WANG-EKVALL, LLP

5

6                                        By:   _____
                                                  */s/ Philip E. Strok*
7                                              PHILIP E. STROK
                                               Attorneys for Debtors-in-Possession
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

# EXHIBIT "A"

1  **SMILEY WANG-EKVALL, LLP**
   Philip E. Strok, State Bar No. 169296
2  *pstrok@swelawfirm.com*
   Kyra E. Andrassy, State Bar No. 207959
3  *kandrassy@swelawfirm.com*
   Robert S. Marticello, State Bar No. 244256
4  *rmarticello@swelawfirm.com*
   Michael L. Simon, State Bar No. 300822
5  *msimon@swelawfirm.com*
   3200 Park Center Drive, Suite 250
6  Costa Mesa, California 92626
   Telephone:   714 445-1000
7  Facsimile:    714 445-1002

8  Attorneys for Debtors-in-Possession

9              **UNITED STATES BANKRUPTCY COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11                **SANTA ANA DIVISION**

| | |
|---|---|
| 12  In re | Case No. 8:17-bk-11996-SC |
| 13  WJA ASSET MANAGEMENT, LLC, | Chapter 11 |
| 14         Debtor-in-Possession. | (Jointly Administered with Case Nos. 8:17-bk-11997-SC; 8:17-bk-11998-SC; 8:17-bk-11999-SC; 8:17-bk-12000-SC; |
| 15 | 8:17-bk-12001-SC; 8:17-bk-12002-SC; 8:17-bk-12003-SC; 8:17-bk-12004-SC; |
| 16  ☐ Affects 5827 WINLAND HILLS DRIVE DEVELOPMENT FUND, LLC | 8:17-bk-12005-SC; 8:17-bk-12006-SC; 8:17-bk-12008-SC; 8:17-bk-12009-SC; |
| 17  ☐ Affects ALABAMA HOUSING FUND, LLC | 8:17-bk-12010-SC; 8:17-bk-12011-SC; 8:17-bk-12012-SC; 8:17-bk-12013-SC; |
| 18  ☐ Affects CA EXPRESS FUND, LLC | 8:17-bk-12014-SC; 8:17-bk-12015-SC; 8:17-bk-12016-SC; 8:17-bk-12018-SC; |
| 19  ☐ Affects CA SEE JANE GO FUND, LLC | 8:17-bk-12019-SC; 8:17-bk-12124-SC; 8:17-bk-12125-SC; 8:17-bk-12126-SC; |
| 20  ☐ Affects CA WHIRL FUND, LLC | 8:17-bk-12127-SC and 8:17-bk-12285-SC) |
| 21  ☐ Affects CLAIRTON RESIDENTIAL RENEWAL, LLC | **DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN OF** |
| 22  ☐ Affects EQUITY INDEXED MANAGED FUND, LLC | **LIQUIDATION OF PROSPER MANAGED FUND, LLC** |
| 23  ☐ Affects LUXURY ASSET PURCHASING INTERNATIONAL, LLC | **Plan Confirmation Hearing:** |
| 24 | DATE:      **March 1, 2023** |
| 25  ☐ Affects LVNV MULTI FAMILY LLC | TIME:      **1:30 p.m.** |
| 26  ☐ Affects PMB MANAGED FUND, LLC | CTRM:     **5C** |
| 27  ☒ Affects PROSPER MANAGED FUND, LLC | **Ronald Reagan Federal Building and U.S. Courthouse 411 West Fourth Street Santa Ana, CA 92701** |
| 28 | |

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1
☐ Affects TD OPPORTUNITY FUND, LLC

2
☐ Affects TD REO FUND, LLC

3
☐ Affects URBAN PRODUCE FUND, LLC

4
☐ Affects WHIRL FUND, LLC

5
☐ Affects WJA EXPRESS FUND, LLC

6
☐ Affects WJA REAL ESTATE OPPORTUNITY FUND I, LLC

7
☐ Affects WJA REAL ESTATE OPPORTUNITY FUND II, LLC

8
☐ Affects WJA SECURE REAL ESTATE FUND, LLC

9
☐ Affects WJA SECURE INCOME FUND, LLC

10
☐ Affects WILLIAM JORDAN INVESTMENTS, INC.

11
☐ Affects CA REAL ESTATE OPPORTUNITY FUND I, LLC

12
☐ Affects CA REAL ESTATE OPPORTUNITY FUND II, LLC

13
☐ Affects CALIFORNIA INDEXED GROWTH FUND, LLC

14
☐ Affects SECURE CALIFORNIA INCOME FUND, LLC

15
☐ Affects CA REAL ESTATE OPPORTUNITY FUND III, LLC

16
☐ Affects All Debtors

17

18

19

20

21

22

23

24

25

26

27

28

SMILEY WANG-EKVALL, LLP

3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2926827.1

DISCLOSURE STATEMENT

EXHIBIT "A", PAGE 5

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ........................................................................................ 1

II.     PURPOSE OF THIS DOCUMENT.......................................................... 2

        A.     Deadlines for Voting and Objecting; Date of the Plan Confirmation
               Hearing.......................................................................................... 2

        B.     Time and Place of the Confirmation Hearing................................. 3

        C.     Deadline for Voting for or Against the Plan .................................. 3

        D.     Deadline for Objecting to Confirmation of the Plan ..................... 3

        E.     Identity of Person to Contact for Further Information Regarding the
               Plan ............................................................................................... 3

        F.     Disclaimer ..................................................................................... 3

III.    BACKGROUND OF THE DEBTOR ......................................................... 4

        A.     Organization and Background of the Debtors ............................... 4

        B.     Description of the Debtor and Its Business ................................... 4

        C.     Events Precipitating the Chapter 11 Filings.................................. 6

        D.     SIGNIFICANT EVENTS DURING THE DEBTOR'S CASE ........... 6

               1.     Joint Administration of the Debtors' Cases ........................ 6

               2.     Appointment of the Chief Restructuring Officer ................. 6

               3.     Retention of the Debtors' Professionals.............................. 7

               4.     Rejection of the Opus Agreement....................................... 7

               5.     Rejection of The Kingdom Trust Company Agreements.... 7

               6.     Amendment of the Debtor's Schedules .............................. 8

               7.     Establishment of the Claims Bar Dates .............................. 8

               8.     Extension of Exclusivity Deadlines ..................................... 8

IV.     FINANCIAL INFORMATION REGARDING THE DEBTOR........................ 9

V.      SUMMARY OF THE PLAN ...................................................................... 9

        A.     Allowance and Treatment of Unclassified Claims ........................ 9

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

EXHIBIT "A", PAGE 6

1. Administrative Claims ................................................................. 10
   (a) Ordinary Course Administrative Claims ................................ 10
   (b) Professional Fee Claims ..................................................... 10
   (c) Administrative Claims Bar Date ............................................ 13
   (d) Deadline for Objections to Administrative Claims ................. 14
2. Priority Tax Claims .................................................................... 14
B. Allowance and Treatment of Classified Claims and Interests ..................... 14
   1. Secured Claims ..................................................................... 15
   2. Class of Priority Unsecured Claims ................................................ 15
   3. Class of General Unsecured Claims ................................................ 15
   4. Class of Interest Holders ........................................................... 16
VI. MEANS OF IMPLEMENTING THE PLAN ................................................. 18
A. Operations After the Occurrence of the Effective Date ........................... 18
   1. Available Cash on the Effective Date and Accrued Operating Liabilities ................................................................................. 18
   2. Post Effective Date Management ................................................... 18
      (a) Continuation of the Chief Restructuring Officer .................... 18
      (b) Removal of the Chief Restructuring Officer ......................... 18
      (c) Resignation of the Chief Restructuring Officer ..................... 19
      (d) Powers and Authority of the Chief Restructuring Officer ....... 19
      (e) Maintenance of Books and Records ................................... 21
      (f) Expenses of the Debtor ..................................................... 21
      (g) Fees and Expenses of the Chief Restructuring Officer ......... 21
      (h) Professionals Employed by the Chief Restructuring Officer ................................................................................. 22
      (i) Liability of the Chief Restructuring Officer ........................... 22
      (j) Conflicts with Operating Agreements ................................... 22
      (k) Termination of the Duties of the Chief Restructuring Officer ................................................................................. 22

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

| | B. | Corporate Actions | 23 |
| | C. | Post-Confirmation Estate Claims, Including Avoidance Actions | 23 |
| | D. | Bankruptcy Court Approval of Post-Confirmation Matters | 24 |
| | E. | Right to Setoff | 24 |
| | F. | Distributions | 25 |
| | | 1. Dates of Distributions | 25 |
| | | 2. Manner of Distribution | 25 |
| | | 3. Undeliverable Distributions | 25 |
| | | 4. Rounding of Payments | 25 |
| | | 5. Compliance with Tax Requirements | 26 |
| | | 6. Distribution of Unclaimed Property | 26 |
| | | 7. De Minimis Distributions | 27 |
| | | 8. Limitation of Liability | 27 |
| | G. | Claim and Interest Objections and Disputed Claims and Interests | 27 |
| | | 1. Standing | 27 |
| | | 2. Claims and Interests Objection Deadline | 27 |
| | | 3. Treatment of Disputed Claims and Interests | 28 |
| | | (a) No Distribution Pending Allowance | 28 |
| | | (b) Reserves for Disputed Claims and Interests | 28 |
| | H. | EXECUTORY CONTRACTS AND LEASES AND BAR DATE FOR REJECTION DAMAGES | 28 |
| VII. | | TAX CONSEQUENCES OF THE PLAN | 29 |
| VIII. | | CONFIRMATION REQUIREMENTS AND PROCEDURES | 30 |
| | A. | Who May Vote or Object | 30 |
| | | 1. Who May Object to Confirmation of the Plan | 30 |
| | | 2. Who May Vote to Accept/Reject the Plan | 31 |
| | | (a) What Is an Allowed Claim/Interest | 31 |
| | | (b) What Is an Impaired Claim/Interest | 31 |

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

3. Who Is Not Entitled to Vote .................................................................. 32

4. Votes Necessary to Confirm the Plan .............................................. 32

5. Votes Necessary for a Class to Accept the Plan ........................... 32

6. Treatment of Non-Accepting Classes .............................................. 33

7. Request for Confirmation Despite Nonacceptance by Impaired Class(es) .............................................................................................. 33

B. Liquidation Analysis ................................................................................... 33

C. Feasibility ...................................................................................................... 34

1. Cash on Hand on the Effective Date ................................................ 34

2. Funding of Distributions to Holders of Allowed Claims and Interests After the Effective Date .................................................... 34

IX. MISCELLANEOUS PROVISIONS ..................................................................... 35

A. Provisions Regarding Limitation of Liability .......................................... 35

1. No Liability for Solicitation or Participation ..................................... 35

2. Limitation of Liability ........................................................................... 35

B. Vesting of Property of the Estate .............................................................. 36

C. Modification of Plan ..................................................................................... 36

D. Post-Confirmation Status Report .............................................................. 36

E. Post-Confirmation Fees to the OUST ........................................................ 36

F. Final Decree .................................................................................................. 36

G. Post-Confirmation Conversion/Dismissal ............................................... 36

H. Governing Law .............................................................................................. 37

I. Successors and Assigns ............................................................................. 37

J. Exemption from Certain Transfer Taxes and Recording Fees ................ 37

K. Prohibition of Non-Voting Securities ........................................................ 37

L. No Discharge ................................................................................................. 37

M. Retention of Jurisdiction ............................................................................. 38

PLAN DEFINITIONS ..................................................................................................... 40

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

Prosper Managed Fund, LLC (the "Debtor"), a California limited liability company, provides its *Disclosure Statement Describing Chapter 11 Plan of Liquidation of Prosper Managed Fund, LLC* (the "Disclosure Statement")[1] in connection with the solicitation of acceptances and rejections of Creditors and Interest Holders of its *Chapter 11 Plan of Liquidation of Prosper Managed Fund, LLC* (the "Plan").  The Debtor is the party proposing the Plan sent to you in the same envelope as this document.  **THE DOCUMENT YOU ARE READING IS THE DISCLOSURE STATEMENT FOR THE ENCLOSED PLAN.**

I.    **INTRODUCTION**

The Debtor commenced its case by filing a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, on May 18, 2017 (the "Petition Date"), the same day that twenty-one (21) related entities filed their own Chapter 11 petitions.  Five (5) additional related entities also filed Chapter 11 petitions, and the twenty-seven (27) cases filed by these debtors (collectively, the "Debtors") are being jointly administered although four (4) of the Debtors have dissolved and their bankruptcy cases were dismissed upon completion of the dissolution.  Chapter 11 allows debtors to propose a plan.  A plan may provide for a debtor to reorganize by continuing to operate, to liquidate by selling assets or collecting receivables, or a combination of both.

The Plan is a liquidation plan which contemplates that the Debtor will liquidate its assets and distribute the proceeds and funds on hand to its Creditors and Interest Holders in accordance with the priorities set forth in the Bankruptcy Code.  The Effective Date of the Plan will be the date that is three (3) weeks after entry of the Confirmation Order, provided that there is no stay of the effectiveness of the Confirmation Order.  If such a stay is issued other than by operation of Federal Rule of Bankruptcy Procedure

---

[1]    Unless otherwise defined in the Disclosure Statement, the definition of any capitalized term may be found in the Plan Definitions at the end of this Disclosure Statement.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2926827.1

1

1   3020(e), then the Effective Date shall be the date that is two (2) weeks after the

2   Confirmation Order becomes a Final Order.

3

4   **II.**      **PURPOSE OF THIS DOCUMENT**

5          The purpose of this Disclosure Statement is to set forth information (1) about the

6   history of the Debtor, its business, and the Chapter 11 case, (2) concerning the Plan and

7   alternatives to the Plan, (3) advising holders of Claims and Interests of their rights under

8   the Plan, (4) assisting the Creditors and Interest Holders who are entitled to vote on the

9   Plan in making an informed judgment regarding whether they should vote to accept this

10  Plan, and (5) assisting the Bankruptcy Court in determining whether the Plan complies

11  with the provisions of Chapter 11 of the Bankruptcy Code and should be confirmed.

12         This Disclosure Statement cannot tell you everything about your rights.  You

13  should consider consulting your lawyer to obtain more specific advice on how the Plan

14  will affect you and what is the best course of action for you.  Smiley Wang-Ekvall, LLP,

15  insolvency counsel for the Debtor, does not represent you.

16         Be sure to read the Plan as well as the Disclosure Statement.  If there are any

17  inconsistencies between the Plan and the Disclosure Statement, the Plan provisions will

18  govern.

19         The Bankruptcy Code requires that a disclosure statement contain "adequate

20  information" concerning the Plan, meaning that the disclosure statement contains

21  sufficient information to enable parties affected by the Plan to make an informed

22  judgment in exercising their rights to vote to accept or reject the Plan.  At the hearing on

23  December 22, 2022, at 1:30 p.m., the Court approved this Disclosure Statement as

24  containing adequate information.  Any party may now solicit votes for or against the Plan.

25         **A.**      **Deadlines for Voting and Objecting; Date of the Plan**

26                  **Confirmation Hearing**

27         The Court has not yet confirmed the Plan described in this Disclosure Statement.

28  In other words, the terms of the Plan are not yet binding on anyone.  However, if the

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

Court later confirms the Plan, then the Plan will be binding on the Debtor and on all Creditors and Interest Holders in the Case.

**B.**   **Time and Place of the Confirmation Hearing**

The hearing where the Court will determine whether or not to confirm the Plan will take place on **March 1, 2023, at 1:30 p.m.** in Courtroom 5C of the United States Bankruptcy Court for the Central District of California, located at 411 West Fourth Street, Santa Ana, California 92701.

**C.**   **Deadline for Voting for or Against the Plan**

If you are entitled to vote, it is in your best interest to timely vote on the ballot sent to you and return the ballot to Smiley Wang-Ekvall, LLP, Attn: Philip E. Strok, 3200 Park Center Drive, Suite 250, Costa Mesa, CA 92626.  It can also be e-mailed to *pstrok@swelawfirm.com* or faxed to (714) 445-1002.

Your ballot must be received no later than **January 31, 2023, at 5:00 p.m., Pacific Time,** or it will not be counted.

**D.**   **Deadline for Objecting to Confirmation of the Plan**

Objections to the confirmation of the Plan must be filed with the Court and served upon counsel for the Debtor no later than **February 15, 2023**.

**E.**   **Identity of Person to Contact for Further Information Regarding the Plan**

Any interested party desiring further information about the Plan should contact Philip E. Strok by phone at (714) 445-1000 or by e-mail at *pstrok@swelawfirm.com*.

**F.**   **Disclaimer**

The financial data relied upon in formulating the Plan is based on the Debtor's financial records.  The Plan was drafted based on this information and the Professionals who drafted the Plan do not have any independent knowledge regarding the accuracy or the completeness of the data or information contained therein or herein.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2926827.1

3

DISCLOSURE STATEMENT

EXHIBIT "A", PAGE 12

III.    **BACKGROUND OF THE DEBTOR**

    A.    **Organization and Background of the Debtors**

        The Debtor is part of a network of entities or "Funds" formed by William Jordan to offer investment opportunities to individuals.  William Jordan Investments, Inc. ("WJI"), was the registered investment advisor.  WJA Asset Manager, LLC ("WJAAM") is the managing member of the Debtors, with the exception of itself and WJI.  William Jordan is the sole owner of WJI and is the sole member of WJAAM.

        In 2010, WJI began creating opportunities for its clients to invest in real estate related assets and, in particular, private mortgages.  WJI's clients pursued investment opportunities by acquiring membership units in one or more of the Funds.[2]  Each Fund is a limited liability company formed to pursue a particular type of investment.  The Funds typically raised investments by offering membership units in the Funds through Private Placement Memoranda.  Investors who acquired membership units are members of the corresponding debtor or Fund.  Certain investors received promissory notes in exchange for their contributions to a particular Fund.  Some Funds invested and/or made loans in other Funds.

        Collectively, the Debtors held the following types of assets: (1) cash; (2) real estate; (3) deeds of trust; (4) promissory notes; and (5) stock or membership units in third party companies, which, in turn, either operate a business or own a real estate development project.

    B.    **Description of the Debtor and Its Business**

        The Debtor was formed in April 2011 with a stated purpose of purchasing consumer promissory notes issued by Prosper Marketplace, Inc., a Delaware corporation ("Prosper").  Prosper is a peer-to-peer lending platform that allows people to lend money to other people in an open, transparent marketplace.  The Debtor's intent was to

---

    [2]    The term "Fund" refers to a Debtor other than WJI, WJAAM, and TD REO, LLC.  Funds with "California" in its name are for California qualified purchasers and the similarly named Fund with "WJA" in its name is for SEC accredited investors.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

purchase promissory notes issued by Prosper with the goal of diversifying across most of the pool of available notes for various credit risks and using additional financial criteria.  It has eight (8) investors who either hold the investment individually or through a trust or a retirement account.  This is as reflected in the amended *List of Equity Security Holders* that it filed on April 24, 2018 [Docket No. 21].  WJAAM is the manager of the Debtor and, under the Debtor's operating agreement, WJAAM is entitled to compensation of "[o]ne percent of the assets under management by the Company, payable quarterly based on the current value of asset being managed by the Company."  The Debtor's records reflect that prepetition, WJAAM received $134,473.73 in compensation for its services as the manager of the Debtor, and the Chief Restructuring Officer has determined based on currently available asset valuation information that nothing remained due as of the Petition Date.  The Chief Restructuring Officer has also determined that because he is operating the Debtors postpetition and being compensated for it, WJAAM will not be paid any postpetition management fees in the Debtors' cases.

Based on the Debtor's books and records, including its bankruptcy schedules filed in this case, the Debtor's primary assets as of the Petition Date included: (1) a note in the face amount of $515,000.00 from TD Opportunity Fund, LLC (the "TD Opportunity Note"); (2) a note in the face amount of $387,959.00 from TD REO Fund, LLC (the "TD REO Note"); (3) a cash balance with Prosper Funding, LLC of $7,939.56; and (4) the principal balance and payments of 105 active notes with Prosper Funding, LLC of $31,868.78. The Debtor has already received a pro rata interim distribution of $28,902.76 from TD Opportunity Fund, LLC on account of the TD Opportunity Note and expects to receive an additional pro rata distribution(s) in the future along with other creditors as assets are liquidated and funds distributed in accordance with TD Opportunity Fund, LLC's confirmed plan.  The Debtor expects to receive a pro rata distribution from TD REO Fund, LLC on account of the TD REO Note in the future along with other creditors after TD REO Fund, LLC's assets are liquidated and funds distributed in accordance with its confirmed

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1    plan.  The Debtor continues to investigate the status and disposition of its assets with

2    Prosper Funding, LLC and whether such assets will have any realizable value.

3         **C.**    **Events Precipitating the Chapter 11 Filings**

4         A series of events led to losses for the Funds that invested in trust deeds and,

5    ultimately, these bankruptcy cases.  First, the real property collateral securing the largest

6    single loan held by TD Opportunity Fund, LLC, one of the Debtors, was condemned and

7    the building was demolished.

8         Second, a number of loans made by the Debtors underperformed, partially

9    because they tended to be smaller loans in less serviced areas of the country.  Over the

10   years, the Debtors found that these smaller loans have a higher rate of default.  Even

11   when there is a meaningful equity cushion, the foreclosure costs, unpaid taxes and,

12   sometimes, damage to the property, create a potential for loss when these smaller types

13   of loans go into default.  Moreover, as the Debtors proceeded with foreclosures and

14   subsequent efforts to sell the properties they had foreclosed on, they discovered that the

15   real estate collateral securing the loans they made was worth less than originally believed

16   and often less than the original principal amount of the loans.

17        Third, the U.S. Securities and Exchange Commission and the California

18   Department of Business Oversight began investigating and/or auditing WJI and other

19   Debtors.

20        **D.**    **SIGNIFICANT EVENTS DURING THE DEBTOR'S CASE**

21             **1.**    **Joint Administration of the Debtors' Cases**

22        By an order entered on May 19, 2017, the Court authorized the Debtor's Case to

23   be jointly administered with the other cases filed by the Debtors under lead case number

24   8:17-bk-11996-SC.

25             **2.**    **Appointment of the Chief Restructuring Officer**

26        The Debtors retained Howard Grobstein as their Chief Restructuring Officer and

27   Grobstein Teeple to assist him.  The Court approved the retention of Howard Grobstein

28   and Grobstein Teeple in twenty-two (22) of the Debtors' cases on June 15, 2017, and

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1    subsequently obtained similar approval in the five (5) remaining cases, including the

2    Debtor's Case.

3    **3.    Retention of the Debtors' Professionals**

4    The Debtors retained Smiley Wang-Ekvall, LLP, as their general bankruptcy

5    counsel, and the Court approved the employment of the firm in the Debtors' cases on

6    June 20, 2017 [Docket No. 94].  The Debtors retained Menchaca & Company, LLP, as

7    their accountants by orders entered on July 25, 2017 and July 26, 2017 [Docket Nos. 152

8    and 154].  By order entered on October 19, 2017 [Docket No. 244], the Debtors retained

9    Rutan & Tucker as special counsel to handle specific issues.  In addition, by orders

10   entered on January 8, 2018 [Docket No. 348] and November 21, 2018 [Docket No. 695],

11   the Court authorized the Debtors' retention of Brutzkus Gubner (now BG Law LLP) as

12   special litigation counsel to analyze potential litigation claims and to pursue certain

13   claims.

14   **4.    Rejection of the Opus Agreement**

15   Pre-petition, certain of the Debtors executed an administration agreement (the

16   "Opus Agreement") with Opus Fund Services (Bermuda) Ltd. ("Opus").  Under the Opus

17   Agreement, Opus prepared investor statements and accrual balance sheets for some of

18   the Debtors for monthly fees ranging from $750.00 to $1,031.71 per Debtor.  The Debtors

19   moved to reject the Opus Agreement because it was not necessary to the Debtors'

20   business post-petition.  By order entered August 24, 2017 [Docket No. 190], the Court

21   approved the Debtors' request and the Opus Agreement was deemed rejected as of

22   August 3, 2017.

23   **5.    Rejection of The Kingdom Trust Company Agreements**

24   Pre-petition, the Debtors entered into custodial services agreements (the "KTC

25   Agreements") with The Kingdom Trust Company ("KTC").  Under the KTC Agreements,

26   KTC held some of the Debtors' assets, including cash and deeds of trust, in separate

27   accounts for each of the Debtors and prepared quarterly statements in exchange for a

28   quarterly fee based on the annual market value of the accounts.  The Debtors moved to

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1   reject the KTC Agreements because they were not necessary to the Debtors' business

2   post-petition.  By order entered December 4, 2017 [Docket No. 307], the Court approved

3   the Debtors' request and the KTC Agreements were rejected effective as of October 24,

4   2017.

5   ### 6.    Amendment of the Debtor's Schedules

6        Because some of the Debtors' investors have received distributions while others

7   have not, the Debtors determined that the fairest way of making distributions to investors

8   in order to ensure equal treatment was to calculate their Interests in the Debtors based

9   on the amount(s) that they invested in a particular debtor, less any distribution(s) that

10  they received on account of that investment.  The Debtor recalculated the amount of the

11  respective Interests of the Interest Holders in the Debtor using this methodology and filed

12  an amended List of Equity Security Holders.

13  ### 7.    Establishment of the Claims Bar Dates

14       In November 2017, the Court entered an order approving the procedures for giving

15  Creditors and Interest Holders notice of the deadline to file their Claims or Interests with

16  the Court.  The Court set the deadline as sixty days from the date of service of the notice

17  of the claims filing deadline.  The Debtor served its notice of claims filing deadline on May

18  10, 2018, and the deadline for its Creditors and Interest Holders to file Proofs of Claim or

19  Interest against the Debtor's Estate was July 10, 2018.

20  ### 8.    Extension of Exclusivity Deadlines

21       In order to give the Chief Restructuring Officer sufficient time to conduct his

22  forensic accounting of the Debtors' books and records and to analyze various issues that

23  will impact these Cases, the Court on three occasions extended the exclusive deadlines

24  for the Debtors to propose their plans and to solicit acceptances of them.  Because the

25  Bankruptcy Code does not permit extensions of the deadline to file a plan beyond 18

26  months from the date of entry of the order for relief, the exclusivity deadline has now

27  passed.

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

## IV.    FINANCIAL INFORMATION REGARDING THE DEBTOR

The Debtor filed Schedules, as amended on April 24, 2018, that provide substantial financial information regarding its assets and liabilities as of the Petition Date. The Schedules are available on-line through PACER or at the Clerk's Office or by contacting counsel for the Debtor.  In addition to the Schedules, the Debtor has prepared the monthly operating reports as required by the OUST, and those are also available for inspection from the same sources as the Schedules.  A copy of the most recent monthly operating report for the Debtor is attached as Exhibit "1."

As of the date of the filing of this Disclosure Statement, the Debtor is holding cash of approximately $28,000.00.

## V.    SUMMARY OF THE PLAN

The following section contains a summary of the material provisions of the Plan, although it should not replace a review of the Plan in its entirety.

The treatment of Allowed Claims and Allowed Interests under the Plan supersedes any agreements or rights the Holders of those Claims or Interests may have in or against the Debtor or its assets and is in full satisfaction of the legal, equitable, and contractual rights of the holders of the Claims or Interests.  Unless the Plan provides otherwise, no Distributions will be made and no rights retained on account of any Claim or Interest that has not become an Allowed Claim or Allowed Interest.

As required by the Bankruptcy Code, the Plan classifies Claims and Interests in various classes according to their right to priority.  The Plan states whether each Class of Claims or Interests is impaired and provides for the treatment that each Class will receive.

### A.    Allowance and Treatment of Unclassified Claims

Certain types of Claims are not placed into voting classes but are instead unclassified.  They are not considered impaired and they do not vote on the Plan

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1 because they are automatically entitled to certain treatment under the Bankruptcy Code.

2 Accordingly, the following Claims have not been put into a Class:

3         **1.**    **Administrative Claims**

4        Administrative Claims are for costs and expenses of administering the Debtor's

5 Case that are allowable under Bankruptcy Code section 503(b) or 28 U.S.C. § 1930, and

6 include Claims incurred post-petition in the course of operating the Debtor's business,

7 Professional Fee Claims, and fees due to the OUST.

8         **(a)**    **Ordinary Course Administrative Claims**

9        The following chart lists all of the Debtor's Ordinary Course Administrative Claims,

10 which generally include debt that it incurs in the regular operation of its business.

11 Ordinary Course Administrative Claims do not include Professional Fee Claims. The

12 following chart describes the proposed treatment for Ordinary Course Administrative

13 Claims, as well as Clerk's Office Fees and OUST fees that the Debtor must pay as a

14 condition to having filed this case:

| Description | Estimated Amount Owed | Treatment |
|---|---|---|
| Ordinary Course Administrative Claims Against the Debtor, including Administrative Tax Claims | Varies by day | These Claims have been or will be paid in the ordinary course of the Debtor's operations. |
| Clerk's Office Fees | $0 | Any outstanding Clerk's Office Fees will be Paid in Full on the Effective Date. |
| OUST Fees | $0 | Any outstanding OUST Fees will be Paid in Full on the Effective Date. |

        **(b)**    **Professional Fee Claims**

       In addition, there are a number of Professional Fee Claims that are ordinarily

required to be paid upon the effective date of the Plan or as soon thereafter as they are

allowed. In this case, a portion of the Professional Fee Claims were allowed prior to the

Effective Date as listed on the following chart:

| PROSPER MANAGED FUND |
|---|

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

| Order Entered | Professional | Fees Approved | Costs Approved | Total[3] |
|---|---|---|---|---|
| | Smiley Wang-Ekvall, LLP | 1,854.00 | 0.00 | $1,854.00 |
| 12/11/2017 | Menchaca & Co. | 566.19 | 0.00 | 566.19 |
| | | | | |
| | Smiley Wang-Ekvall, LLP | 201.50 | 0.00 | 201.50 |
| 04/12/2018 | Menchaca & Co. | 384.00 | 0.00 | 384.00 |
| | | | | |
| | Smiley Wang-Ekvall, LLP | 1,765.50 | 242.80 | 2,008.30 |
| 08/16/2018 | Menchaca & Co. | 1,728.00 | 0.00 | 1,728.00 |
| | | | | |
| | Smiley Wang-Ekvall, LLP | 344.00 | 0.00 | 344.00 |
| 12/20/2018 | Menchaca & Co. | 1,392.00 | 0.00 | 1,392.00 |
| | | | | |
| | Smiley Wang-Ekvall, LLP | 324.00 | 0.00 | 324.00 |
| 05/02/2019 | Menchaca & Co. | 120.00 | 0.00 | 120.00 |
| | | | | |
| | Smiley Wang-Ekvall, LLP | 709.50 | 0.00 | 709.50 |
| 12/12/2019 | Menchaca & Co. | 1,848.00 | 0.00 | 1,848.00 |
| | | | | |
| | Smiley Wang-Ekvall, LLP | 495.50 | 0.00 | 495.50 |
| 05/08/2020 | Menchaca & Co. | 1,584.00 | 0.00 | 1,584.00 |
| | | | | |
| | Smiley Wang-Ekvall, LLP | 444.50 | 0.00 | 444.50 |
| 12/03/2020 | Menchaca & Co. | 1,824.00 | 0.00 | 1,824.00 |
| | | | | |
| | Smiley Wang-Ekvall, LLP | 741.00 | 0.00 | 741.00 |
| 08/02/2021 | Menchaca & Co. | 240.00 | 0.00 | 240.00 |

In addition, the Chief Restructuring Officer and the Professionals retained by the Debtor have performed certain work that generally benefitted all of the Debtors and have incurred fees and costs in connection therewith (the "General Fees and Costs").  With respect to the General Fees and Costs of any particular Professional, the Debtors and counsel for the Official Committee of Unsecured Creditors appointed in four of the Debtors' cases are discussing how to allocate those fees and costs to each of the Debtors.  One approach would be based on the amount of fees incurred in each particular case as a percentage of the total fees that are capable of allocation to particular debtors.  For instance, if the amount of Smiley Wang-Ekvall's General Fees and Costs is $100,000, Smiley Wang-Ekvall's fees attributable to the Debtor is $50,000, and the total amount of Smiley Wang-Ekvall's fees incurred by all of the Debtors

---

[3]    Most, but not all, of the allowed fees and costs have been paid.

11

DISCLOSURE STATEMENT

EXHIBIT "A", PAGE 20

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714.445-1000 • Fax 714.445-1002

1  (excluding the General Fees) is $1,000,000, then the Debtor would be allocated liability

2  for 5% ($50,000/$1,000,000) of Smiley Wang-Ekvall's General Fees and Costs, or

3  $5,000. This calculation would be made as of the date that all Professional Fee Claims in

4  the Debtor's case are determined on a final basis.  Another approach would be to

5  allocate the General Fees and Costs pro rata based on the cash on hand as of the date

6  that all Professional Fee Claims in the Debtors' cases are determined on a final basis.

7  The last approach would be to allocate the General Fees and Costs equally to each of

8  the Debtors' cases, without regard to the amount of effort or assets each particular case

9  required.  The Debtors are calculating what the estimated allocation for the General Fees

10  and Costs would be under each of these three scenarios and, after determining which

11  allocation is highest with respect to the Debtor, will reserve sufficient funds for the Debtor

12  to pay its share pending further Court order.

13          A Professional Fee Claim against the Debtor will be paid only if: (a) on or before

14  forty-five (45) days after the Effective Date (or such further date if extended by order of

15  the Court), the Professional holding the Professional Fee Claim files with the Court an

16  application requesting allowance and payment of the Professional Fee Claim on a final

17  basis; and (b) the Professional Fee Claim is allowed by an order of the Bankruptcy Court.

18  Any party in interest may file an objection to such an application within the time provided

19  by the Local Bankruptcy Rules or within any other period that the Bankruptcy Court sets.

20  Professionals holding Professional Fee Claims who do not timely file and serve their

21  applications for payment will be forever barred from asserting these Claims.

22          The Professional Fee Claims and their treatment under the Plan are listed on the

23  following chart:

| Description | Estimated Amt. of Unpaid Fees, Excluding General Fees and Costs, as of the Effective Date[4] | Treatment |
|---|---|---|
| Smiley Wang-Ekvall, LLP, | $30,000.00 | This Professional Fee Claim will |

---

[4]    These amounts are only estimates and are subject to change.  The unpaid amount of allowed final fees and costs for some Professionals may be higher and others may be lower.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel  714 445-1000  •  Fax 714 445-1002

| Description | Estimated Amt. of Unpaid Fees, Excluding General Fees and Costs, as of the Effective Date[4] | Treatment |
|---|---|---|
| General bankruptcy counsel to the Debtor | | be Paid in Full ten (10) Business Days after the Bankruptcy Court enters an order allowing the Professional Fee Claim. |
| Rutan & Tucker, LLP, Special counsel to the Debtor | $0.00 | This Professional Fee Claim will be Paid in Full ten (10) Business Days after the Bankruptcy Court enters an order allowing the Professional Fee Claim. |
| Menchaca & Company, Accountants to the Debtor | $10,000.00 | This Professional Fee Claim will be Paid in Full ten (10) Business Days after the Bankruptcy Court enters an order allowing the Professional Fee Claim. |
| Brutzkus Gubner, Special counsel to the Debtor | $0.00 | This Professional Fee Claim will be Paid in Full ten (10) Business Days after the Bankruptcy Court enters an order allowing the Professional Fee Claim. |

### (c)   Administrative Claims Bar Date

If not previously allowed by a Court order or treated and paid as an Ordinary Course Administrative Claim, all requests for payment of an Administrative Claim that accrued between the Petition Date and the Effective Date (other than the Professional Fee Claims) must be filed with the Bankruptcy Court no later than thirty (30) days after the Effective Date (the "Administrative Claims Bar Date") or shall be forever barred. Within five (5) days of the Effective Date, the Debtor will serve notice of the Administrative Claims Bar Date on all Creditors and parties in interest.  Administrative Claims will be paid in full on the later of fifteen (15) days after the date they become an Allowed Claim or the Effective Date.  Because there is a specific procedure already in place for payment of the fees of the Chief Restructuring Officer and Grobstein Teeple for their services to the Debtors, they shall not be required to file a request for payment of their Administrative Claim and shall instead continue to comply with the provisions of the order approving their retention under 11 U.S.C. § 363(b).

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

**(d)**    **Deadline for Objections to Administrative Claims**

All objections to allowance of Administrative Claims other than Professional Fee Claims must be filed by any parties in interest no later than ninety (90) days after the Administrative Claims Bar Date (the "Administrative Claims Objection Deadline").  If no objection to an Administrative Claim is filed on or before the Administrative Claim Objection Deadline, then the Administrative Claim will be deemed Allowed as of that date, unless the Administrative Claim Objection Deadline is extended by further order of the Court.

**2.**    **Priority Tax Claims**

Priority Tax Claims include certain unsecured income, sales, employment, and other taxes described by Bankruptcy Code section 507(a)(8).  The Bankruptcy Code requires that each holder of a section 507(a)(8) Priority Tax Claim receive the present value of such Claim in deferred cash payments, over a period not exceeding five years from the order for relief.

The following chart lists the Debtor's known section 507(a)(8) Priority Tax Claims and their treatment under the Plan:

| Description | Estimated Amount Owed | Treatment |
|---|---|---|
| Franchise Tax Board | $0.00 | Paid in full on the Effective Date |
| Internal Revenue Service | $0.00 | Paid in full on the Effective Date |

**B.**    **Allowance and Treatment of Classified Claims and Interests**

As required by the Bankruptcy Code, the Plan places Claims and Interests into various Classes according to their right to priority and other relative rights.  The charts below list each Class of Claims and Interests pertaining to the Debtor that are established under the Plan and indicates whether the Class is impaired or unimpaired by the Plan.  A Class is unimpaired if the Plan leaves unaltered the legal, equitable, and contractual rights to which the holders of Claims or Interests in the Class are entitled, with limited exceptions.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1. **Secured Claims**

Secured Claims are Claims secured by valid liens on property of the Estate. The Debtor has no Secured Claims.

2. **Class of Priority Unsecured Claims**

Certain priority Claims that are referred to in Bankruptcy Code §§ 507(a)(3), (a)(4), (a)(5), (a)(6), and (a)(7) are required to be placed in Classes. The Bankruptcy Code requires that each holder of the above Priority Unsecured Claims, which do not include Priority Tax Claims, receive Cash on the Effective Date equal to the allowed amount of such Claim. However, a Class of Priority Unsecured Claim holders may vote to accept deferred Cash payments of a value, as of the Effective Date, equal to the allowed amount of such Claim.

The Debtor is unaware of any Priority Unsecured Claims but, if such Claims exist, the Debtor will pay these Claims in full on the Effective Date.

| Class | Description | Impaired? | Treatment |
|---|---|---|---|
| 1 | Allowed Priority Unsecured Claims Pursuant to 11 U.S.C. § 507(a)(3) – (7)<br><br>Amount Owed: $0.00 | No | Paid in full on the Effective Date. |

3. **Class of General Unsecured Claims**

General Unsecured Claims are unsecured Claims not entitled to priority under 11 U.S.C. § 507(a). Attached hereto as Exhibit "2" is a list of the filed/scheduled Claims with their anticipated dispositions depending on the outcome of the Claims review and objection process. All rights of the Debtor to object to Claims are expressly reserved. The following chart describes the treatment for General Unsecured Claims.

| Class | Description | Impaired (Y/N)? | Treatment |
|---|---|---|---|
| 2 | General Unsecured Claims incurred in the operation of the business of Debtor, including prepetition management fees to WJAAM and outstanding obligations to any related Fund, | Yes | Within one hundred and twenty (120) days of the Effective Date, the Debtor will make an initial Pro Rata Distribution of the Available Cash, if any, to the holders of |

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

| Class | Description | Impaired (Y/N)? | Treatment |
|---|---|---|---|
| | regardless of whether a Proof of Claim is filed<br><br>Estimated total: $2,907.11, depending on the outcome of the review of the General Unsecured Claims and resolution of any objection(s) to General Unsecured Claims | | Allowed Class 2 Claims. To the extent Allowed Class 2 Claims are not Paid in Full by the initial Pro Rata Distribution and provided that there is Available Cash, the Debtor will make additional interim and/or final Pro Rata Distributions of Available Cash.  The timing of such additional Distributions will be in the discretion of the Debtor.  If there is sufficient Available Cash for all Allowed Class 2 Claims to be fully satisfied, then payments on Allowed Class 2 Claims will include simple interest at the federal judgment rate in effect on the Effective Date from the Petition Date through the date that each Allowed Class 2 Claim is Paid in Full.<br><br>If a Class 2 Claim is disputed when a Distribution is made, then pending resolution of the dispute by a Final Order, the Debtor will reserve sufficient funds to pay the higher Distribution amount. Once the dispute is resolved by a Final Order, the Debtor will make a Distribution on account of the Allowed Class 2 Claim in accordance with the treatment described in the foregoing paragraph. |

**4.    Class of Interest Holders**

Interest Holders are the parties who hold ownership Interests in the Debtor.

Attached as Exhibit "3" is the amended *List of Equity Security Holders* filed by the Debtor

on April 24, 2018, which reflects the percentage interest of the Interest Holders in the

Debtor based on the amounts invested, less distributions or returns received prior to the

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

Petition Date.  The net amount of investments is $890,574.72. The following chart lists

the treatment under the Plan of the Interest Holders in the Debtor:

| Class | Description | Impaired (Y/N) | Treatment |
|---|---|---|---|
| 3 | Holders of equity in the Debtor, with the percentage interest calculated based on the total amount invested, less distributions received on account of that investment | Yes | After the Effective Date and within thirty (30) days of all required Plan payments having been made, including Class 2 Claims being Paid in Full, and after creating the reserves contemplated by the Plan, the Debtor will make an initial Pro Rata Distribution of Available Cash, if any, to the Interest Holders.  If additional funds become available, the Debtor will make additional interim Pro Rata Distributions of Available Cash to the Interest Holders.

Provided that all assets of the Debtor have been liquidated, abandoned or otherwise administered, the Debtor will make a final Pro Rata Distribution of Available Cash to the Interest Holders after all other Allowed Claims have been Paid in Full and after any disputes about the amount of an Interest Holder's percentage interest in the Debtor are resolved by a Final Order.

If a Class 3 Interest is disputed when a Distribution is made, then pending resolution of the dispute by a Final Order, the Debtor will reserve sufficient funds to pay the higher amount.  Once the dispute is resolved by a Final Order, the Debtor will make a Distribution on account of the Allowed Class 3 Interest in accordance with the treatment described in the foregoing paragraph. |

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2926827.1

17

DISCLOSURE STATEMENT

EXHIBIT "A", PAGE 26

1

## VI.   **MEANS OF IMPLEMENTING THE PLAN**

2    This Section is intended to explain how the Debtor intends to effectuate the Plan,

3 and how the Debtor intends to fund the obligations to Creditors and Interest Holders

4 undertaken in the Plan after the occurrence of the Effective Date.  This Section provides

5 information regarding funding sources for the Plan obligations and other material issues

6 bearing upon performance of the Plan.

7    The Debtor will continue to liquidate its Estate assets and distribute the proceeds

8 and funds on hand to its Creditors and Interest Holders as set forth in the Plan.

9    **A.**   **Operations After the Occurrence of the Effective Date**

10    **1.**   **Available Cash on the Effective Date and Accrued Operating**

11    **Liabilities**

12    As of March 31, 2023, the Debtor is projected to have Available Cash of

13 approximately $28,000.00 and no accrued operating liabilities other than its Professional

14 Fee Claims and ordinary expenses of its Estate.

15    **2.**   **Post Effective Date Management**

16    **(a)**   **Continuation of the Chief Restructuring Officer**

17    On the Effective Date, the Chief Restructuring Officer will continue in his role and

18 have sole authority to act on behalf of the Debtor and be vested with the duties set forth

19 below and in the Plan Confirmation Order.  To the extent that the Debtor's operating

20 agreement is inconsistent with the Plan, the Plan shall control.

21    **(b)**   **Removal of the Chief Restructuring Officer**

22    Consistent with the provision in the Debtor's operating agreement for removal of

23 the manager, the Chief Restructuring Officer may be removed from his role in the Case

24 by Court order obtained by a Supermajority-in-Interest of the Interest Holders of that

25 Case upon good cause shown, with good cause existing only if the Chief Restructuring

26 Officer has been grossly negligent in the performance of his duty or he has engaged in

27 willful misconduct or fraud against the Debtor.  The motion shall provide at least thirty

28 (30) days' written notice to the Chief Restructuring Officer, creditors holding Allowed

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1  Claims, Interest Holders, and the OUST.  If removed by a Court order, the parties moving

2  to remove the Chief Restructuring Officer shall suggest a disinterested replacement

3  whose retention shall be subject to the approval of the Court on notice to the same

4  parties served with the motion to replace the Chief Restructuring Officer.

5                    **(c)      Resignation of the Chief Restructuring Officer**

6            If the Chief Restructuring Officer resigns the Case, a successor shall be retained

7  by the Debtor on an interim basis within thirty (30) days of the resignation or cessation of

8  service of the Chief Restructuring Officer.  As soon as practicable and assuming that the

9  Case remains open, the Debtor shall file a motion on notice to all creditors holding

10 Allowed Claims and the OUST to approve the retention of a successor Chief

11 Restructuring Officer.  No motion is required if the Case is closed.  The appointment shall

12 become permanent upon entry of a Court order or, if the Bankruptcy Case is closed,

13 upon majority vote of the Interest Holders.  Any successor Chief Restructuring Officer

14 shall be subject to the same general qualifications and shall have the same rights,

15 powers, duties, and discretion, and otherwise be in the same position as the original

16 Chief Restructuring Officer.

17                  **(d)      Powers and Authority of the Chief Restructuring Officer**

18           On and after the Effective Date and except as otherwise set forth in the Plan and

19 notwithstanding anything to the contrary in the operating agreement, the powers and

20 authority of the Chief Restructuring Officer on behalf of the Debtor shall include, but not

21 be limited to, liquidating, abandoning or otherwise administering the Estate assets, taking

22 any action, filing or causing to be filed any proceeding, instituting and prosecuting any

23 litigation, executing any document, entering into any compromise or settlement, or taking

24 any such other actions consistent with the Plan in connection with or related to:

25           (a)      the Plan;

26           (b)      monitoring the Debtor's performance under the Plan and making

27 distributions required under the Plan from Available Cash;

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2926827.1

19

DISCLOSURE STATEMENT

1    (c)    determining the allowability, classification, and priority of Claims and

2  Interests;

3    (d)    construing or administering or enforcing the terms of the Plan, the

4  Confirmation Order, or any order of the Court;

5    (e)    the opening or closing of any account that the Chief Restructuring Officer

6  determines is reasonable, necessary, or required under the Plan, and making any

7  withdrawals or deposits in connection therewith;

8    (f)    reviewing, approving or opposing any applications or requests for

9  compensation and reimbursement of the expenses of any Professionals that are filed or

10  served after the Effective Date;

11    (g)    filing, prosecuting, compromising or settling any Post-Confirmation Estate

12  Claims;

13    (h)    any applications, motions, adversary proceeding, contested matters, and

14  any other litigated matters instituted before, on, or after the Effective Date;

15    (i)    modifying the Plan under Bankruptcy Code § 1127 in order to remedy any

16  apparent defect or omission in the Plan, or to reconcile an inconsistency in the Plan so as

17  to carry out its intent and purpose;

18    (j)    the seeking of an injunction, judgment or order or taking any other action as

19  may be necessary or appropriate to restrain interference with the Plan or the

20  Confirmation Order;

21    (k)    aiding in consummation of the Plan or the Confirmation Order;

22    (l)    administration of the Case and the Plan, including retaining, hiring, or

23  terminating any employee, agent, staff, outside contractor, or professional;

24    (m)    the preparation, execution and filing of any tax return on behalf of the

25  Debtor, including final tax returns; and

26    (n)    liquidating assets and obtaining a final decree and dissolving the Debtor.

27    In addition, on and after the Effective Date, as the case may be, the Chief

28  Restructuring Officer shall be authorized to execute, do and perform, in the name of and

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1    on behalf of the Debtor, such acts and to prepare, execute, acknowledge, verify, file,

2    deliver, and cause to be published such certificates, agreements, notices, reports,

3    applications, declarations, instruments and documents as the Chief Restructuring Officer

4    may deem necessary and appropriate in his discretion in order to carry into effect the

5    decisions of the Debtor and the terms and provisions of the Plan.  The Chief

6    Restructuring Officer's performance of any such actions and execution and delivery of

7    any such documents shall constitute conclusive evidence of such authority.

8    **(e)**    **Maintenance of Books and Records**

9    The Chief Restructuring Officer shall continue to maintain the books and records

10   of account relating to any assets and liabilities of the Debtor.  If the Chief Restructuring

11   Officer resigns or is removed, the Chief Restructuring Officer shall fully cooperate with his

12   or her successor and turn over all books and records maintained by the Chief

13   Restructuring Officer related to his or her duties in connection with the Plan.  The Chief

14   Restructuring Officer may destroy the books and records of the Debtor when its final

15   decree is obtained or it is dissolved under applicable law.

16   **(f)**    **Expenses of the Debtor**

17   The Chief Restructuring Officer shall be responsible for payment of all reasonable

18   operating expenses of the Debtor from Available Cash.  The Chief Restructuring Officer

19   shall have no personal liability for any expenses of the Debtor.

20   **(g)**    **Fees and Expenses of the Chief Restructuring Officer**

21   From Available Cash and notwithstanding anything to the contrary in the Debtor's

22   operating agreement, the Chief Restructuring Officer shall receive, in connection with his

23   duties under the Plan, compensation at his then prevailing hourly rates and

24   reimbursement of fees and expenses incurred by him in connection with the performance

25   of these duties.  The Debtor shall be solely responsible for the fees and costs incurred in

26   connection with its postconfirmation operations and winding down.  The Chief

27   Restructuring Officer may utilize employees of Grobstein Teeple, LLP, to fulfill his duties

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2926827.1      21      DISCLOSURE STATEMENT

EXHIBIT "A", PAGE 30

under the Plan and may pay them their then prevailing hourly rates for those services without the need for any order of the Court.

### (h)  Professionals Employed by the Chief Restructuring Officer

The Chief Restructuring Officer may retain such professionals on behalf of the Debtor as he or she deems necessary to assist the Debtor with fulfilling its duties under the Plan without Bankruptcy Court approval, and these professionals may be compensated from Available Cash without Bankruptcy Court approval.

### (i)  Liability of the Chief Restructuring Officer

The Chief Restructuring Officer and his professionals shall not be personally liable for any claim asserted against the Debtor whatsoever.  The Chief Restructuring Officer shall not have or incur any liability to any person or entity for any postpetition act taken or omitted to be taken in connection with or related to the Plan except for acts of the Chief Restructuring Officer that are the result of gross negligence, willful misconduct, fraud, or intentional misrepresentation, and provided further that the Chief Restructuring Officer may rely on the advice of his counsel, if any, concerning his duties pursuant to or in connection with the Plan or any other related document, instrument, or agreement.

### (j)  Conflicts with Operating Agreements

In the event that any of the provisions in the Plan conflict with the operating agreement, the Plan and the Plan Confirmation Order shall prevail and the operating agreement is deemed amended as appropriate.

### (k)  Termination of the Duties of the Chief Restructuring Officer

Once the Estate assets have been liquidated, abandoned or otherwise fully administered, its final decree has been entered, the limited liability company has been dissolved, and all payments required by the Plan have been made, the Chief Restructuring Officer shall be deemed discharged from all duties under the Plan.  If the Case is converted to one under chapter 7, the Chief Restructuring Officer shall be

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1   deemed discharged of his duties for the Debtor as of the date of conversion of the Case,

2   except that he shall be required to attend the meeting of creditors and to turn over

3   documents to the chapter 7 trustee that will be necessary for the administration of the

4   Case.

5            **B.    Corporate Actions**

6            On the Effective Date, all actions contemplated by the Plan shall be deemed

7   authorized and approved in all respects, subject to the provisions of the Plan, by virtue of

8   entry of the Confirmation Order, in accordance with the Bankruptcy Code and applicable

9   state law and without any requirement of further action by the Chief Restructuring Officer

10  or the Debtor.

11           **C.    Post-Confirmation Estate Claims, Including Avoidance Actions**

12           On the Effective Date, the Debtor will be vested with authority to enforce, file,

13  litigate, prosecute, settle and collect Post-Confirmation Estate Claims, although the

14  Debtor will not be required to do so unless it determines that doing so would be in the

15  best interests of its Creditors or Interest Holders.

16           The Debtor has not made a final determination of whether any Post-Confirmation

17  Estate Claims exist.  However, the Debtor and the Chief Restructuring Officer are

18  investigating the use of funds by William Jordan and whether any claims exist against Mr.

19  Jordan or his family members or associates related to either the operation of the Debtor's

20  business or any impermissible use of its funds.  They are also analyzing the existence

21  and verification of intercompany receivables.  Therefore, the right to pursue Post-

22  Confirmation Estate Claims related to those issues is explicitly reserved. Any known

23  intercompany receivables are as listed on the Schedules.  The investigation will continue

24  after the Effective Date.  As a result, all parties are advised that even if a specific Post-

25  Confirmation Estate Claim is not listed, disclosed, or set forth in the Plan, a Post-

26  Confirmation Estate Claim may be filed against any creditor or other party at any time

27  prior to the expiration of the statute of limitations.  Notwithstanding the foregoing, any

28  claims against the Debtor or its insiders or third parties for receipt of fraudulent transfers

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

from the Debtor or any other claims or causes of action are specifically reserved, as are any claims against creditors or equity holders who received payments from the Debtor in the ninety days prior to the Petition Date or insiders who received payments from the Debtor in the one year prior to the Petition Date.  Any Net Proceeds from recoveries from Post-Confirmation Estate Claims shall be used to make payments on account of Allowed Claims and/or Interests in accordance with the Plan.

**D.**   **Bankruptcy Court Approval of Post-Confirmation Matters**

Nothing contained in the Plan shall be deemed to require or impair in any manner the right of any party in interest to seek at any time after the Effective Date orders of the Bankruptcy Court approving actions to be taken in a manner consistent with the Plan as may be necessary or desirable to effectuate the provisions of the Plan.  The Debtor may, but is not required to, seek Bankruptcy Court approval for any settlements or compromises, including Claim or Interest objection settlements or stipulations, entered into after the Effective Date.

**E.**   **Right to Setoff**

Pursuant to 11 U.S.C. § 553 or applicable non-bankruptcy law, the Debtor and the Chief Restructuring Officer may, but shall not be required to, set off against any Allowed Claim and the Distribution to be made pursuant to the Plan on account of such Allowed Claim any account stated, claim, right, or cause of action which the Debtor or the Estate possesses against the holder of such Allowed Claim; provided, however, that neither the failure to effect such a setoff nor the allowance of any Claim shall constitute a waiver or release by the Debtor or the Chief Restructuring Officer of any such account, claim, right, or cause of action that they may possess against the holder of such Allowed Claim.

As allowed by Section 553 of the Bankruptcy Code, the Internal Revenue Service shall be entitled to set off against any amounts that the Internal Revenue Service may owe to the Debtor on account of any overpayments by the Debtor of pre-confirmation taxes any pre-confirmation tax liabilities that the Debtor may owe to the Internal Revenue Service.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

### F.    Distributions

#### 1.    Dates of Distributions

Distributions required to be made on the Effective Date shall be deemed timely made as soon as practicable after such date and, in any event, within fifteen (15) days of such date.  Any Distribution required to be made when a Disputed Claim becomes an Allowed Claim shall be deemed timely made if made as soon as practicable thereafter but, in any event, within fifteen (15) days after entry of a Final Order allowing the Allowed Claim.

#### 2.    Manner of Distribution

At the option of the Debtor, monetary Distributions may be made in cash, wire transfer, or by a check drawn on a domestic bank approved by the OUST.

#### 3.    Undeliverable Distributions

Distributions to holders of Allowed Claims and Interests will be sent to the last known address set forth on such holder's Proof of Claim or Interest filed with the Bankruptcy Court, or on the schedules, if no Proof of Claim or Interest was filed.  Holders of Claims or Interests may change the address to which distributions will be sent by filing a written change of address with the Bankruptcy Court and serving a copy of the change of address on the Debtor.  If a Distribution is returned as undeliverable, the Distribution shall be held by the Debtor and it shall not be required to take any further action with respect to the delivery of the Distribution unless and until the Debtor is notified in writing of the then current address of the person or entity entitled to receive the Distribution. Unless and until the appropriate Debtor is so notified, such Distribution shall be deemed to be "Unclaimed Property" and shall be dealt with in accordance with the provision below for Distribution of Unclaimed Property.

#### 4.    Rounding of Payments

Whenever payment of a fraction of a cent would otherwise be called for, the actual payment shall reflect a rounding down of such fraction to the nearest whole cent.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

### 5.    Compliance with Tax Requirements

The Debtor shall comply with all withholding and reporting requirements imposed by federal, state, or local taxing authorities in connection with making distributions under the Plan.

In connection with each distribution with respect to which the filing of an information return (such as an Internal Revenue Service Form 1099 or 1042) or withholding is required, the Debtor shall file such information return with the Internal Revenue Service and provide any required statements in connection therewith to the recipients of such Distribution, or effect any such withholding and deposit all moneys so withheld to the extent required by law.  With respect to any person or entity from whom a tax identification number, certified tax identification number, or other tax information is required by law to avoid withholding has not been received by the Debtor, then the Debtor may, in its sole option, withhold the amount required and distribute the balance to such person or entity or decline to make such a Distribution until the information is received.

### 6.    Distribution of Unclaimed Property

If a Distribution is returned to the Debtor as undeliverable, then such Distribution amount shall be deemed to be "Unclaimed Property."  Nothing contained in the Plan shall require the Debtor, or anyone else, to attempt to locate such person or entity.  The Unclaimed Property shall be set aside and, in the case of Cash, held in an interest-bearing account to be maintained by the Debtor.  If such person or entity presents itself within six (6) months of the date of the payment returned undeliverable, then the Unclaimed Property shall be distributed to such person or entity, together with any interest or dividends earned thereon.  If such person or entity does not present itself within six (6) months of the date of the payment returned undeliverable, then any such Unclaimed Property and accrued interest or dividends earned thereon shall become the property of and be distributed to the other holders of Allowed Claims or to Interest Holders in accordance with the Plan.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

**7.    De Minimis Distributions**

If any single distribution required by the Plan would be for an amount of $5.00 or

less, then the Debtor shall not be required to process the distribution and may, at its

option, either add the distribution to the next distribution if the collective amount would be

greater than $5.00 or treat the distribution as an undeliverable distribution.

**8.    Limitation of Liability**

Neither the Debtor, the Chief Restructuring Officer, nor any of their respective

employees, members, officers, directors, shareholders, agents, or Professionals shall be

liable for (i) any acts or omissions, except for willful misconduct or gross negligence, in

connection with implementing the Distribution provisions of the Plan and the making or

withholding of Distributions under the Plan, or (ii) any change in the value of Distributions

made under the Plan resulting from any delays in making such Distributions in

accordance with the terms of the Plan (including, but not limited to, any delays caused by

the resolution of Disputed Claims).

**G.    Claim and Interest Objections and Disputed Claims and
Interests**

**1.    Standing**

On the Effective Date, the Debtor shall have the exclusive standing and right to

prosecute objections to Claims and Interests against the Estate.  All rights of the Debtor

to object to Claims including, without limitation, those set forth on Exhibit "2," and/or

Interests are expressly reserved.

**2.    Claims and Interests Objection Deadline**

Unless extended as set forth herein, any objection to a Claim or Interest other than

an Administrative Claim must be filed with the Bankruptcy Court and served on the

Holder of the Claim or Interest within one hundred and twenty (120) days of the Effective

Date (the "Claims Objection Deadline").  An initial Claims Objection Deadline may be

extended for one sixty (60) day period by the filing by the Debtor of a notice of extension

of the Claims Objection Deadline.  Any further requests for an extension of the Claims

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

Objection Deadline may be obtained from the Bankruptcy Court for cause and the request must be made prior to the expiration of the time to object and may be made by any party-in-interest on service to the Debtor, if it is not the moving party, and the OUST. There is no limit to the number of extensions that may be sought.

### 3. Treatment of Disputed Claims and Interests

#### (a) No Distribution Pending Allowance

If any portion of a Claim or Interest is a Disputed Claim or Interest, no Distribution provided for under the Plan shall be made on account of such Claim or Interest unless and until such Claim or Interest becomes an Allowed Claim or Allowed Interest.

#### (b) Reserves for Disputed Claims and Interests

In the event that Disputed Claims or Interests are pending at the time of a Distribution under the Plan, the Debtor shall maintain a reasonable reserve for such Disputed Claims or Interests. No Distribution of funds shall be made from that reserve until such Disputed Claim or Interest has been determined by a Final Order of the Bankruptcy Court. If a Disputed Claim or Interest is ultimately disallowed by the Bankruptcy Court, the amount reserved for that Disputed Claim or Interest shall revest in the Debtor free and clear of such Disputed Claim or Interest to be distributed pursuant to the Plan.

### H. EXECUTORY CONTRACTS AND LEASES AND BAR DATE FOR REJECTION DAMAGES

Although the Debtor is unaware of any executory contracts or unexpired leases, out of an abundance of caution and to the extent any exist, effective as of, and conditioned upon the occurrence of the Effective Date, the Debtor shall reject any executory contracts and unexpired leases of the Debtor. Any Claim arising out of the rejection of an executory contract or unexpired lease shall be forever barred and shall not be enforceable against the Debtor or entitled to a distribution under the Plan unless a Proof of Claim for such Rejection Claim is filed and served on the Debtor and the Chief Restructuring Officer within thirty (30) days after the later of (i) the entry of the order of

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1  the Bankruptcy Court approving the rejection of the executory contract or unexpired lease

2  or (ii) the Effective Date.

3

4  **VII.**    **TAX CONSEQUENCES OF THE PLAN**

5        The implementation of the Plan may have federal, state, and local tax

6  consequences to the Debtor and its Creditors and Interest Holders.  The Debtor has not

7  obtained a tax opinion about the effect of the Plan on Creditors or Interest Holders.  This

8  Disclosure Statement does not constitute, and is not intended to constitute, either a tax

9  opinion or tax advice to any person, and the summary contained in the Plan is provided

10  for informational purposes only.  CREDITORS AND INTEREST HOLDERS

11  CONCERNED WITH HOW THE PLAN MAY AFFECT THEIR TAX LIABILITY SHOULD

12  CONSULT WITH THEIR OWN ACCOUNTANTS, ATTORNEYS, OR ADVISORS.

13        The discussion below summarizes only certain of the federal income tax

14  consequences associated with implementation of the Plan.  It does not cover all aspects

15  of federal income taxation that may be relevant to the Debtor or the Holders of Claims or

16  Interests, nor does the discussion deal with tax issues peculiar to certain types of

17  taxpayers.  No aspect of foreign, state, local, or estate and gift taxation is addressed.

18        The following discussions are based on the Internal Revenue Code of 1986, as

19  amended (the "Internal Revenue Code"), the regulations promulgated hereunder, and

20  existing judicial decisions and administrative rulings.  Changes in such rules or new

21  interpretations thereof could significantly affect the tax consequences described below.

22  No rulings have been requested from the IRS.  Moreover, no legal opinions have been

23  requested from counsel with respect to any of the tax aspects of the Plan.

24        Holders of a Claim or Interest who receive Cash in payment of their Claims or

25  Interests may recognize gain or loss equal to the difference, if any, between the amount

26  of the Cash payment(s) received that is/are not attributable to interest and their

27  respective adjusted tax bases in their Claims or Interests.

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2926827.1

29

DISCLOSURE STATEMENT

EXHIBIT "A", PAGE 38

1   The character of any gain or loss recognized by a holder of a Claim or Interest as

2   capital or ordinary and, if capital, as long-term or short-term, will depend on the holder's

3   status, the nature of the Claim, and the holder's holding period.  The character of such

4   gain or loss may also be affected by special rules under the Internal Revenue Code.  Any

5   portion of a payment that is attributable to accrued unpaid interest that the holder has not

6   already included in income may result in the recognition of ordinary income.  Holders of

7   Claims or Interests should consult with their own tax advisors as to the character and

8   timing of recognition of gain or loss.

9

10   **VIII.    CONFIRMATION REQUIREMENTS AND PROCEDURES**

11   PERSONS OR ENTITIES CONCERNED WITH CONFIRMATION OF THIS PLAN

12   SHOULD CONSULT WITH THEIR OWN ATTORNEYS BECAUSE THE LAW ON

13   CONFIRMING A PLAN OF REORGANIZATION IS VERY COMPLEX.  The following

14   discussion is intended solely for the purpose of alerting readers about basic confirmation

15   issues, which they may wish to consider, as well as certain deadlines for filing Claims.

16   The Debtor CANNOT and DOES NOT represent that the discussion contained below is a

17   complete summary of the law on this topic or on those issues that affect Creditors, the

18   Claims or the Interest Holders.

19   Many requirements must be met before the Bankruptcy Court can confirm a Plan.

20   Some of the requirements include that the Plan must be proposed in good faith,

21   acceptance of the Plan, whether the Plan pays creditors at least as much as creditors

22   would receive in a Chapter 7 liquidation, and whether the Plan is feasible.  These

23   requirements are not the only requirements for confirmation.

24   **A.    Who May Vote or Object**

25   **1.    Who May Object to Confirmation of the Plan**

26   Any party in interest may object to the confirmation of the Plan, but as explained

27   below, not everyone is entitled to vote to accept or reject the Plan.

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2926827.1

DISCLOSURE STATEMENT

EXHIBIT "A", PAGE 39

**2.    Who May Vote to Accept/Reject the Plan**

A Creditor or Interest Holder has a right to vote for or against the Plan if that Creditor or Interest Holder has a Claim which is both (1) Allowed or Allowed for voting purposes and (2) classified in an impaired Class.

**(a)    What Is an Allowed Claim/Interest**

As noted above, a Creditor or Interest Holder must first have an Allowed Claim or Interest to have the right to vote.  Generally, any Proof of Claim or Interest will be Allowed, unless there is objection to the Claim or Interest.  When an objection to a Claim or Interest is filed, the Creditor or Interest Holder holding the Claim or Interest cannot vote unless the Bankruptcy Court, after notice and hearing, either overrules the objection or allows the Claim or Interest for voting purposes.

**THE CLAIMS BAR DATE FOR FILING A PROOF OF CLAIM OR INTEREST AGAINST THE DEBTOR WAS JULY 10, 2018 for all Persons other than governmental units.**  A Creditor may have an Allowed Claim even if a Proof of Claim was not timely filed, but only if the Claim (1) is scheduled on the Debtor's Schedules and such Claim or is not scheduled as disputed, contingent, or unliquidated, and (2) no party in interest has objected to the Claim.  An Interest is deemed Allowed even if a Proof of Interest was not filed if it is scheduled and the holder of the Interest agrees with how it was scheduled and no party in interest has objected to the Interest.

**(b)    What Is an Impaired Claim/Interest**

As noted above, an Allowed Claim or Interest only has the right to vote if it is in a Class that is impaired under the Plan.  A Class is impaired if the Plan alters the legal, equitable, or contractual rights of the members of that Class.  For example, a Class comprised of General Unsecured Claims is impaired if the Plan fails to pay the members of that Class 100% of what they are owed.

In these cases, the Debtor asserts that Classes 2 and 3 are impaired and entitled to vote to accept or reject the Plan.  Parties who dispute the Debtor's characterization of

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel  714 445-1000 • Fax 714 445-1002

their Claim or Interest as being impaired or unimpaired may file an objection to the Plan contending that the Debtor has incorrectly characterized the Class.

### 3. **Who Is Not Entitled to Vote**

The following four types of Claims are not entitled to vote: (1) Claims that have been disallowed; (2) Claims in unimpaired Classes; (3) Claims entitled to priority pursuant to 11 U.S.C. § 507(a)(1), (a)(2), (a)(8), or (b); and (4) Claims or Interests in Classes that do not receive or retain any value under the Plan. Claims in unimpaired Classes are not entitled to vote because such Classes are deemed to have accepted the Plan. Claims entitled to priority pursuant to 11 U.S.C. § 507(a)(2), (a)(3), and (a)(8) are not entitled to vote because such Claims are not placed in Classes and they are required to receive certain treatment specified by the Bankruptcy Code. Claims or Interests in Classes that do not receive or retain any value under the Plan do not vote because such Classes are deemed to have rejected the Plan. EVEN IF YOUR CLAIM OR INTEREST IS THE TYPE DESCRIBED ABOVE, YOU MAY STILL HAVE A RIGHT TO OBJECT TO THE CONFIRMATION OF THE PLAN.

### 4. **Votes Necessary to Confirm the Plan**

If impaired Classes exist, the Bankruptcy Court cannot confirm the Plan unless (1) at least one impaired Class of Claims has accepted the Plan without counting the votes of any Insiders within that Class, and (2) all impaired Classes have voted to accept the Plan, unless the Plan is eligible to be confirmed by "cramdown" on non-accepting Classes, as discussed in Article VIII Section A.6 below.

### 5. **Votes Necessary for a Class to Accept the Plan**

A Class of Claims is considered to have accepted the Plan when more than one-half (1/2) in number and at least two-thirds (2/3) in dollar amount of the Claims which actually voted, voted in favor of the Plan. A Class of Interests is considered to have "accepted" the Plan when at least two-thirds (2/3) in amount of the Interest Holders of such Class which actually voted, voted to accept the Plan.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

**6.    Treatment of Non-Accepting Classes**

As noted above, even if all impaired Classes do not accept the proposed Plan, the Bankruptcy Court may nonetheless confirm the Plan if the non-accepting Classes are treated in the manner required by the Code.  The process by which non-accepting Classes are forced to be bound by the terms of a Plan is commonly referred to as "cramdown."  The Code allows the Plan to be "crammed down" on non-accepting Classes of Claims or Interests if it meets all consensual requirements except the voting requirements of 11 U.S.C. § 1129(a)(8) and if the Plan does not "discriminate unfairly" and is "fair and equitable" toward each impaired Class that has not voted to accept the Plan as referred to in 11 U.S.C. § 1129(b) and applicable case law.

**7.    Request for Confirmation Despite Nonacceptance by Impaired Class(es)**

The Debtor may ask the Bankruptcy Court to confirm this Plan by cramdown on all impaired Classes if any of these Classes do not vote to accept the Plan.

**B.    Liquidation Analysis**

Another confirmation requirement is the "Best Interest Test," which requires a liquidation analysis.  Under the Best Interest Test, if a Claimant or Interest Holder is in an impaired Class and that Claimant or Interest Holder does not vote to accept the Plan, then that Claimant or Interest Holder must receive or retain under the Plan property of a value not less than the amount that such holder would receive or retain if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code.

In a Chapter 7 case, the debtor's assets are usually sold by a Chapter 7 trustee. Secured Creditors are paid first from the sales proceeds of properties on which the Secured Creditor has a lien.  Administrative claims are paid next.  Next, unsecured creditors are paid from any remaining sales proceeds, according to their rights to priority. Unsecured creditors with the same priority share in proportion to the amount of their allowed claim in relationship to the amount of total allowed unsecured claims.  Finally, Interest Holders receive the balance that remains, if any, after all creditors are paid.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1    For the Bankruptcy Court to be able to confirm this Plan, the Bankruptcy Court

2    must find that all Creditors and Interest Holders who do not accept the Plan will receive at

3    least as much under the Plan as such holders would receive under a Chapter 7

4    liquidation.  The Debtor maintains that this requirement is met here because this is a

5    liquidation, with the proceeds from the Debtor's assets to be distributed in accordance

6    with the priorities set forth in the Bankruptcy Code so that Creditors and Interest Holders

7    will receive at least as much as they would in a Chapter 7 liquidation.

8    **C.**    **Feasibility**

9    Another requirement for confirmation involves the feasibility of the Plan, which

10   means that confirmation of the Plan is not likely to be followed by the liquidation, or the

11   need for further financial reorganization, of the Debtor or any successor to the Debtor

12   under the Plan, unless such liquidation or reorganization is proposed in the Plan.

13   There are at least two important aspects of a feasibility analysis.  The first aspect

14   considers whether the Plan proponent will have enough Available Cash on the Effective

15   Date of the Plan to pay all the Claims which are entitled to be paid on such date.  The

16   second aspect considers whether the proponent will have enough cash over the life of

17   the Plan to make the required Plan payments.

18   **1.**    **Cash on Hand on the Effective Date**

19   The Debtor estimates that it will have approximately $28,000.00 available on the

20   Effective Date to make Distributions required to be made on or near the Effective Date.

21   **2.**    **Funding of Distributions to Holders of Allowed Claims and**

22   **Interests After the Effective Date**

23   The second component essential to the execution of the Plan relates to the

24   funding of the ongoing Distributions to holders of Allowed Claims and Interests required

25   by the Plan.  Here, the Plan is a liquidating Plan and Distributions will be made to holders

26   of Allowed Claims and Interests as Claims senior in priority that must be paid first are

27   determined with finality.  Once Allowed Claims are Paid in Full, then Allowed Interests will

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1  receive the remaining Distributions.  As a result, the Debtor will have sufficient Available

2  Cash to distribute to the holders of Allowed Claims and Interests.

3

4  **IX.    MISCELLANEOUS PROVISIONS**

5      **A.    Provisions Regarding Limitation of Liability**

6          **1.    No Liability for Solicitation or Participation**

7          As specified in Section 1125(e) of the Bankruptcy Code, entities that either solicit

8  acceptances or rejections of the Plan or that participate in the offer, issuance, sale, or

9  purchase of securities offered or sold under the Plan in good faith and in compliance with

10  the applicable provisions of the Bankruptcy Code will not be liable, on account of such

11  solicitation or participation, for violation of any applicable law, rule, or regulation

12  governing the solicitation of acceptances or rejections of the Plan or the offer, issuance,

13  sale, or purchase of securities.

14          **2.    Limitation of Liability**

15          Effective on the Effective Date, neither the Debtor, the Chief Restructuring Officer,

16  nor any of their respective members, officers, directors, shareholders, employees, and

17  other agents, advisors, and Professionals will have or incur any liability to any Creditor or

18  Interest Holder or to any other person for any act or omission in connection with or arising

19  out of the negotiation, preparation, and pursuit of confirmation of the Plan, the approval of

20  this Disclosure Statement, the consummation of the Plan, the administration of the Plan,

21  the Case, or the property to be distributed under the Plan, to the extent permitted by

22  applicable statutes and case law, except that the Debtor will be liable for the performance

23  of obligations assumed by them or imposed upon them under or by the Plan.  For the

24  avoidance of doubt, this limitation of liability shall not extend to acts that are the result of

25  willful misconduct or gross negligence.

26

27

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

### B. Vesting of Property of the Estate

Except as otherwise provided in the Plan or in any agreements contemplated under the Plan, property of the Estate shall remain vested in the Estate on and after the Effective Date.

### C. Modification of Plan

The Debtor may modify the Plan at any time before confirmation. However, the Bankruptcy Court may require a new disclosure statement and/or re-voting on the Plan. The Debtor may also seek to modify the Plan at any time after confirmation only if (1) the Plan has not been substantially consummated and (2) the Bankruptcy Court authorizes the proposed modifications after notice and a hearing.

### D. Post-Confirmation Status Report

Until its final decree is obtained, the Debtor shall submit its postconfirmation status reports as part of the chapter 11 status report filed by the Debtors, and its portion shall contain the information required by Local Bankruptcy Rule 3020-1(b).

### E. Post-Confirmation Fees to the OUST

Pursuant to 28 U.S.C. § 1930(a)(6), quarterly fees to the Office of the United States Trustee will continue to be due until each Case is closed, dismissed, or converted to Chapter 7, at the rate in effect at the time such fees are due. Such fees shall be paid by the Debtor.

### F. Final Decree

Upon substantial consummation of the Plan, the Debtor may file a motion with the Court seeking entry of a final decree closing its Case as contemplated by Federal Rule of Bankruptcy Procedure 3022.

### G. Post-Confirmation Conversion/Dismissal

A Creditor or party in interest may bring a motion to convert or dismiss the case under 11 U.S.C. § 1112(b), after the Plan is confirmed, if there is a default in performing the Plan. If the Bankruptcy Court orders the Case converted to Chapter 7 after the Plan is confirmed, then all property that had been property of the Debtor and that has not been

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

disbursed pursuant to the Plan, will revest in their particular Chapter 7 estate.  The automatic stay will remain in effect as to the revested property, but only to the extent that relief from stay was not previously authorized by the Bankruptcy Court during this case.

**H.    Governing Law**

Unless a rule of law or procedure is supplied by federal law, including the Bankruptcy Code and the Bankruptcy Rules, the laws of the State of California (without reference to its conflict of law rules) will govern the construction and implementation of the Plan and any agreements, documents, and instruments executed in connection with the Plan unless otherwise specifically provided in such agreements, documents, or instruments.

**I.    Successors and Assigns**

The rights, benefits, and obligations of any person or entity named or referred to in the Plan will be binding on, and will inure to the benefit of, the heirs, executors, administrators, successors, and assigns of each person and entity.

**J.    Exemption from Certain Transfer Taxes and Recording Fees**

Pursuant to Section 1146(c) of the Bankruptcy Code, the issuance, transfer, or exchange of a security, or the making or delivery of an instrument of transfer under the Plan may not be taxed under any law imposing a stamp tax or similar tax.  The taxes from which such transfers are exempt include stamp taxes, recording taxes, sales and use taxes, transfer taxes, and other similar taxes.

**K.    Prohibition of Non-Voting Securities**

To the extent required by Section 1123(a)(6) of the Bankruptcy Code, the Debtor will include in its charter any necessary provision prohibiting the issuance of non-voting securities.

**L.    No Discharge**

Because this is a liquidating plan, the Debtor will not receive a discharge following confirmation of the Plan pursuant to 11 U.S.C. § 1141.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

**M.**    **Retention of Jurisdiction**

The Bankruptcy Court will retain jurisdiction of all matters arising in or related to the Plan to the fullest extent provided by law until the Plan is fully consummated, including, without limitations:

1.    The liquidation, abandonment or administration of the assets of the Debtor;

2.    The adjudication of the validity, scope, classification, allowance, and disallowance of any Claim or Interest;

3.    The estimation of any Claim;

4.    The allowance or disallowance of Professional Fee Claims, compensation, or other Administrative Claims;

5.    To hear and determine Claims concerning taxes pursuant to Bankruptcy Code sections 346, 505, 525, and 1146;

6.    To hear and determine any action or proceeding brought under Bankruptcy Code sections 108, 510, 543, 544, 545, 547, 548, 549, 550, 551, and 553;

7.    To hear and determine all actions and proceedings relating to pre-confirmation matters;

8.    To hear and determine any issue relating to the assumption or rejection of executory contracts and unexpired leases;

9.    To hear and determine any modification to the Plan in accordance with the Bankruptcy Rules and the Bankruptcy Code;

10.    To enforce and interpret terms of the Plan;

11.    To correct any defects, cure any omissions, or reconcile any inconsistency in the Plan or the Confirmation Order as may be necessary to carry out the purpose and intent of the Plan;

12.    To interpret and enforce the discharge provisions of the Plan;

13.    To hear and determine such matters and make such orders as are consistent with the Plan as may be necessary to carry out the provisions thereof and to

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 ● Fax 714 445-1002

1  adjudicate any disputes arising under or related to any order entered by the Bankruptcy

2  Court in these Cases;

3          14.     The entry of an order concluding and terminating the Case; and

4          15.     To reopen the Case to resolve any disputes relating to the foregoing and/or

5  to interpret and enforce the terms of the Plan or the Confirmation Order.

6

7  DATED: December 22, 2022          SMILEY WANG-EKVALL, LLP

8

9                                    By:  _____/s/ Philip E. Strok_____

10                                        PHILIP E. STROK
                                          Attorneys for Prosper Managed Fund, LLC,
11                                        Debtor-in-Possession

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

**PLAN DEFINITIONS**

**A.    Definitions**

The following defined terms are used in this Plan.  Any capitalized term that is not defined herein, but that is defined in the Bankruptcy Code or in the Bankruptcy Rules shall have the meaning ascribed to that term in the Bankruptcy Code or Bankruptcy Rules.

"Administrative Claim" means a Claim for costs and expenses of the administration of a Case under Section 503(b) or 507(a)(1) of the Bankruptcy Code, including, without limitation, a Claim of a Professional employed at the expense of the Estate and any fees or charges asserted against an Estate under 28 U.S.C. § 1930.

"Administrative Claims Bar Date" is thirty (30) days after the Effective Date and is the deadline by which all requests for payment of an Administrative Claim that accrued between the Petition Date and the Effective Date, other than Professional Fee Claims, must be filed with the Court.

"Administrative Claims Objection Deadline" means ninety (90) days after the Administrative Claims Bar Date.  If no objection to an Administrative Claim is filed on or before the Administrative Claim Objection Deadline, then the Administrative Claim will be deemed Allowed as of that date.

"Allowed Administrative Claim" means an Administrative Claim allowed pursuant to Sections 503(b) or 507(a)(1) of the Bankruptcy Code or pursuant to 28 U.S.C. § 1930.

"Allowed Claim" means a Claim that is either (i) listed in the Schedules filed with the Bankruptcy Court by the Debtor and not listed as disputed, contingent, unliquidated or unknown as to amount and as to which no timely objection has been filed; or (ii) with respect to which a Proof of Claim has been filed within the time period fixed by the Bankruptcy Court, and as to which no objection was filed within the time period fixed by the Bankruptcy Code, the Bankruptcy Rules, this Plan or order of the Bankruptcy Court, or any earlier date as determined by the Chief Restructuring Officer in the exercise of his or her reasonable business judgment, or as to which any such objection has been

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

determined by a Final Order.  The amount of an Allowed Claim shall be as follows: (a) if the Creditor did not file a Proof of Claim with the Bankruptcy Court on or before the Bar Date, the amount of the Creditor's Claim as listed in the Schedules as neither disputed, contingent, unliquidated or unknown; or (b) if the Creditor filed a Proof of Claim with the Bankruptcy Court on or before the Bar Date, (1) the amount stated in such Proof of Claim if no objection to such Proof of Claim was filed within the time period fixed by the Bankruptcy Code, the Bankruptcy Rules, this Plan or order of the Bankruptcy Court, or (2) the amount thereof as fixed by a Final Order of the Bankruptcy Court if an objection to such Proof of Claim was filed within the time period fixed by the Bankruptcy Code, the Bankruptcy Rules, this Plan or order of the Bankruptcy Court.  Any Claim that is not filed by the applicable Bar Date and that is listed as disputed, unliquidated, contingent or unknown, or that is not allowed under the terms of this Plan, shall be zero, and no Distribution shall be made on account of such Claim.

"Allowed Cure Claim" means an Allowed Claim for Cure Claims pursuant to the terms of this Plan and a Final Order.

"Allowed General Unsecured Claim" means an unsecured Allowed Claim against the Debtor, however arising, not entitled to priority under Section 507(a) of the Bankruptcy Code, including, without limitation, a Rejection Claim.

"Allowed Interest" means an Interest to the extent, and only to the extent, of the allowed amount of such Interest.  The amount of an Allowed Interest shall be (i) the amount provided by or established in the records of the Debtor on the Confirmation Date, provided, however, that a timely filed Proof of Interest shall supersede any listing of such Interest on the records of the Debtor; (ii) the amount stated in a timely filed Proof of Interest if no objection to such Interest is filed prior to the applicable Claims Objection Deadline or such later date as the Bankruptcy Court allows; or (iii) the amount of such Interest as fixed by a Final Order of the Bankruptcy Court.

"Allowed Priority Tax Claim" means an Allowed Claim provided for by Section 507(a)(8) of the Bankruptcy Code.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

"Allowed Priority Unsecured Claim" means an unsecured Allowed Claim entitled to priority under Sections 507(a)(3)-(7) of the Bankruptcy Code.

"Allowed Professional Fee Claim" means an Allowed Claim provided for by Section 507(a)(2) and Section 503(b) of the Bankruptcy Code.

"Allowed Secured Claim" means an Allowed Claim secured by a valid and unavoidable Lien against property in which an Estate has an interest, or which is subject to setoff under Section 553 of the Bankruptcy Code, to the extent of the value, determined in accordance with Section 506(a) of the Bankruptcy Code, of the interest of the holder of such Allowed Claim in the Estate's interest in such property, or to the extent of the amount subject to any setoff as the case may be.

"Available Cash" means the cash remaining after the Debtor's reasonable operating expenses are paid and/or reserved for.

"Avoidance Action" means any action or proceeding filed pursuant to the provisions of Sections 510, 542, 543, 544, 545, 547, 548, 549 or 550 of the Bankruptcy Code, or any similar action or proceeding filed to recover property for or on behalf of an Estate or to avoid a Lien or transfer.

"Bankruptcy Code" means title 11, United States Code, as amended.  All citations in this Plan to Section numbers are to the Bankruptcy Code, unless otherwise expressly stated herein.

"Bankruptcy Court" or "Court" means the United States Bankruptcy Court for the Central District of California, Santa Ana Division, which has jurisdiction over the Case and the Estate of the Debtor, or such successor court or tribunal as may hereafter be confirmed or created by lawful authority with power to confirm reorganization plans under Chapter 11 of the Bankruptcy Code and all applicable statutes, rules and regulations pertaining thereto.

"Bankruptcy Rules" means, collectively, the Federal Rules of Bankruptcy Procedure, as amended, and the Local Bankruptcy Rules for use in the United States Bankruptcy Court for the Central District of California, as amended.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

"Business Day" means any day, other than a Saturday, a Sunday or a "legal holiday," as defined in Rule 9006(a) of the Bankruptcy Rules.

"Case" means the Chapter 11 case commenced by the Debtor on the Petition Date and pending before the Bankruptcy Court as jointly administered Case No. 8:17-bk-11996-SC.

"Cash" means cash and cash equivalents including, but not limited to, checks or similar forms of payment or exchange.

"Chief Restructuring Officer" means Howard Grobstein, who was appointed pursuant to an order entered on June 15, 2017, or any successor appointed pursuant to the provisions of the Plan.

"Claim" means (i) a right to payment from the Debtor, whether or not such right to payment is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, and includes any claims based on, arising from, or connected with any work performed by the Debtor prior to the Petition Date, or (ii) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment from the Debtor whether or not such right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

"Claims Bar Date" means the last date for Creditors and Interest Holders whose Claims or Interests are not scheduled, or are scheduled as disputed, contingent, unliquidated or unknown in the Debtor's Schedules to file Proofs of Claim or Interest, except for the following Claims: (i) Administrative Claims; and (ii) Rejection Claims.

"Claims Objection Deadline" means the one hundred and twentieth (120th) day after the Effective Date or such greater period of limitation as may be fixed or extended as set forth in the Plan or by agreement between the Debtor or the Chief Restructuring Officer and the Creditor or Interest Holder.

"Class" means the group of Claims or Interests classified in Article II of the Plan pursuant to Sections 1122 and 1123 of the Bankruptcy Code.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 ♦ Fax 714 445-1002

"<u>Confirmation Date</u>" means the date on which the Bankruptcy Court enters the Confirmation Order.

"<u>Confirmation Hearing</u>" means the hearing(s) scheduled by the Bankruptcy Court for the purpose of considering the confirmation of this Plan.

"<u>Confirmation Order</u>" means the order, as entered, of the Bankruptcy Court confirming this Plan.

"<u>Creditor</u>" means the holder of an Allowed Claim or Allowed Administrative Claim.

"<u>Cure Claims</u>" means the amounts necessary to cure any defaults under executory contracts and unexpired leases assumed under the Plan.

"<u>Debtor</u>" refers to Prosper Managed Fund, LLC.

"<u>Debtors</u>" refers to the twenty-seven entities that filed chapter 11 bankruptcy petitions in 2017, including the Debtor, and whose bankruptcy cases are being jointly administered.

"<u>Disclosure Statement</u>" means the *Disclosure Statement Describing Chapter 11 Plan of Liquidation of Prosper Managed Fund, LLC*, as the same may be further amended or modified from time to time.

"<u>Disputed Claim</u>" means all or any part of a Claim that is the subject of a timely objection or request for estimation which is filed on or before the Claims Objection Deadline, which objection or request for estimation has not been withdrawn or determined by a Final Order.  In addition, prior to the earlier of (a) the Claims Objection Deadline, and (b) such date as the Bankruptcy Court allows the Claim pursuant to a Final Order, any Claim that is evidenced by a Proof of Claim shall be deemed a Disputed Claim for purposes of calculating and making any Distributions under this Plan if: (1) no Claim corresponding to the Proof of Claim is listed in the Schedules, (2) the Claim corresponding to the Proof of Claim is listed in the Schedules as disputed, contingent, unliquidated or unknown, (3) the amount of the Claim as specified in the Proof of Claim exceeds the amount of any corresponding Claim listed in the Schedules as not disputed, not contingent, and liquidated, but only to such extent, or (4) the priority or classification

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

44

of the Claim as specified in the Proof of Claim differs from the priority of any

corresponding Claim listed in the Schedules.

"Disputed Interest" means all or any part of an Interest that is the subject of a

timely objection or request for estimation which is filed on or before the Claims Objection

Deadline, which objection or request for estimation has not been withdrawn or

determined by a Final Order.  In addition, prior to the earlier of (a) the Claims Objection

Deadline, and (b) such date as the Bankruptcy Court allows the Interest pursuant to a

Final Order, any Interest that is evidenced by a Proof of Interest shall be deemed a

Disputed Interest for purposes of calculating and making any Distributions under this Plan

if: (1) no Interest corresponding to the Proof of Interest is listed in the Schedules, (2) the

Interest corresponding to the Proof of Interest is listed in the Schedules as disputed,

contingent, unliquidated or unknown, (3) the amount of the Interest as specified in the

Proof of Interest exceeds the amount of any corresponding Interest listed in the

Schedules as not disputed, not contingent, and liquidated, but only to such extent, or

(4) the priority or classification of the Interest as specified in the Proof of Interest differs

from the priority of any corresponding Interest listed in the Schedules.

"Distribution" means the Cash that is required to be distributed under this Plan to

the holders of Allowed Claims and Interests.

"Effective Date" means the date that is three (3) weeks after entry of the

Confirmation Order, provided that there is no stay of effectiveness of the Confirmation

Order.  If such a stay is issued other than by operation of Federal Rule of Bankruptcy

Procedure 3020(e), then the Effective Date shall be the date that is two (2) weeks after

the Confirmation Order becomes a Final Order.

"Estate" means the bankruptcy estate of the Debtor created under Section 541 of

the Bankruptcy Code in the Case.

"Final Order" means an order or judgment of the Bankruptcy Court, or of any court

of competent jurisdiction where there is pending an action in which the Debtor is a party,

as to which the time to appeal, petition for certiorari, or move for reargument or rehearing

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

has expired and as to which no appeal, petition for certiorari, or other proceeding for reargument or rehearing shall then be pending or as to which any right to appeal, petition for certiorari, move to reargue, or to rehear shall have been waived in writing in form and substance satisfactory to the Debtor.

"General Fees and Costs" means the fees and costs incurred by a Professional that cannot be allocated to a particular debtor because they generally benefitted all of the Debtors, and which will be allocated as set forth in the Plan.

"General Unsecured Claim" means an unsecured Claim against the Debtor, however arising, not entitled to priority under Section 507(a) of the Bankruptcy Code, including, without limitation, a Rejection Claim and prepetition management fees due to the manager under the Operating Agreement, without the necessity of filing a Proof of Claim for those management fees.

"General Unsecured Creditor" means the holder of an Allowed General Unsecured Claim.

"Governmental Unit" shall have the meaning provided in Section 101(27) of the Bankruptcy Code.

"Interest" means any ownership interest in the Debtor, as provided by Section 101(16) of the Bankruptcy Code, including, without limitation, any common stock interest, preferred stock interest, stock option, warrant, partnership interest, or membership interest.

"Interest Holder" means the holder of an Interest in the Debtor.

"Internal Revenue Code" means the Internal Revenue Code of 1986, as amended.

"Majority" means more than 50% of the percentage ownership interests in the Debtor, without regard to the number of Interest Holders.

"Net Proceeds" means any proceeds generated from the pursuit of Post-Confirmation Estate Claims, net of all attorneys' fees and other costs necessary to recover such proceeds.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

"<u>Ordinary Course Administrative Claims</u>" means all Administrative Claims incurred in the ordinary course of the Debtor's business on or after the Petition Date and includes such items as utilities and claims of vendors for services rendered to the Debtor after the Petition Date and prior to the Effective Date.

"<u>Paid in Full</u>" means the Debtor's payment obligations to a particular Class of Creditors under this Plan have been fully satisfied.

"<u>Petition Date</u>" means May 18, 2017, the day that the Debtor filed its voluntary chapter 11 petition.

"<u>Plan</u>" means the *Chapter 11 Plan of Liquidation of Prosper Managed Fund, LLC*, together with any exhibits, as the same may be amended or modified from time to time.

"<u>Plan Proponent</u>" means the Debtor.

"<u>Post-Confirmation Estate Claims</u>" means any and all claims and causes of action that constitute property of the Estate including, but not limited to, any Avoidance Actions, breach of fiduciary duty and related tort claims against former officers and directors, equitable subordination or debt recharacterization actions against creditors or principals of the Debtor, any causes of action or claims for recovery of any amounts owing to the Debtor or the Estate, including intercompany receivables, and any claims or causes of action against the Debtor's insurance carriers, if any, including but not limited to potential D&O claims.

"<u>Priority Tax Claim</u>" means any Claim provided for by Section 507(a)(8) of the Bankruptcy Code.

"<u>Priority Unsecured Claim</u>" means any Claim provided for by Section 507(a)(3) – (7) of the Bankruptcy Code, and does not include any Priority Tax Claims.

"<u>Professional</u>" means a person or entity employed pursuant to a Final Order in accordance with Sections 327 or 1103 of the Bankruptcy Code.

"<u>Professional Fee Claims</u>" means Claims for fees of a person or entity employed pursuant to a Final Order in accordance with Sections 327 or 1103 of the Bankruptcy Code.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

"Proof of Claim" means a written statement filed in a Case by a Creditor in which the Creditor sets forth the amount of its Claim, in accordance with Rule 3001 of the Bankruptcy Rules.

"Proof of Interest" means a written statement filed in a Case by an Interest Holder in which the Interest Holder sets forth the amount of its interest.

"Pro Rata" means proportionately, so that with respect to any Distribution in respect of any Allowed Claim or Allowed Interest, the ratio of (i) (a) the amount of property distributed or reserved on account of such Allowed Claim or Allowed Interest to (b) the amount of such Allowed Claim or Allowed Interest, is the same as the ratio of (ii) (a) the amount of property distributed or reserved on account of all Allowed Claims or Allowed Interests of the Class sharing in such Distribution to (b) the amount of all Allowed Claims or Allowed Interests in such Class.

"Rejection Claim" means any Claim based upon, or arising from, the rejection of any executory contract or unexpired lease pursuant to order of the Bankruptcy Court or pursuant to this Plan.

"Schedules" means the Schedules of Assets and Liabilities and Statement of Financial Affairs filed by Debtor in the Case, as required by Section 521(1) of the Bankruptcy Code, Rules 1007(a)(3) and (b)(l) of the Bankruptcy Rules, and Official Bankruptcy Form No. 6, as the Schedules may be amended from time to time.

"Secured Claim" means any Claim, including interest, reasonable attorneys' fees, costs, and charges, to the extent allowable pursuant to Section 506(b) of the Bankruptcy Code and this Plan, that is secured by a lien on property in which the Debtor has an interest or that is subject to recoupment or setoff under Section 553 of the Bankruptcy Code, to the extent of the value of the interest of the holder of such Secured Claim in the Debtor's interest in the property, determined pursuant to Section 506(a) of the Bankruptcy Code.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

"Supermajority-in-Interest" means the holders of 90% of the equity in the Debtor based on the percentage interests set forth in the Amended List of Equity Security Holders attached to the Disclosure Statement as Exhibit "3."

"Tax" means any tax, charge, fee, levy, or other assessment by any federal, state, local or foreign taxing authority, including, without limitation, income, excise, property, sales, transfer, employment, payroll, franchise, profits, license, use, ad valorem, estimated, severance, stamp, occupation and withholding tax.  "Tax" shall include any interest or additions attributable to, or imposed on or with respect to, such assessments.

"Tax Claim" means any Claim, pre-petition or post-petition, relating to a Tax.

"United States Trustee" or "OUST" means the Office of the United States Trustee.

**B.**   **Rules of Construction**

The rules of construction in Bankruptcy Code section 102 apply to the Plan.  For the purpose of this Plan, unless otherwise provided in this Plan, (i) whenever from the context it is appropriate, each term, whether stated in the singular or the plural, shall include both the singular and the plural; (ii) each pronoun stated in the masculine, feminine or neuter shall include the masculine, feminine and neuter; (iii) any reference in this Plan to an existing document, Exhibit or schedule filed or to be filed means such document or schedule as it may have been or may be amended, modified or supplemented pursuant to this Plan; (iv) any reference to an entity as a holder of a Claim or Interest includes that entity's successors and assigns; (v) except as otherwise stated herein, all references in this Plan to Sections, Articles and Exhibits are references to Sections, Articles and Exhibits of or to this Plan; (vi) the words "herein," "hereunder" and "hereto" refer to this Plan in its entirety rather than to a particular portion of this Plan; (vii) unless otherwise provided in this Plan, any reference in this Plan to a contract, instrument, release, indenture, agreement, or other document being in a particular form or on particular terms and conditions means that such document shall be substantially and materially in such form or substantially and materially on such terms and conditions; and (viii) the rules of construction set forth in Section 102 of the Bankruptcy Code shall

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

apply to the extent such rules are not inconsistent with the express terms of this Plan or any other provision in this Section.

**C.**    **Rules of Interpretation**

Except as otherwise provided in the Plan, Bankruptcy Rule 9006(a) applies when computing any time period under the Plan.

Any term used in the Plan that is not a Defined Term, but that is used in the Bankruptcy Code or Bankruptcy Rules has the meaning assigned to such term in the Bankruptcy Code or Bankruptcy Rules, as applicable, unless the context requires otherwise.

The definition given to any term or provision in the Plan supersedes and controls any different meaning that may be given to that term or provision in the Disclosure Statement.

Whenever it is appropriate from the context, each term, whether stated in the singular or the plural, includes both the singular and the plural.

Any reference to a document or instrument being in a particular form or on particular terms means that the document or instrument will be substantially in that form or on those terms or as amended by the terms thereof.

Any reference to an existing document means the document as it has been, or may be, amended or supplemented.

Unless otherwise indicated, the phrase "under the Plan" and similar words or phrases refer to this Plan in its entirety rather than to only a portion of the Plan.

Unless otherwise specified, all references to Sections or Exhibits are references to this Plan's Sections or Exhibits.

Section captions and headings are used only as convenient references and do not affect this Plan's meaning.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

EXHIBIT "A", PAGE 59

# EXHIBIT "1"

# UNITED STATES BANKRUPTCY COURT

### CENTRAL   DISTRICT OF   CALIFORNIA

### SANTA ANA DIVISION

| | | |
|---|---|---|
| In Re. PROSPER MANAGED FUND, LLC | § | Case No.   17-12008 |
| | § | |
| | § | Lead Case No.   17-11996 |
| Debtor(s) | § | |
| | | ☒ Jointly Administered |

## Monthly Operating Report
Chapter 11

Reporting Period Ended: 10/31/2022          Petition Date: 05/18/2017

Months Pending: 66          Industry Classification: | 5 | 2 | 5 | 9 |

Reporting Method:          Accrual Basis ◉          Cash Basis ○

Debtor's Full-Time Employees (current):          0

Debtor's Full-Time Employees (as of date of order for relief):          0

**Supporting  Documentation**  (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

☒ Statement of cash receipts and disbursements
☐ Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
☐ Statement of operations (profit or loss statement)
☐ Accounts receivable aging
☐ Postpetition liabilities aging
☐ Statement of capital assets
☐ Schedule of payments to professionals
☐ Schedule of payments to insiders
☒ All bank statements and bank reconciliations for the reporting period
☐ Description of the assets sold or transferred and the terms of the sale or transfer

/s/ Kyra E. Andrassy                          Kyra E. Andrassy
Signature of Responsible Party               Printed Name of Responsible Party
11/21/2022                                   Smiley Wang-Ekvall, LLP
Date                                         3200 Park Center Drive, Suite 250
                                             Costa Mesa, CA 92626
                                             Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R.
§ 1320.4(a)(2) applies.

UST Form 11-MOR (12/01/2021)                          1

Debtor's Name PROSPER MANAGED FUND, LLC                                    Case No.  17-12008

| Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|
| a.  Cash balance beginning of month | $28,017 | |
| b.  Total receipts (net of transfers between accounts) | $0 | $57,502 |
| c.  Total disbursements (net of transfers between accounts) | $250 | $29,735 |
| d.  Cash balance end of month (a+b-c) | $27,767 | |
| e.  Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f.  Total disbursements for quarterly fee calculation (c+e) | $250 | $29,735 |

| Part 2:  Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | Current Month |
|---|---|
| a.  Accounts receivable (total net of allowance) | $0 |
| b.  Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c.  Inventory    (Book ○    Market ○    Other ◉    (attach explanation)) | $0 |
| d   Total current assets | $1,019,844 |
| e.  Total assets | $818,661 |
| f.  Postpetition payables (excluding taxes) | $37,076 |
| g.  Postpetition payables past due (excluding taxes) | $33,909 |
| h.  Postpetition taxes payable | $0 |
| i.  Postpetition taxes past due | $0 |
| j.  Total postpetition debt (f+h) | $37,076 |
| k.  Prepetition secured debt | $0 |
| l.  Prepetition priority debt | $0 |
| m.  Prepetition unsecured debt | $896 |
| n.  Total liabilities (debt) (j+k+l+m) | $37,972 |
| o.  Ending equity/net worth (e-n) | $780,689 |

| Part 3:  Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|
| a.  Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b.  Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c.  Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4:  Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|
| a.  Gross income/sales (net of returns and allowances) | $0 | |
| b.  Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c.  Gross profit (a-b) | $0 | |
| d.  Selling expenses | $0 | |
| e.  General and administrative expenses | $1,603 | |
| f.  Other expenses | $0 | |
| g.  Depreciation and/or amortization (not included in 4b) | $0 | |
| h.  Interest | $0 | |
| i.  Taxes (local, state, and federal) | $0 | |
| j.  Reorganization items | $0 | |
| k.  Profit (loss) | $-1,603 | $-66,236 |

UST Form 11-MOR (12/01/2021)                    2

Debtor's Name PROSPER MANAGED FUND, LLC                                    Case No.  17-12008

| **Part 5:  Professional Fees and Expenses** | | | | | | |
|---|---|---|---|---|---|---|
| | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
| a. | Debtor's professional fees & expenses (bankruptcy)  *Aggregate Total* | | $1,353 | $55,818 | $0 | $19,644 |
| | *Itemized Breakdown by Firm* | | | | | |
| | Firm Name | Role | | | | |
| i | Smiley Wang-Ekvall | Lead Counsel | $0 | $6,366 | $0 | $4,945 |
| ii | Menchaca & Co | Financial Professional | $0 | $9,686 | $0 | $6,038 |
| iii | Grobstein Teeple LLP | Other | $1,353 | $39,766 | $0 | $8,661 |
| iv | | | | | | |
| v | | | | | | |
| vi | | | | | | |
| vii | | | | | | |
| viii | | | | | | |
| ix | | | | | | |
| x | | | | | | |
| xi | | | | | | |
| xii | | | | | | |
| xiii | | | | | | |
| xiv | | | | | | |
| xv | | | | | | |
| xvi | | | | | | |
| xvii | | | | | | |
| xviii | | | | | | |
| xix | | | | | | |
| xx | | | | | | |
| xxi | | | | | | |
| xxii | | | | | | |
| xxiii | | | | | | |
| xxiv | | | | | | |
| xxv | | | | | | |
| xxvi | | | | | | |
| xxvii | | | | | | |
| xxviii | | | | | | |
| xxix | | | | | | |
| xxx | | | | | | |
| xxxi | | | | | | |
| xxxii | | | | | | |
| xxxiii | | | | | | |
| xxxiv | | | | | | |
| xxxv | | | | | | |
| xxxvi | | | | | | |

EXHIBIT "1", PAGE 53
EXHIBIT "A", PAGE 63

Debtor's Name PROSPER MANAGED FUND, LLC                                    Case No.  17-12008

| | | | | | |
|---|---|---|---|---|---|
| xxxvii | | | | | |
| xxxvii | | | | | |
| xxxix | | | | | |
| xl | | | | | |
| xli | | | | | |
| xlii | | | | | |
| xliii | | | | | |
| xliv | | | | | |
| xlv | | | | | |
| xlvi | | | | | |
| xlvii | | | | | |
| xlviii | | | | | |
| xlix | | | | | |
| l | | | | | |
| li | | | | | |
| lii | | | | | |
| liii | | | | | |
| liv | | | | | |
| lv | | | | | |
| lvi | | | | | |
| lvii | | | | | |
| lviii | | | | | |
| lix | | | | | |
| lx | | | | | |
| lxi | | | | | |
| lxii | | | | | |
| lxiii | | | | | |
| lxiv | | | | | |
| lxv | | | | | |
| lxvi | | | | | |
| lxvii | | | | | |
| lxviii | | | | | |
| lxix | | | | | |
| lxx | | | | | |
| lxxi | | | | | |
| lxxii | | | | | |
| lxxiii | | | | | |
| lxxiv | | | | | |
| lxxv | | | | | |
| lxxvi | | | | | |
| lxxvii | | | | | |
| lxxvii | | | | | |

EXHIBIT "1", PAGE 54
EXHIBIT "A", PAGE 64

Debtor's Name PROSPER MANAGED FUND, LLC    Case No. 17-12008

| | | | | | |
|---|---|---|---|---|---|
| lxxix | | | | | |
| lxxx | | | | | |
| lxxxi | | | | | |
| lxxxii | | | | | |
| lxxxii | | | | | |
| lxxxiv | | | | | |
| lxxxv | | | | | |
| lxxxvi | | | | | |
| lxxxvi | | | | | |
| lxxxvi | | | | | |
| lxxxix | | | | | |
| xc | | | | | |
| xci | | | | | |
| xcii | | | | | |
| xciii | | | | | |
| xciv | | | | | |
| xcv | | | | | |
| xcvi | | | | | |
| xcvii | | | | | |
| xcviii | | | | | |
| xcix | | | | | |
| c | | | | | |
| ci | | | | | |

| | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy) *Aggregate Total* | | | | | |
| | *Itemized Breakdown by Firm* | | | | | |
| | Firm Name | Role | | | | |
| i | | | | | | |
| ii | | | | | | |
| iii | | | | | | |
| iv | | | | | | |
| v | | | | | | |
| vi | | | | | | |
| vii | | | | | | |
| viii | | | | | | |
| ix | | | | | | |
| x | | | | | | |
| xi | | | | | | |
| xii | | | | | | |
| xiii | | | | | | |
| xiv | | | | | | |

UST Form 11-MOR (12/01/2021)    5

Debtor's Name PROSPER MANAGED FUND, LLC                                    Case No.  17-12008

| | | | | | |
|---|---|---|---|---|---|
| xv | | | | | |
| xvi | | | | | |
| xvii | | | | | |
| xviii | | | | | |
| xix | | | | | |
| xx | | | | | |
| xxi | | | | | |
| xxii | | | | | |
| xxiii | | | | | |
| xxiv | | | | | |
| xxv | | | | | |
| xxvi | | | | | |
| xxvii | | | | | |
| xxviii | | | | | |
| xxix | | | | | |
| xxx | | | | | |
| xxxi | | | | | |
| xxxii | | | | | |
| xxxiii | | | | | |
| xxxiv | | | | | |
| xxxv | | | | | |
| xxxvi | | | | | |
| xxxvii | | | | | |
| xxxvii | | | | | |
| xxxix | | | | | |
| xl | | | | | |
| xli | | | | | |
| xlii | | | | | |
| xliii | | | | | |
| xliv | | | | | |
| xlv | | | | | |
| xlvi | | | | | |
| xlvii | | | | | |
| xlviii | | | | | |
| xlix | | | | | |
| l | | | | | |
| li | | | | | |
| lii | | | | | |
| liii | | | | | |
| liv | | | | | |
| lv | | | | | |
| lvi | | | | | |

EXHIBIT "1", PAGE 56
EXHIBIT "A", PAGE 66

Debtor's Name PROSPER MANAGED FUND, LLC                    Case No. 17-12008

| | | | | | |
|-----|---|---|---|---|---|
| lvii | | | | | |
| lviii | | | | | |
| lix | | | | | |
| lx | | | | | |
| lxi | | | | | |
| lxii | | | | | |
| lxiii | | | | | |
| lxiv | | | | | |
| lxv | | | | | |
| lxvi | | | | | |
| lxvii | | | | | |
| lxviii | | | | | |
| lxix | | | | | |
| lxx | | | | | |
| lxxi | | | | | |
| lxxii | | | | | |
| lxxiii | | | | | |
| lxxiv | | | | | |
| lxxv | | | | | |
| lxxvi | | | | | |
| lxxvii | | | | | |
| lxxvii | | | | | |
| lxxix | | | | | |
| lxxx | | | | | |
| lxxxi | | | | | |
| lxxxii | | | | | |
| lxxxii | | | | | |
| lxxxiv | | | | | |
| lxxxv | | | | | |
| lxxxvi | | | | | |
| lxxxvi | | | | | |
| lxxxvi | | | | | |
| lxxxix | | | | | |
| xc | | | | | |
| xci | | | | | |
| xcii | | | | | |
| xciii | | | | | |
| xciv | | | | | |
| xcv | | | | | |
| xcvi | | | | | |
| xcvii | | | | | |
| xcviii | | | | | |

UST Form 11-MOR (12/01/2021)                    7

Debtor's Name  PROSPER MANAGED FUND, LLC                                    Case No.  17-12008

|   | | | | | | |
|---|---|---|---|---|---|---|
| | xcix | | | | | |
| | c | | | | | |
| c. | All professional fees and expenses (debtor & committees) | | | | | |

| Part 6:  Postpetition Taxes | Current Month | Cumulative |
|---|---|---|
| a. Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. Postpetition income taxes paid (local, state, and federal) | $0 | $2,481 |
| c. Postpetition employer payroll taxes accrued | $0 | $0 |
| d. Postpetition employer payroll taxes paid | $0 | $0 |
| e. Postpetition property taxes paid | $0 | $0 |
| f. Postpetition other taxes accrued (local, state, and federal) | $0 | $111 |
| g. Postpetition other taxes paid (local, state, and federal) | $0 | $111 |

**Part 7: Questionnaire - During this reporting period:**

| | | | |
|---|---|---|---|
| a. | Were any payments made on prepetition debt?  (if yes, see Instructions) | Yes ○  No ● | |
| b. | Were any payments made outside the ordinary course of business without court approval?  (if yes, see Instructions) | Yes ○  No ● | |
| c. | Were any payments made to or on behalf of insiders? | Yes ○  No ● | |
| d. | Are you current on postpetition tax return filings? | Yes ●  No ○ | |
| e. | Are you current on postpetition estimated tax payments? | Yes ●  No ○ | |
| f. | Were all trust fund taxes remitted on a current basis? | Yes ●  No ○ | |
| g. | Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions) | Yes ○  No ● | |
| h. | Were all payments made to or on behalf of professionals approved by the court? | Yes ●  No ○  N/A ○ | |
| i. | Do you have:  Worker's compensation insurance? | Yes ○  No ● | |
| | If yes, are your premiums current? | Yes ○  No ○  N/A ●  (if no, see Instructions) | |
| | Casualty/property insurance? | Yes ○  No ● | |
| | If yes, are your premiums current? | Yes ○  No ○  N/A ●  (if no, see Instructions) | |
| | General liability insurance? | Yes ○  No ● | |
| | If yes, are your premiums current? | Yes ○  No ○  N/A ●  (if no, see Instructions) | |
| j. | Has a plan of reorganization been filed with the court? | Yes ○  No ● | |
| k. | Has a disclosure statement been filed with the court? | Yes ○  No ● | |
| l. | Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? | Yes ●  No ○ | |

UST Form 11-MOR (12/01/2021)                                      8

Debtor's Name PROSPER MANAGED FUND, LLC                                      Case No. 17-12008

## Part 8: Individual Chapter 11 Debtors (Only)

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ○ No ⊙ |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ○ No ○ N/A ⊙ |

### Privacy Act Statement

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." *See* 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.**

/s/ Howard Grobstein                                           Howard Grobstein
_____                          _____
Signature of Responsible Party                                 Printed Name of Responsible Party

CRO of WJA Asset Management, LLC, manager of Deb    11/21/2022
_____                          _____
Title                                                          Date

UST Form 11-MOR (12/01/2021)                        9

Debtor's Name  PROSPER MANAGED FUND, LLC                              Case No.  17-12008





EXHIBIT "1", PAGE 60
EXHIBIT "A", PAGE 70

Debtor's Name  PROSPER MANAGED FUND, LLC                                    Case No.  17-12008



Bankruptcy1to50

Bankruptcy51to100

NonBankruptcy1to50

NonBankruptcy51to100

EXHIBIT "1", PAGE 61
EXHIBIT "A", PAGE 71

Case 8:17-bk-11996-SC    Doc 2084    Filed 11/21/22    Entered 11/21/22 17:06:55    Desc
Main Document         Page 12 of 12

Debtor's Name  PROSPER MANAGED FUND, LLC                                    Case No.  17-12008



PageThree



PageFour

UST Form 11-MOR (12/01/2021)                    12

Case 8:17-bk-11996-SC    Doc 2084-1    Filed 11/21/22    Entered 11/21/22 17:06:55
Desc  Supporting documents    Page 1 of 4

### STATEMENT OF CASH RECEIPTS & DISBURSEMENTS
### PROSPER MANAGED FUND, LLC
October 2022

| Date mm/dd/yyyy | Account # | Check Number | Payee/Payor | Purpose | Deposits Receipts | Transfers | Disbursements Disbursement | Transfers |
|---|---|---|---|---|---|---|---|---|
| 10/21/2022 | xx7973 | | US Trustee | Quarterly Fees | | | 250.00 | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | - | - | 250.00 | - |

EXHIBIT "1", PAGE 63

EXHIBIT "A", PAGE 73

Prosper Managed Fund, LLC
Part 1 Notes
October 2022

| | Reporting Period | CUMULATIVE |
|---|---|---|
| Starting Cash Balance Reporting Period/Petition Date | 28,016.81 | 27,268.69 |
| Receipts from Reporting Period/Petition Date | - | 57,502.06 |
| Disbursemements from Reporting Period/Petition Date | 250.00 | 57,003.94 |
| Ending Cash Balance as of this Reporting Period/Petition Date | 27,766.81 | 27,766.81 |
| | | |
| Cumulative Calculation | | |
| Total Receipts | - | 57,502.06 |
| Less Related Debtor Receipts | - | - |
| Less DIP Receipts | - | - |
| b. Receipts Net of Transfers Between Accounts | - | 57,502.06 |
| | | |
| Total Disbursements | 250.00 | 57,003.94 |
| Less Related Debtor Disbursements | - | - |
| Less DIP Transfers | - | 27,268.69 |
| c. Disbursements Net of Transfers Between Accounts | 250.00 | 29,735.25 |
| | | |
| Disbursements qualifying for UST fees | 250.00 | 29,735.25 |

EXHIBIT "1", PAGE 64

EXHIBIT "A", PAGE 74

**EAST WEST BANK**

9300 Flair Dr., 1St FL
El Monte, CA. 91731

Direct inquiries to:
888 761 3967

**ACCOUNT STATEMENT**
Page   1   of   1
STARTING DATE: October 01, 2022
ENDING DATE: October 31, 2022
Total days in statement period: 31

████████7973
( 0 )

PROSPER MANAGED FUND, LLC
CHAPTER 11 DEBTOR IN POSSESSION
CASE #17 12008
23832 ROCKFIELD BLVD SUIITE 245
LAKE FOREST CA 92630

> Receive money with Direct Deposits.
> Payments are automatically sent to your
> bank account so you can save yourself a
> trip to the bank. Talk to your payer to see
> if you qualify or call 888.895.5650 for
> more details.

---

## Commercial Analysis Checking

| | | | |
|---|---|---|---|
| Account number | ████7973 | Beginning balance | $28,016.81 |
| Low balance | $27,766.81 | Total additions ( 0 ) | .00 |
| Average balance | $27,928.10 | Total subtractions ( 1 ) | 250.00 |
| | | Ending balance | $27,766.81 |

---

**DEBITS**

| Date | Transaction Description | Subtractions |
|---|---|---|
| 10 21 | Preauth Debit   QUARTERLY FEE PAYMENT 221021 0000 | 250.00 |

---

**DAILY BALANCES**

| Date | Amount | Date | Amount | Date | Amount |
|---|---|---|---|---|---|
| 09 30 | 28,016.81 | 10 21 | 27,766.81 | | |

**OVERDRAFT/RETURN ITEM FEES**

| | Total for this period | Total year to date |
|---|---|---|
| Total Overdraft Fees | $0.00 | $0.00 |
| Total Returned Item Fees | $0.00 | $0.00 |

EXHIBIT "1", PAGE 65
EXHIBIT "A", PAGE 75

## STATEMENT BALANCING

**Fill in the amounts below from the front of this statement and your checkbook**.

**ENTER**
Ending Balance of
this Statement………………........    $_____

**ENTER**
Present Balance in
your checkbook…………………    $_____

**Add** Deposits not shown
on this Statement    $_____
_____
_____

**Sub Total**……….    $_____

**Subtract** any service
charges, finance or
any other charges…………………    $_____

**Sub Total** …………    $_____

**Subtract** Checks Issued
but not on Statement

| CHECK NUMBER OR DATE | AMOUNT | CHECK NUMBER OR DATE | AMOUNT |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| TOTAL |  | TOTAL |  |

**Add** Monthly Interest
Earned …………………………..    $_____

**Add** any deposits not yet
entered in checkbook
(Reverse Advances)………………..    $_____
_____
_____
_____

**Subtract** any checks not
yet entered in checkbook
(Reverse Payments)………………..    $_____
_____
_____
_____

**Total** amount of outstanding
checks……………………………    $_____

**Balance**…..…...........................**     $_____

**Balance**……......................................    $_____

### IN CASE OF ERRORS OR QUESTIONS REGARDING YOUR CHECKING ACCOUNT

You must examine your statement carefully and promptly.  You are in the best position to discover errors and unauthorized transactions on your account.  If you fail to notify us in writing of suspected problems or unauthorized transactions within the time periods as specified in the Deposit Agreement (which periods are no more than 60 days after we make the statement available to you and in some cases 30 days or less), we are not liable to you for, and you agree not to make a claim against us for problems or unauthorized transactions.

### IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR ELECTRONIC FUNDS TRANSFERS

Telephone or write your local branch of account, listed on the statement front, as soon as you can if you think your statement or receipt is wrong or if you need more information about a transfer on the statement or receipt. We must hear from you no later than 60 days after we send you the FIRST statement on which the error or problem appeared.
1. Tell us your name and account number.
2. Describe the error or the transfer you are unsure about and explain as clearly as you can why you believe there is an error or why you need more information.
3. Tell us the dollar amount of the suspected error.

We will investigate your complaint and will correct any error promptly. If our investigation takes longer than 10 business days from the date we received your notification, we will provisionally credit your account for the disputed amount until our investigation has been completed. If the disputed amount involves an electronic funds transfer to or from an account within 30 days after the first deposit to the account was made, we will provisionally credit your account within 20 business days from the date we receive your notification.

### ACCOUNTS WITH CHECK STORAGE

Upon your request, we will provide you, without charge, legible copies of two checks from each account statement. Additional copies of canceled checks are subject to our service charges. You can make a request for these copies by contacting the branch listed on the front of this statement.

### CHANGE OF ADDRESS

*Please notify us immediately for change of address by phoning or writing your local branch of account, listed on the front of this statement.*

MEMBER FDIC

(REV  11/07)

# EXHIBIT "2"

**General Unsecured Claims against Prosper Managed Fund, LLC**

**Exhibit 2 to Disclosure Statement**

| Scheduled/Filed/Plan Claim | Claimant | Amount of Asserted Claim | Anticipated Allowed Claim* | Comments |
|---|---|---|---|---|
| Claim 1 | JordanMillard, LLC | $2,766.80 | $2,766.80 | |
| Claim 2 | William Jordan | $0 or Unknown | $0 to Undetermined | Indemnity Claim; The Debtor will likely file a motion to disallow Claim No. 2 in its entirety |
| Scheduled | Kingdom Trust Company | $140.31 | $140.31 | |
| Scheduled/Plan | WJA Asset Management, LLC | | To be determined as assets are monetized and/or valued in the future | Management fees and performance bonus due as of the Petition Date under the Operating Agreement |
| **Total** | | | $2,907.11 | |

**\* All rights of the Debtor to object to Claims, including, without limitation, those set forth on this Exhibit "2," are expressly reserved.**

2917799.1

EXHIBIT "2", PAGE 67

EXHIBIT "A", PAGE 78

# EXHIBIT "3"

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Lei Lei Wang Ekvall, State Bar No. 163047<br>SMILEY WANG-EKVALL, LLP<br>3200 Park Center Drive, Suite 250<br>Costa Mesa, California 92626<br>Telephone: (714) 445-1000<br>Facsimile: (714) 445-1002<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for Debtor* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br><br>PROSPER MANAGED FUND, LLC<br><br><br>Debtor(s) | CASE NO.:  8:17-bk-12008-SC<br>CHAPTER:  11<br><br>**SUMMARY OF AMENDED SCHEDULES,<br>MASTER MAILING LIST,<br>AND/OR STATEMENTS<br>[LBR 1007-1(c)]** |
|---|---|

A filing fee is required to amend Schedules D or E/F (see Abbreviated Fee Schedule on the Court's website www.cacb.uscourts.gov).  A supplemental master mailing list (do not repeat any creditors on the original) is required as an attachment if creditors are being added to the Schedule D or E/F.
Are one or more creditors being added? ☒ Yes ☐ No

The following schedules, master mailing list or statements (check all that apply) are being amended:

☐ Schedule A/B    ☐ Schedule C    ☐ Schedule D    ☒ Schedule E/F    ☐ Schedule G

☐ Schedule H    ☐ Schedule I    ☐ Schedule J    ☐ Schedule J-2    ☐ Statement of Financial Affairs

☐ Statement About Your Social Security Numbers    ☐ Statement of Intention    ☒ Master Mailing List

☒ Other (specify)  List of Equity Security Holders

I/we declare under penalty of perjury under the laws of the United States that the amended schedules, master mailing list, and or statements are true and correct.

Date:  4/5/14

_____
Debtor 1 Signature

_____
Debtor 2 (Joint Debtor) Signature (if applicable)

***NOTE***:  It is the responsibility of the Debtor, or the Debtor's attorney, to serve copies of all amendments on all creditors listed in this Summary of Amended Schedules, Master Mailing List, and/or Statements, and to complete and file the attached Proof of Service of Document.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California

December 2015                    Page 1                    **F 1007-1.1.AMENDED.SUMMARY**

EXHIBIT "3", PAGE 68
EXHIBIT "A", PAGE 80

# United States Bankruptcy Court
## Central District of California

In re  **PROSPER MANAGED FUND, LLC**

Debtor(s)

Case No.  **8:17-bk-12008**

Chapter  **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **Equity Trust Co Custodian FBO Justin & Kristina Davis JTWROS 21850 D Baglio Way Yorba Linda, CA 92887** | **$350,000.00** | **39.30%** | **Membership Equity Holder** |
| **Equity Trust Co Custodian FBO Justin Davis IRA 21850 D Baglio Way Yorba Linda, CA 92887** | **$159,300.00** | **17.89%** | **Membership Equity Holder** |
| **Equity Trust Co Custodian FBO Garland Trust Dtd 12/01/2003 Subtrust A 21852 Seacrest Lane Huntington Beach, CA 92646** | **$55,020.63** | **6.18%** | **Membership Equity Holder** |
| **Equity Trust Co Custodian FBO Dennis Vaccaro SEP IRA 2409 Camino Oleada San Clemente, CA 92673** | **$50,000.00** | **5.61%** | **Membership Equity Holder** |
| **Equity Trust Co Custodian FBO Justin & Kristina Davis JTWROS 1 Equity Way Westlake, OH 44145** | | | **For Notice Purposes Only** |
| **Equity Trust Co Custodian FBO Justin Davis IRA 1 Equity Way Westlake, OH 44145** | | | **For Notice Purposes Only** |
| **Equity Trust Co Custodian FBO Garland Trust Dtd 12/01/2003 Subtrust A 1 Equity Way Westlake, OH 44145** | | | **For Notice Purposes Only** |
| **Equity Trust Co Custodian FBO Dennis Vaccaro SEP IRA 1 Equity Way Westlake, OH 44145** | | | **For Notice Purposes Only** |
| **Linda Renee Lemmon Trust 16282 Hawaii Lane Huntington Beach, CA 92649** | **$35,626.42** | **4.00%** | **Membership Equity Holder** |
| **Paul Lemmon & Linda Lemmon Trust 16282 Hawaii Lane Huntington Beach, CA 92649** | **$36,854.82** | **4.14%** | **Membership Equity Holder** |

Sheet 1 of 2 in List of Equity Security Holders

In re:  **PROSPER MANAGED FUND, LLC**                                Case No.  **8:17-bk-12008**

                                              Debtor(s)

## LIST OF EQUITY SECURITY HOLDERS
(Continuation Sheet)

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **Robinson Family Dynasty Trust Number 1 Roosevelt and Mickie Robinson III Trustee 151 Brown Street Dayton, OH 45402** | **$110,000.00** | **12.35%** | **Membership Equity Holder** |
| **Robinson Family Dynasty Trust Number 1 R and Mickie Robinson III Trustee 1 Equity Way Westlake, OH 44145** | | | **For Notice Purposes Only** |
| **Trust B The Roger and Marilou Family Tru dtd 1/14/2005 33555 Halyard Dr Dana Point, CA 92629** | **$93,772.85** | **10.53%** | **Membership Equity Holder** |
| **Trust B The Roger and Marilou Family Tru 1 Equity Way Westlake, OH 44145** | | | **For Notice Purposes Only** |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

    I, the **Chief Restructuring Officer** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date ___4/10/18___                    Signature _____

                                         **Howard Grobstein**

*Penalty for making a false statement of concealing property*: Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

**Fill in this information to identify the case:**

Debtor name **PROSPER MANAGED FUND, LLC**

United States Bankruptcy Court for the: CENTRAL DISTRICT OF CALIFORNIA

Case number (if known) **8:17-bk-12008**

☐ Check if this is an amended filing

Official Form 206E/F

## Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

| **Part 1:** | **List All Creditors with PRIORITY Unsecured Claims** |

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☑ No. Go to Part 2.

☐ Yes. Go to line 2.

| **Part 2:** | **List All Creditors with NONPRIORITY Unsecured Claims** |

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | | Amount of claim |
|---|---|---|
| 3.1 | **Nonpriority creditor's name and mailing address**<br>**EMPLOYMENT DEVELOPMENT DEPT.**<br>**Bankruptcy Group MIC 92E**<br>**P.O. Box 826880**<br>**Sacramento, CA 94280-0001**<br><br>Date(s) debt was incurred _<br>Last 4 digits of account number _ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim: **For Notice Purposes**<br><br>Is the claim subject to offset? ☑ No ☐ Yes | $0.00 |
| 3.2 | **Nonpriority creditor's name and mailing address**<br>**FRANCHISE TAX BOARD**<br>**Bankruptcy Section MS: A-260**<br>**P.O. Box 2952**<br>**Sacramento, CA 95812-2952**<br><br>Date(s) debt was incurred _<br>Last 4 digits of account number _ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim: **For Notice Purposes**<br><br>Is the claim subject to offset? ☑ No ☐ Yes | $0.00 |
| 3.3 | **Nonpriority creditor's name and mailing address**<br>**INTERNAL REVENUE SERVICE**<br>**P.O. Box 7346**<br>**Philadelphia, PA 19101-7346**<br><br>Date(s) debt was incurred _<br>Last 4 digits of account number _ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim: **For Notice Purposes**<br><br>Is the claim subject to offset? ☑ No ☐ Yes | $0.00 |
| 3.4 | **Nonpriority creditor's name and mailing address**<br>**Kingdom Trust Company**<br>**P.O. Box 870**<br>**Murray, KY 42071**<br><br>Date(s) debt was incurred _<br>Last 4 digits of account number _ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim: **Vendor Debt**<br><br>Is the claim subject to offset? ☑ No ☐ Yes | $140.31 |

EXHIBIT "3", PAGE 71
EXHIBIT "A", PAGE 83

| Debtor | **PROSPER MANAGED FUND, LLC** | Case number (if known) | **8:17-bk-12008** |
|---|---|---|---|
| | Name | | |

---

| 3.5 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$0.00** |
|---|---|---|---|

**STATE BOARD OF EQUALIZATION**
**Account Information Group, MIC:29**
**P.O. Box 942879**
**Sacramento, CA 94279-0029**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim:  **For Notice Purposes**

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.6 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$0.00** |
|---|---|---|---|

**US SECURITIES EXCHANGE COMM.**
**Attn.  Bankruptcy Counsel**
**444 South Flower Street**
**Suite 900**
**Los Angeles, CA 90071-9591**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim:  **For Notice Purposes**

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.7 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **Unknown** |
|---|---|---|---|

**WJA Asset Management, LLC**
**One Venture, Suite 250**
**Irvine, CA 92618**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim:  **Management Fee**

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.8 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **Unknown** |
|---|---|---|---|

**WJA Asset Management, LLC**
**One Venture, Suite 250**
**Irvine, CA 92618**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim:  **Performance Bonus**

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| **Part 3:** | **List Others to Be Notified About Unsecured Claims** |
|---|---|

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

| **Part 4:** | **Total Amounts of the Priority and Nonpriority Unsecured Claims** |
|---|---|

**5.  Add the amounts of priority and nonpriority unsecured claims.**

| | | **Total of claim amounts** |
|---|---|---|
| **5a. Total claims from Part 1** | 5a. | $ 0.00 |
| **5b. Total claims from Part 2** | 5b. + | $ 140.31 |
| **5c. Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ 140.31 |

EXHIBIT "3", PAGE 72
EXHIBIT "A", PAGE 84

Kingdom Trust Company
P.O. Box 870
Murray, KY 42071

WJA Asset Management, LLC
One Venture, Suite 250
Irvine, CA 92618

Equity Trust Co Custodian FBO
Justin & Kristina Davis JTWROS
21850 D Baglio Way
Yorba Linda, CA 92887

Equity Trust Co Custodian FBO
Justin Davis IRA
21850 D Baglio Way
Yorba Linda, CA 92887

Equity Trust Co Custodian FBO
Garland Trust Dtd 12/01/2003 Subtrust A
21852 Seacrest Lane
Huntington Beach, CA 92646

Equity Trust Co Custodian FBO
Dennis Vaccaro SEP IRA
2409 Camino Oleada
San Clemente, CA 92673

Equity Trust Co Custodian FBO
Justin & Kristina Davis JTWROS
1 Equity Way
Westlake, OH 44145

Equity Trust Co Custodian FBO
Justin Davis IRA
1 Equity Way
Westlake, OH 44145

```
Equity Trust Co Custodian FBO
Garland Trust Dtd 12/01/2003 Subtrust A
1 Equity Way
Westlake, OH 44145


Equity Trust Co Custodian FBO
Dennis Vaccaro SEP IRA
1 Equity Way
Westlake, OH 44145


Linda Renee Lemmon Trust
16282 Hawaii Lane
Huntington Beach, CA 92649


Paul Lemmon & Linda Lemmon Trust
16282 Hawaii Lane
Huntington Beach, CA 92649


Robinson Family Dynasty Trust Number 1
Roosevelt and Mickie Robinson III Trustee
151 Brown Street
Dayton, OH 45402


Robinson Family Dynasty Trust Number 1 R
and Mickie Robinson III Trustee
1 Equity Way
Westlake, OH 44145


Trust B The Roger and Marilou Family Tru
dtd 1/14/2005
33555 Halyard Dr
Dana Point, CA 92629


Trust B The Roger and Marilou Family Tru
1 Equity Way
Westlake, OH 44145
```

EXHIBIT "3", PAGE 74


EXHIBIT "A", PAGE 86

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**3200 Park Center Drive, Suite 250, Costa Mesa, CA 92626**

A true and correct copy of the foregoing document entitled (*specify*): **SUMMARY OF AMENDED SCHEDULES, MASTER MAILING LIST, AND/OR STATEMENTS** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **April 24, 2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Lei Lei Wang Ekvall    lekvall@swelawfirm.com,
     csheets@swelawfirm.com;gcruz@swelawfirm.com;hdavis@swelawfirm.com
- Michael J Hauser    michael.hauser@usdoj.gov
- Robert S Marticello    Rmarticello@swelawfirm.com,
     csheets@swelawfirm.com;gcruz@swelawfirm.com;hdavis@swelawfirm.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **April 24, 2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Hon. Scott C. Clarkson
United States Bankruptcy Court
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____ , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 24, 2018 | Gabriela Gomez-Cruz | /s/ Gabriela Gomez-Cruz |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                 **F 9013-3.1.PROOF.SERVICE**

EXHIBIT "3", PAGE 75
EXHIBIT "A", PAGE 87

**SERVED BY UNITED STATES MAIL Cont.:**

Kingdom Trust Company
P.O. Box 870
Murray, KY 42071

WJA Asset Management, LLC
One Venture, Suite 250
Irvine, CA 92618

Equity Trust Co Custodian FBO
Justin & Kristina Davis JTWROS
21850 D Baglio Way
Yorba Linda, CA 92887

Equity Trust Co Custodian FBO
Justin Davis IRA
21850 D Baglio Way
Yorba Linda, CA 92887

Equity Trust Co Custodian FBO
Garland Trust Dtd 12/01/2003
Subtrust A
21852 Seacrest Lane
Huntington Beach, CA 92646

Equity Trust Co Custodian FBO
Dennis Vaccaro SEP IRA
2409 Camino Oleada
San Clemente, CA 92673

Equity Trust Co Custodian FBO
Justin & Kristina Davis JTWROS
1 Equity Way
Westlake, OH 44145

Equity Trust Co Custodian FBO
Justin Davis IRA
1 Equity Way
Westlake, OH 44145

Equity Trust Co Custodian FBO
Garland Trust Dtd 12/01/2003
Subtrust A
1 Equity Way
Westlake, OH 44145

Equity Trust Co Custodian FBO
Dennis Vaccaro SEP IRA
1 Equity Way
Westlake, OH 44145

Linda Renee Lemmon Trust
16282 Hawaii Lane
Huntington Beach, CA 92649

Paul Lemmon & Linda Lemmon Trust
16282 Hawaii Lane
Huntington Beach, CA 92649

Robinson Family Dynasty Trust
Number 1
Roosevelt and Mickie Robinson III
Trustee
151 Brown Street
Dayton, OH 45402

Robinson Family Dynasty Trust
Number 1 R
and Mickie Robinson III Trustee
1 Equity Way
Westlake, OH 44145

Trust B The Roger and Marilou
Family Tru
dtd 1/14/2005
33555 Halyard Dr
Dana Point, CA 92629

Trust B The Roger and Marilou
Family Tru
1 Equity Way
Westlake, OH 44145

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

EXHIBIT "3", PAGE 76
EXHIBIT "A", PAGE 88

# EXHIBIT "B"

1  **SMILEY WANG-EKVALL, LLP**
   Philip E. Strok, State Bar No. 169296
2  *pstrok@swelawfirm.com*
   Kyra E. Andrassy, State Bar No. 207959
3  *kandrassy@swelawfirm.com*
   Robert S. Marticello, State Bar No. 244256
4  *rmarticello@swelawfirm.com*
   Michael L. Simon, State Bar No. 300822
5  *msimon@swelawfirm.com*
   3200 Park Center Drive, Suite 250
6  Costa Mesa, California 92626
   Telephone:   714 445-1000
7  Facsimile:   714 445-1002

8  Attorneys for Debtors-in-Possession

9          **UNITED STATES BANKRUPTCY COURT**

10         **CENTRAL DISTRICT OF CALIFORNIA**

11              **SANTA ANA DIVISION**

12  In re                                    Case No. 8:17-bk-11996-SC

13  WJA ASSET MANAGEMENT, LLC,               Chapter 11

14         Debtor-in-Possession.             (Jointly Administered with Case Nos.
                                             8:17-bk-11997-SC; 8:17-bk-11998-SC;
15  ┌─────────────────────────────          8:17-bk-11999-SC; 8:17-bk-12000-SC;
    │ ☐ Affects 5827 WINLAND HILLS DRIVE     8:17-bk-12001-SC; 8:17-bk-12002-SC;
16  │   DEVELOPMENT FUND, LLC                8:17-bk-12003-SC; 8:17-bk-12004-SC;
    │ ☐ Affects ALABAMA HOUSING FUND,        8:17-bk-12005-SC; 8:17-bk-12006-SC;
17  │   LLC                                  8:17-bk-12008-SC; 8:17-bk-12009-SC;
    │                                        8:17-bk-12010-SC; 8:17-bk-12011-SC;
18  │ ☐ Affects CA EXPRESS FUND, LLC         8:17-bk-12012-SC; 8:17-bk-12013-SC;
    │ ☐ Affects CA SEE JANE GO FUND,         8:17-bk-12014-SC; 8:17-bk-12015-SC;
19  │   LLC                                  8:17-bk-12016-SC; 8:17-bk-12018-SC;
                                             8:17-bk-12019-SC; 8:17-bk-12124-SC;
20  │ ☐ Affects CA WHIRL FUND, LLC           8:17-bk-12125-SC; 8:17-bk-12126-SC;
    │ ☐ Affects CLAIRTON RESIDENTIAL         8:17-bk-12127-SC and 8:17-bk-12285-SC)
21  │   RENEWAL, LLC
    │ ☐ Affects EQUITY INDEXED               **CHAPTER 11 PLAN OF LIQUIDATION**
22  │   MANAGED FUND, LLC                    **OF PROSPER MANAGED FUND, LLC**
    │ ☐ Affects LUXURY ASSET
23  │   PURCHASING INTERNATIONAL,            **Plan Confirmation Hearing:**
    │   LLC                                  **DATE:**   **March 1, 2023**
24  │                                        **TIME:**   **1:30 p.m.**
    │ ☐ Affects LVNV MULTI FAMILY LLC        **CTRM:**   **5C**
25  │ ☐ Affects PMB MANAGED FUND, LLC                    **Ronald Reagan Federal**
26  │ ☒ Affects PROSPER MANAGED FUND,                    **Building and U.S. Courthouse**
    │   LLC                                              **411 West Fourth Street**
27  │                                                    **Santa Ana, CA 92701**
    └─────────────────────────────
28

2926828.1                                                                    PLAN

1   ☐ Affects TD OPPORTUNITY FUND, LLC

2   ☐ Affects TD REO FUND, LLC

3   ☐ Affects URBAN PRODUCE FUND, LLC

4   ☐ Affects WHIRL FUND, LLC

5   ☐ Affects WJA EXPRESS FUND, LLC

6   ☐ Affects WJA REAL ESTATE OPPORTUNITY FUND I, LLC

7   ☐ Affects WJA REAL ESTATE OPPORTUNITY FUND II, LLC

8   ☐ Affects WJA SECURE REAL ESTATE FUND, LLC

9   ☐ Affects WJA SECURE INCOME FUND, LLC

10  ☐ Affects WILLIAM JORDAN INVESTMENTS, INC.

11

12  ☐ Affects CA REAL ESTATE OPPORTUNITY FUND I, LLC

13  ☐ Affects CA REAL ESTATE OPPORTUNITY FUND II, LLC

14  ☐ Affects CALIFORNIA INDEXED GROWTH FUND, LLC

15  ☐ Affects SECURE CALIFORNIA INCOME FUND, LLC

16  ☐ Affects CA REAL ESTATE OPPORTUNITY FUND III, LLC

17  ☐ Affects All Debtors

18

19

20

21

22

23

24

25

26

27

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2926828.1

PLAN

EXHIBIT "B", PAGE 90

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      INTRODUCTION ................................................ 1

II.     PLAN TREATMENT OF CREDITORS AND INTEREST HOLDERS ..................... 1

        A.      Allowance and Treatment of Unclassified Claims ........................ 2

                1.      Administrative Claims ......................................... 2

                        (a)    Ordinary Course Administrative Claims ................... 2

                        (b)    Professional Fee Claims ............................... 2

                        (c)    Administrative Claims Bar Date ........................ 5

                        (d)    Deadline for Objections to Administrative Claims ........... 6

                2.      Priority Tax Claims ......................................... 6

        B.      Allowance and Treatment of Classified Claims and Interests..................... 6

                1.      Secured Claims ........................................... 7

                2.      Class of Priority Unsecured Claims ............................. 7

                3.      Class of General Unsecured Claims.............................. 7

                4.      Class of Interest Holders ...................................... 9

III.    MEANS OF IMPLEMENTING THE PLAN................................... 10

        A.      Operations After the Occurrence of the Effective Date........................... 10

                1.      Available Cash on the Effective Date and Accrued Operating
                        Liabilities................................................ 10

                2.      Post Effective Date Management ................................ 10

                        (a)    Continuation of the Chief Restructuring Officer................ 10

                        (b)    Removal of the Chief Restructuring Officer..................... 11

                        (c)    Resignation of the Chief Restructuring Officer.................. 11

                        (d)    Powers and Authority of the Chief Restructuring Officer....... 11

                        (e)    Maintenance of Books and Records ...................... 13

                        (f)    Expenses of the Debtor ................................ 13

(g)     Fees and Expenses of the Chief Restructuring Officer ......... 14

(h)     Professionals Employed by the Chief Restructuring
        Officer .................................................................................. 14

(i)     Liability of the Chief Restructuring Officer ............................ 14

(j)     Conflicts with Operating Agreements .................................... 15

(k)     Termination of the Duties of the Chief Restructuring
        Officer .................................................................................. 15

B.   Corporate Actions ......................................................................... 15

C.   Post-Confirmation Estate Claims, Including Avoidance Actions ................. 15

D.   Bankruptcy Court Approval of Post-Confirmation Matters .......................... 16

E.   Right to Setoff ............................................................................... 16

F.   Distributions ................................................................................. 17

     1.   Dates of Distributions ............................................................ 17

     2.   Manner of Distribution ........................................................... 17

     3.   Undeliverable Distributions .................................................... 17

     4.   Rounding of Payments ........................................................... 18

     5.   Compliance with Tax Requirements ......................................... 18

     6.   Distribution of Unclaimed Property .......................................... 18

     7.   De Minimis Distributions ........................................................ 19

     8.   Limitation of Liability ............................................................. 19

G.   Claim and Interest Objections and Disputed Claims and Interests ............. 20

     1.   Standing ............................................................................... 20

     2.   Claims and Interests Objection Deadline ................................. 20

     3.   Treatment of Disputed Claims and Interests ............................. 20

          (a)     No Distribution Pending Allowance ....................................... 20

          (b)     Reserves for Disputed Claims and Interests ......................... 20

H.   EXECUTORY CONTRACTS AND LEASES AND BAR DATE FOR
     REJECTION DAMAGES ................................................................ 21

IV.   MISCELLANEOUS PROVISIONS ........................................................ 21

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

A.    Provisions Regarding Limitation of Liability ..................................................21

    1.    No Liability for Solicitation or Participation.......................................21

    2.    Limitation of Liability ...........................................................................22

B.    Vesting of Property of the Estate....................................................................22

C.    Modification of Plan ........................................................................................22

D.    Post-Confirmation Status Report....................................................................22

E.    Post-Confirmation Fees to the OUST .............................................................23

F.    Final Decree ...................................................................................................23

G.    Post-Confirmation Conversion/Dismissal .......................................................23

H.    Governing Law ...............................................................................................23

I.    Successors and Assigns ................................................................................23

J.    Exemption from Certain Transfer Taxes and Recording Fees ..................24

K.    Prohibition of Non-Voting Securities...............................................................24

L.    No Discharge ..................................................................................................24

M.    Retention of Jurisdiction ................................................................................24

PLAN DEFINITIONS..................................................................................................26

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1  Prosper Managed Fund, LLC (the "Debtor"), a California limited liability company,

2  provides its *Chapter 11 Plan of Liquidation of Prosper Managed Fund, LLC* (the "Plan")[1]

3  to its Creditors and Interest Holders.

4

5  **I.    INTRODUCTION**

6  The Plan is a liquidation plan which contemplates that the Debtor will liquidate its

7  assets and distribute the proceeds and funds on hand to its Creditors and Interest

8  Holders in accordance with the priorities set forth in the Bankruptcy Code.  The Effective

9  Date of the Plan will be the date that is three (3) weeks after entry of the Confirmation

10  Order, provided that there is no stay of the effectiveness of the Confirmation Order.  If

11  such a stay is issued other than by operation of Federal Rule of Bankruptcy Procedure

12  3020(e), then the Effective Date shall be the date that is two (2) weeks after the

13  Confirmation Order becomes a Final Order.

14

15  **II.    PLAN TREATMENT OF CREDITORS AND INTEREST HOLDERS**

16  The treatment of Allowed Claims and Allowed Interests under the Plan supersedes

17  any agreements or rights the Holders of those Claims or Interests may have in or against

18  the Debtor or its assets and is in full satisfaction of the legal, equitable, and contractual

19  rights of the holders of the Claims or Interests.  Unless the Plan provides otherwise, no

20  Distributions will be made and no rights retained on account of any Claim or Interest that

21  has not become an Allowed Claim or Allowed Interest.

22  As required by the Bankruptcy Code, the Plan classifies Claims and Interests in

23  various classes according to their right to priority.  The Plan states whether each Class of

24  Claims or Interests is impaired and provides for the treatment that each Class will

25  receive.

26

27  ───────────────

[1]    Unless otherwise defined in the Plan, the definition of any capitalized term may be found in the

28  Plan Definitions at the end of this Plan.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

### A.    Allowance and Treatment of Unclassified Claims

Certain types of Claims are not placed into voting classes but are instead unclassified.  They are not considered impaired and they do not vote on the Plan because they are automatically entitled to certain treatment under the Bankruptcy Code. Accordingly, the following Claims have not been put into a Class:

### 1.    Administrative Claims

Administrative Claims are for costs and expenses of administering the Debtor's Case that are allowable under Bankruptcy Code section 503(b) or 28 U.S.C. § 1930, and include Claims incurred post-petition in the course of operating the Debtor's business, Professional Fee Claims, and fees due to the OUST.

### (a)    Ordinary Course Administrative Claims

The following chart lists all of the Debtor's Ordinary Course Administrative Claims, which generally include debt that it incurs in the regular operation of its business. Ordinary Course Administrative Claims do not include Professional Fee Claims.  The following chart describes the proposed treatment for Ordinary Course Administrative Claims, as well as Clerk's Office Fees and OUST fees that the Debtor must pay as a condition to having filed this case:

| Description | Estimated Amount Owed | Treatment |
| --- | --- | --- |
| Ordinary Course Administrative Claims Against the Debtor, including Administrative Tax Claims | Varies by day | These Claims have been or will be paid in the ordinary course of the Debtor's operations. |
| Clerk's Office Fees | $0 | Any outstanding Clerk's Office Fees will be Paid in Full on the Effective Date. |
| OUST Fees | $0 | Any outstanding OUST Fees will be Paid in Full on the Effective Date. |

### (b)    Professional Fee Claims

In addition, there are a number of Professional Fee Claims that are ordinarily required to be paid upon the effective date of the Plan or as soon thereafter as they are

2926828.1

PLAN

EXHIBIT "B", PAGE 95

1 allowed.  In this case, a portion of the Professional Fee Claims were allowed prior to the

2 Effective Date as listed on the following chart:

| PROSPER MANAGED FUND | | | | |
|---|---|---|---|---|
| Order Entered | Professional | Fees Approved | Costs Approved | Total[2] |
| 12/11/2017 | Smiley Wang-Ekvall, LLP | 1,854.00 | 0.00 | $1,854.00 |
| | Menchaca & Co. | 566.19 | 0.00 | 566.19 |
| 04/12/2018 | Smiley Wang-Ekvall, LLP | 201.50 | 0.00 | 201.50 |
| | Menchaca & Co. | 384.00 | 0.00 | 384.00 |
| 08/16/2018 | Smiley Wang-Ekvall, LLP | 1,765.50 | 242.80 | 2,008.30 |
| | Menchaca & Co. | 1,728.00 | 0.00 | 1,728.00 |
| 12/20/2018 | Smiley Wang-Ekvall, LLP | 344.00 | 0.00 | 344.00 |
| | Menchaca & Co. | 1,392.00 | 0.00 | 1,392.00 |
| 05/02/2019 | Smiley Wang-Ekvall, LLP | 324.00 | 0.00 | 324.00 |
| | Menchaca & Co. | 120.00 | 0.00 | 120.00 |
| 12/12/2019 | Smiley Wang-Ekvall, LLP | 709.50 | 0.00 | 709.50 |
| | Menchaca & Co. | 1,848.00 | 0.00 | 1,848.00 |
| 05/08/2020 | Smiley Wang-Ekvall, LLP | 495.50 | 0.00 | 495.50 |
| | Menchaca & Co. | 1,584.00 | 0.00 | 1,584.00 |
| 12/03/2020 | Smiley Wang-Ekvall, LLP | 444.50 | 0.00 | 444.50 |
| | Menchaca & Co. | 1,824.00 | 0.00 | 1,824.00 |
| 08/02/2021 | Smiley Wang-Ekvall, LLP | 741.00 | 0.00 | 741.00 |
| | Menchaca & Co. | 240.00 | 0.00 | 240.00 |

19          In addition, the Chief Restructuring Officer and the Professionals retained by the

20 Debtor have performed certain work that generally benefitted all of the Debtors and have

21 incurred fees and costs in connection therewith (the "General Fees and Costs").  With

22 respect to the General Fees and Costs of any particular Professional, the Debtors and

23 counsel for the Official Committee of Unsecured Creditors appointed in four of the

24 Debtors' cases are discussing how to allocate those fees and costs to each of the

25 Debtors.  One approach would be based on the amount of fees incurred in each

26 particular case as a percentage of the total fees that are capable of allocation to

27 ───────────────────

28     [2]    Most, but not all, of the allowed fees and costs have been paid.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1 particular debtors.  For instance, if the amount of Smiley Wang-Ekvall's General Fees

2 and Costs is $100,000, Smiley Wang-Ekvall's fees attributable to the Debtor is $50,000,

3 and the total amount of Smiley Wang-Ekvall's fees incurred by all of the Debtors

4 (excluding the General Fees) is $1,000,000, then the Debtor would be allocated liability

5 for 5% ($50,000/$1,000,000) of Smiley Wang-Ekvall's General Fees and Costs, or

6 $5,000. This calculation would be made as of the date that all Professional Fee Claims in

7 the Debtor's case are determined on a final basis.  Another approach would be to

8 allocate the General Fees and Costs pro rata based on the cash on hand as of the date

9 that all Professional Fee Claims in the Debtors' cases are determined on a final basis.

10 The last approach would be to allocate the General Fees and Costs equally to each of

11 the Debtors' cases, without regard to the amount of effort or assets each particular case

12 required.  The Debtors are calculating what the estimated allocation for the General Fees

13 and Costs would be under each of these three scenarios and, after determining which

14 allocation is highest with respect to the Debtor, will reserve sufficient funds for the Debtor

15 to pay its share pending further Court order.

16       A Professional Fee Claim against the Debtor will be paid only if: (a) on or before

17 forty-five (45) days after the Effective Date (or such further date if extended by order of

18 the Court), the Professional holding the Professional Fee Claim files with the Court an

19 application requesting allowance and payment of the Professional Fee Claim on a final

20 basis; and (b) the Professional Fee Claim is allowed by an order of the Bankruptcy Court.

21 Any party in interest may file an objection to such an application within the time provided

22 by the Local Bankruptcy Rules or within any other period that the Bankruptcy Court sets.

23 Professionals holding Professional Fee Claims who do not timely file and serve their

24 applications for payment will be forever barred from asserting these Claims.

25       The Professional Fee Claims and their treatment under the Plan are listed on the

26 following chart:

27

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel  714 445-1000  •  Fax 714 445-1002

| Description | Estimated Amt. of Unpaid Fees, Excluding General Fees and Costs, as of the Effective Date[3] | Treatment |
|---|---|---|
| Smiley Wang-Ekvall, LLP, General bankruptcy counsel to the Debtor | $30,000.00 | This Professional Fee Claim will be Paid in Full ten (10) Business Days after the Bankruptcy Court enters an order allowing the Professional Fee Claim. |
| Rutan & Tucker, LLP, Special counsel to the Debtor | $0.00 | This Professional Fee Claim will be Paid in Full ten (10) Business Days after the Bankruptcy Court enters an order allowing the Professional Fee Claim. |
| Menchaca & Company, Accountants to the Debtor | $10,000.00 | This Professional Fee Claim will be Paid in Full ten (10) Business Days after the Bankruptcy Court enters an order allowing the Professional Fee Claim. |
| Brutzkus Gubner, Special counsel to the Debtor | $0.00 | This Professional Fee Claim will be Paid in Full ten (10) Business Days after the Bankruptcy Court enters an order allowing the Professional Fee Claim. |

### (c)    Administrative Claims Bar Date

If not previously allowed by a Court order or treated and paid as an Ordinary Course Administrative Claim, all requests for payment of an Administrative Claim that accrued between the Petition Date and the Effective Date (other than the Professional Fee Claims) must be filed with the Bankruptcy Court no later than thirty (30) days after the Effective Date (the "Administrative Claims Bar Date") or shall be forever barred. Within five (5) days of the Effective Date, the Debtor will serve notice of the Administrative Claims Bar Date on all Creditors and parties in interest. Administrative Claims will be paid in full on the later of fifteen (15) days after the date they become an Allowed Claim or the Effective Date. Because there is a specific procedure already in place for payment of the fees of the Chief Restructuring Officer and Grobstein Teeple for their services to the Debtors, they shall not be required to file a request for payment of

---

[3]    These amounts are only estimates and are subject to change. The unpaid amount of allowed final fees and costs for some Professionals may be higher and others may be lower.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1  their Administrative Claim and shall instead continue to comply with the provisions of the

2  order approving their retention under 11 U.S.C. § 363(b).

3          **(d)**    **Deadline for Objections to Administrative Claims**

4      All objections to allowance of Administrative Claims other than Professional Fee

5  Claims must be filed by any parties in interest no later than ninety (90) days after the

6  Administrative Claims Bar Date (the "Administrative Claims Objection Deadline").  If no

7  objection to an Administrative Claim is filed on or before the Administrative Claim

8  Objection Deadline, then the Administrative Claim will be deemed Allowed as of that

9  date, unless the Administrative Claim Objection Deadline is extended by further order of

10  the Court.

11          **2.**    **Priority Tax Claims**

12      Priority Tax Claims include certain unsecured income, sales, employment, and

13  other taxes described by Bankruptcy Code section 507(a)(8).  The Bankruptcy Code

14  requires that each holder of a section 507(a)(8) Priority Tax Claim receive the present

15  value of such Claim in deferred cash payments, over a period not exceeding five years

16  from the order for relief.

17      The following chart lists the Debtor's known section 507(a)(8) Priority Tax Claims

18  and their treatment under the Plan:

19
| Description | Estimated Amount Owed | Treatment |
|---|---|---|
| Franchise Tax Board | $0.00 | Paid in full on the Effective Date |
| Internal Revenue Service | $0.00 | Paid in full on the Effective Date |

21

22      **B.**    **Allowance and Treatment of Classified Claims and Interests**

23      As required by the Bankruptcy Code, the Plan places Claims and Interests into

24  various Classes according to their right to priority and other relative rights.  The charts

25  below list each Class of Claims and Interests pertaining to the Debtor that are established

26  under the Plan and indicates whether the Class is impaired or unimpaired by the Plan.  A

27  Class is unimpaired if the Plan leaves unaltered the legal, equitable, and contractual

28

          6          PLAN

EXHIBIT "B", PAGE 99

**SMILEY WANG-EKVALL, LLP**
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

rights to which the holders of Claims or Interests in the Class are entitled, with limited

exceptions.

### 1.    Secured Claims

Secured Claims are Claims secured by valid liens on property of the Estate.  The

Debtor has no Secured Claims.

### 2.    Class of Priority Unsecured Claims

Certain priority Claims that are referred to in Bankruptcy Code §§ 507(a)(3), (a)(4),

(a)(5), (a)(6), and (a)(7) are required to be placed in Classes.  The Bankruptcy Code

requires that each holder of the above Priority Unsecured Claims, which do not include

Priority Tax Claims, receive Cash on the Effective Date equal to the allowed amount of

such Claim.  However, a Class of Priority Unsecured Claim holders may vote to accept

deferred Cash payments of a value, as of the Effective Date, equal to the allowed amount

of such Claim.

The Debtor is unaware of any Priority Unsecured Claims but, if such Claims exist,

the Debtor will pay these Claims in full on the Effective Date.

| Class | Description | Impaired? | Treatment |
|---|---|---|---|
| 1 | Allowed Priority Unsecured Claims Pursuant to 11 U.S.C. § 507(a)(3) – (7)<br><br>Amount Owed: $0.00 | No | Paid in full on the Effective Date. |

### 3.    Class of General Unsecured Claims

General Unsecured Claims are unsecured Claims not entitled to priority under

11 U.S.C. § 507(a).  Attached to the Disclosure Statement as Exhibit "2" is a list of the

filed/scheduled Claims with their anticipated dispositions depending on the outcome of

the Claims review and objection process.  All rights of the Debtor to object to Claims are

expressly reserved.  The following chart describes the treatment for General Unsecured

Claims.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2926828.1

7

PLAN

| Class | Description | Impaired (Y/N)? | Treatment |
|---|---|---|---|
| 2 | General Unsecured Claims incurred in the operation of the business of Debtor, including prepetition management fees to WJAAM and outstanding obligations to any related Fund, regardless of whether a Proof of Claim is filed<br><br>Estimated total: $2,907.11, depending on the outcome of the review of the General Unsecured Claims and resolution of any objection(s) to General Unsecured Claims | Yes | Within one hundred and twenty (120) days of the Effective Date, the Debtor will make an initial Pro Rata Distribution of the Available Cash, if any, to the holders of Allowed Class 2 Claims. To the extent Allowed Class 2 Claims are not Paid in Full by the initial Pro Rata Distribution and provided that there is Available Cash, the Debtor will make additional interim and/or final Pro Rata Distributions of Available Cash.  The timing of such additional Distributions will be in the discretion of the Debtor.  If there is sufficient Available Cash for all Allowed Class 2 Claims to be fully satisfied, then payments on Allowed Class 2 Claims will include simple interest at the federal judgment rate in effect on the Effective Date from the Petition Date through the date that each Allowed Class 2 Claim is Paid in Full.<br><br>If a Class 2 Claim is disputed when a Distribution is made, then pending resolution of the dispute by a Final Order, the Debtor will reserve sufficient funds to pay the higher Distribution amount. Once the dispute is resolved by a Final Order, the Debtor will make a Distribution on account of the Allowed Class 2 Claim in accordance with the treatment described in the foregoing paragraph. |

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT "B", PAGE 101

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

### 4.    Class of Interest Holders

Interest Holders are the parties who hold ownership Interests in the Debtor. Attached to the Disclosure Statement as Exhibit "3" is the amended *List of Equity Security Holders* filed by the Debtor on April 24, 2018, which reflects the percentage interest of the Interest Holders in the Debtor based on the amounts invested, less distributions or returns received prior to the Petition Date.   The net amount of investments is $890,574.72. The following chart lists the treatment under the Plan of the Interest Holders in the Debtor:

| Class | Description | Impaired (Y/N) | Treatment |
|---|---|---|---|
| 3 | Holders of equity in the Debtor, with the percentage interest calculated based on the total amount invested, less distributions received on account of that investment | Yes | After the Effective Date and within thirty (30) days of all required Plan payments having been made, including Class 2 Claims being Paid in Full, and after creating the reserves contemplated by the Plan, the Debtor will make an initial Pro Rata Distribution of Available Cash, if any, to the Interest Holders.  If additional funds become available, the Debtor will make additional interim Pro Rata Distributions of Available Cash to the Interest Holders.<br><br>Provided that all assets of the Debtor have been liquidated, abandoned or otherwise administered, the Debtor will make a final Pro Rata Distribution of Available Cash to the Interest Holders after all other Allowed Claims have been Paid in Full and after any disputes about the amount of an Interest Holder's percentage interest in the Debtor are resolved by a Final Order.<br><br>If a Class 3 Interest is disputed when a Distribution is made, then pending resolution of the dispute by a Final Order, the Debtor will reserve sufficient funds to pay the higher |

2926828.1

PLAN

EXHIBIT "B", PAGE 102

| Class | Description | Impaired (Y/N) | Treatment |
|-------|-------------|----------------|-----------|
|       |             |                | amount. Once the dispute is resolved by a Final Order, the Debtor will make a Distribution on account of the Allowed Class 3 Interest in accordance with the treatment described in the foregoing paragraph. |

**III.**     **MEANS OF IMPLEMENTING THE PLAN**

This Section is intended to explain how the Debtor intends to effectuate the Plan, and how the Debtor intends to fund the obligations to Creditors and Interest Holders undertaken in the Plan after the occurrence of the Effective Date. This Section provides information regarding funding sources for the Plan obligations and other material issues bearing upon performance of the Plan.

The Debtor will continue to liquidate its Estate assets and distribute the proceeds and funds on hand to its Creditors and Interest Holders as set forth in the Plan.

**A.**     **Operations After the Occurrence of the Effective Date**

**1.**     **Available Cash on the Effective Date and Accrued Operating Liabilities**

As of March 31, 2023, the Debtor is projected to have Available Cash of approximately $28,000.00 and no accrued operating liabilities other than its Professional Fee Claims and ordinary expenses of its Estate.

**2.**     **Post Effective Date Management**

**(a)**     **Continuation of the Chief Restructuring Officer**

On the Effective Date, the Chief Restructuring Officer will continue in his role and have sole authority to act on behalf of the Debtor and be vested with the duties set forth below and in the Plan Confirmation Order. To the extent that the Debtor's operating agreement is inconsistent with the Plan, the Plan shall control.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

EXHIBIT "B", PAGE 103

**(b)**      <u>Removal of the Chief Restructuring Officer</u>

Consistent with the provision in the Debtor's operating agreement for removal of the manager, the Chief Restructuring Officer may be removed from his role in the Case by Court order obtained by a Supermajority-in-Interest of the Interest Holders of that Case upon good cause shown, with good cause existing only if the Chief Restructuring Officer has been grossly negligent in the performance of his duty or he has engaged in willful misconduct or fraud against the Debtor.  The motion shall provide at least thirty (30) days' written notice to the Chief Restructuring Officer, creditors holding Allowed Claims, Interest Holders, and the OUST.  If removed by a Court order, the parties moving to remove the Chief Restructuring Officer shall suggest a disinterested replacement whose retention shall be subject to the approval of the Court on notice to the same parties served with the motion to replace the Chief Restructuring Officer.

**(c)**      <u>Resignation of the Chief Restructuring Officer</u>

If the Chief Restructuring Officer resigns the Case, a successor shall be retained by the Debtor on an interim basis within thirty (30) days of the resignation or cessation of service of the Chief Restructuring Officer.  As soon as practicable and assuming that the Case remains open, the Debtor shall file a motion on notice to all creditors holding Allowed Claims and the OUST to approve the retention of a successor Chief Restructuring Officer.  No motion is required if the Case is closed.  The appointment shall become permanent upon entry of a Court order or, if the Bankruptcy Case is closed, upon majority vote of the Interest Holders.  Any successor Chief Restructuring Officer shall be subject to the same general qualifications and shall have the same rights, powers, duties, and discretion, and otherwise be in the same position as the original Chief Restructuring Officer.

**(d)**      <u>Powers and Authority of the Chief Restructuring Officer</u>

On and after the Effective Date and except as otherwise set forth in the Plan and notwithstanding anything to the contrary in the operating agreement, the powers and authority of the Chief Restructuring Officer on behalf of the Debtor shall include, but not

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

be limited to, liquidating, abandoning or otherwise administering the Estate assets, taking

any action, filing or causing to be filed any proceeding, instituting and prosecuting any

litigation, executing any document, entering into any compromise or settlement, or taking

any such other actions consistent with the Plan in connection with or related to:

(a)     the Plan;

(b)     monitoring the Debtor's performance under the Plan and making

distributions required under the Plan from Available Cash;

(c)     determining the allowability, classification, and priority of Claims and

Interests;

(d)     construing or administering or enforcing the terms of the Plan, the

Confirmation Order, or any order of the Court;

(e)     the opening or closing of any account that the Chief Restructuring Officer

determines is reasonable, necessary, or required under the Plan, and making any

withdrawals or deposits in connection therewith;

(f)     reviewing, approving or opposing any applications or requests for

compensation and reimbursement of the expenses of any Professionals that are filed or

served after the Effective Date;

(g)     filing, prosecuting, compromising or settling any Post-Confirmation Estate

Claims;

(h)     any applications, motions, adversary proceeding, contested matters, and

any other litigated matters instituted before, on, or after the Effective Date;

(i)     modifying the Plan under Bankruptcy Code § 1127 in order to remedy any

apparent defect or omission in the Plan, or to reconcile an inconsistency in the Plan so as

to carry out its intent and purpose;

(j)     the seeking of an injunction, judgment or order or taking any other action as

may be necessary or appropriate to restrain interference with the Plan or the

Confirmation Order;

(k)     aiding in consummation of the Plan or the Confirmation Order;

12

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1    (l)    administration of the Case and the Plan, including retaining, hiring, or

2    terminating any employee, agent, staff, outside contractor, or professional;

3    (m)    the preparation, execution and filing of any tax return on behalf of the

4    Debtor, including final tax returns; and

5    (n)    liquidating assets and obtaining a final decree and dissolving the Debtor.

6    In addition, on and after the Effective Date, as the case may be, the Chief

7    Restructuring Officer shall be authorized to execute, do and perform, in the name of and

8    on behalf of the Debtor, such acts and to prepare, execute, acknowledge, verify, file,

9    deliver, and cause to be published such certificates, agreements, notices, reports,

10    applications, declarations, instruments and documents as the Chief Restructuring Officer

11    may deem necessary and appropriate in his discretion in order to carry into effect the

12    decisions of the Debtor and the terms and provisions of the Plan.  The Chief

13    Restructuring Officer's performance of any such actions and execution and delivery of

14    any such documents shall constitute conclusive evidence of such authority.

15    **(e)    Maintenance of Books and Records**

16    The Chief Restructuring Officer shall continue to maintain the books and records

17    of account relating to any assets and liabilities of the Debtor.  If the Chief Restructuring

18    Officer resigns or is removed, the Chief Restructuring Officer shall fully cooperate with his

19    or her successor and turn over all books and records maintained by the Chief

20    Restructuring Officer related to his or her duties in connection with the Plan.  The Chief

21    Restructuring Officer may destroy the books and records of the Debtor when its final

22    decree is obtained or it is dissolved under applicable law.

23    **(f)    Expenses of the Debtor**

24    The Chief Restructuring Officer shall be responsible for payment of all reasonable

25    operating expenses of the Debtor from Available Cash.  The Chief Restructuring Officer

26    shall have no personal liability for any expenses of the Debtor.

27

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2926828.1

13

PLAN

**(g)**     **Fees and Expenses of the Chief Restructuring Officer**

From Available Cash and notwithstanding anything to the contrary in the Debtor's operating agreement, the Chief Restructuring Officer shall receive, in connection with his duties under the Plan, compensation at his then prevailing hourly rates and reimbursement of fees and expenses incurred by him in connection with the performance of these duties.  The Debtor shall be solely responsible for the fees and costs incurred in connection with its postconfirmation operations and winding down.  The Chief Restructuring Officer may utilize employees of Grobstein Teeple, LLP, to fulfill his duties under the Plan and may pay them their then prevailing hourly rates for those services without the need for any order of the Court.

**(h)**     **Professionals Employed by the Chief Restructuring Officer**

The Chief Restructuring Officer may retain such professionals on behalf of the Debtor as he or she deems necessary to assist the Debtor with fulfilling its duties under the Plan without Bankruptcy Court approval, and these professionals may be compensated from Available Cash without Bankruptcy Court approval.

**(i)**     **Liability of the Chief Restructuring Officer**

The Chief Restructuring Officer and his professionals shall not be personally liable for any claim asserted against the Debtor whatsoever.  The Chief Restructuring Officer shall not have or incur any liability to any person or entity for any postpetition act taken or omitted to be taken in connection with or related to the Plan except for acts of the Chief Restructuring Officer that are the result of gross negligence, willful misconduct, fraud, or intentional misrepresentation, and provided further that the Chief Restructuring Officer may rely on the advice of his counsel, if any, concerning his duties pursuant to or in connection with the Plan or any other related document, instrument, or agreement.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

**(j)    Conflicts with Operating Agreements**

In the event that any of the provisions in the Plan conflict with the operating agreement, the Plan and the Plan Confirmation Order shall prevail and the operating agreement is deemed amended as appropriate.

**(k)    Termination of the Duties of the Chief Restructuring Officer**

Once the Estate assets have been liquidated, abandoned or otherwise fully administered, its final decree has been entered, the limited liability company has been dissolved, and all payments required by the Plan have been made, the Chief Restructuring Officer shall be deemed discharged from all duties under the Plan.  If the Case is converted to one under chapter 7, the Chief Restructuring Officer shall be deemed discharged of his duties for the Debtor as of the date of conversion of the Case, except that he shall be required to attend the meeting of creditors and to turn over documents to the chapter 7 trustee that will be necessary for the administration of the Case.

**B.    Corporate Actions**

On the Effective Date, all actions contemplated by the Plan shall be deemed authorized and approved in all respects, subject to the provisions of the Plan, by virtue of entry of the Confirmation Order, in accordance with the Bankruptcy Code and applicable state law and without any requirement of further action by the Chief Restructuring Officer or the Debtor.

**C.    Post-Confirmation Estate Claims, Including Avoidance Actions**

On the Effective Date, the Debtor will be vested with authority to enforce, file, litigate, prosecute, settle and collect Post-Confirmation Estate Claims, although the Debtor will not be required to do so unless it determines that doing so would be in the best interests of its Creditors or Interest Holders.

The Debtor has not made a final determination of whether any Post-Confirmation Estate Claims exist.  However, the Debtor and the Chief Restructuring Officer are

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

investigating the use of funds by William Jordan and whether any claims exist against Mr. Jordan or his family members or associates related to either the operation of the Debtor's business or any impermissible use of its funds.  They are also analyzing the existence and verification of intercompany receivables.  Therefore, the right to pursue Post-Confirmation Estate Claims related to those issues is explicitly reserved. Any known intercompany receivables are as listed on the Schedules.  The investigation will continue after the Effective Date.  As a result, all parties are advised that even if a specific Post-Confirmation Estate Claim is not listed, disclosed, or set forth in the Plan, a Post-Confirmation Estate Claim may be filed against any creditor or other party at any time prior to the expiration of the statute of limitations.  Notwithstanding the foregoing, any claims against the Debtor or its insiders or third parties for receipt of fraudulent transfers from the Debtor or any other claims or causes of action are specifically reserved, as are any claims against creditors or equity holders who received payments from the Debtor in the ninety days prior to the Petition Date or insiders who received payments from the Debtor in the one year prior to the Petition Date.  Any Net Proceeds from recoveries from Post-Confirmation Estate Claims shall be used to make payments on account of Allowed Claims and/or Interests in accordance with the Plan.

### D.    Bankruptcy Court Approval of Post-Confirmation Matters

Nothing contained in the Plan shall be deemed to require or impair in any manner the right of any party in interest to seek at any time after the Effective Date orders of the Bankruptcy Court approving actions to be taken in a manner consistent with the Plan as may be necessary or desirable to effectuate the provisions of the Plan.  The Debtor may, but is not required to, seek Bankruptcy Court approval for any settlements or compromises, including Claim or Interest objection settlements or stipulations, entered into after the Effective Date.

### E.    Right to Setoff

Pursuant to 11 U.S.C. § 553 or applicable non-bankruptcy law, the Debtor and the Chief Restructuring Officer may, but shall not be required to, set off against any Allowed

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

EXHIBIT "B", PAGE 109

Claim and the Distribution to be made pursuant to the Plan on account of such Allowed Claim any account stated, claim, right, or cause of action which the Debtor or the Estate possesses against the holder of such Allowed Claim; provided, however, that neither the failure to effect such a setoff nor the allowance of any Claim shall constitute a waiver or release by the Debtor or the Chief Restructuring Officer of any such account, claim, right, or cause of action that they may possess against the holder of such Allowed Claim.

As allowed by Section 553 of the Bankruptcy Code, the Internal Revenue Service shall be entitled to set off against any amounts that the Internal Revenue Service may owe to the Debtor on account of any overpayments by the Debtor of pre-confirmation taxes any pre-confirmation tax liabilities that the Debtor may owe to the Internal Revenue Service.

**F.    Distributions**

**1.    Dates of Distributions**

Distributions required to be made on the Effective Date shall be deemed timely made as soon as practicable after such date and, in any event, within fifteen (15) days of such date.  Any Distribution required to be made when a Disputed Claim becomes an Allowed Claim shall be deemed timely made if made as soon as practicable thereafter but, in any event, within fifteen (15) days after entry of a Final Order allowing the Allowed Claim.

**2.    Manner of Distribution**

At the option of the Debtor, monetary Distributions may be made in cash, wire transfer, or by a check drawn on a domestic bank approved by the OUST.

**3.    Undeliverable Distributions**

Distributions to holders of Allowed Claims and Interests will be sent to the last known address set forth on such holder's Proof of Claim or Interest filed with the Bankruptcy Court, or on the schedules, if no Proof of Claim or Interest was filed.  Holders of Claims or Interests may change the address to which distributions will be sent by filing a written change of address with the Bankruptcy Court and serving a copy of the change

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

of address on the Debtor.  If a Distribution is returned as undeliverable, the Distribution shall be held by the Debtor and it shall not be required to take any further action with respect to the delivery of the Distribution unless and until the Debtor is notified in writing of the then current address of the person or entity entitled to receive the Distribution. Unless and until the appropriate Debtor is so notified, such Distribution shall be deemed to be "Unclaimed Property" and shall be dealt with in accordance with the provision below for Distribution of Unclaimed Property.

### 4.    Rounding of Payments

Whenever payment of a fraction of a cent would otherwise be called for, the actual payment shall reflect a rounding down of such fraction to the nearest whole cent.

### 5.    Compliance with Tax Requirements

The Debtor shall comply with all withholding and reporting requirements imposed by federal, state, or local taxing authorities in connection with making distributions under the Plan.

In connection with each distribution with respect to which the filing of an information return (such as an Internal Revenue Service Form 1099 or 1042) or withholding is required, the Debtor shall file such information return with the Internal Revenue Service and provide any required statements in connection therewith to the recipients of such Distribution, or effect any such withholding and deposit all moneys so withheld to the extent required by law.  With respect to any person or entity from whom a tax identification number, certified tax identification number, or other tax information is required by law to avoid withholding has not been received by the Debtor, then the Debtor may, in its sole option, withhold the amount required and distribute the balance to such person or entity or decline to make such a Distribution until the information is received.

### 6.    Distribution of Unclaimed Property

If a Distribution is returned to the Debtor as undeliverable, then such Distribution amount shall be deemed to be "Unclaimed Property."  Nothing contained in the Plan shall

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

require the Debtor, or anyone else, to attempt to locate such person or entity.  The Unclaimed Property shall be set aside and, in the case of Cash, held in an interest-bearing account to be maintained by the Debtor.  If such person or entity presents itself within six (6) months of the date of the payment returned undeliverable, then the Unclaimed Property shall be distributed to such person or entity, together with any interest or dividends earned thereon.  If such person or entity does not present itself within six (6) months of the date of the payment returned undeliverable, then any such Unclaimed Property and accrued interest or dividends earned thereon shall become the property of and be distributed to the other holders of Allowed Claims or to Interest Holders in accordance with the Plan.

### 7.    De Minimis Distributions

If any single distribution required by the Plan would be for an amount of $5.00 or less, then the Debtor shall not be required to process the distribution and may, at its option, either add the distribution to the next distribution if the collective amount would be greater than $5.00 or treat the distribution as an undeliverable distribution.

### 8.    Limitation of Liability

Neither the Debtor, the Chief Restructuring Officer, nor any of their respective employees, members, officers, directors, shareholders, agents, or Professionals shall be liable for (i) any acts or omissions, except for willful misconduct or gross negligence, in connection with implementing the Distribution provisions of the Plan and the making or withholding of Distributions under the Plan, or (ii) any change in the value of Distributions made under the Plan resulting from any delays in making such Distributions in accordance with the terms of the Plan (including, but not limited to, any delays caused by the resolution of Disputed Claims).

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

EXHIBIT "B", PAGE 112

G.    **Claim and Interest Objections and Disputed Claims and**

**Interests**

1.    **Standing**

On the Effective Date, the Debtor shall have the exclusive standing and right to prosecute objections to Claims and Interests against the Estate.  All rights of the Debtor to object to Claims including, without limitation, those set forth on Exhibit "2" to the Disclosure Statement, and/or Interests are expressly reserved.

2.    **Claims and Interests Objection Deadline**

Unless extended as set forth herein, any objection to a Claim or Interest other than an Administrative Claim must be filed with the Bankruptcy Court and served on the Holder of the Claim or Interest within one hundred and twenty (120) days of the Effective Date (the "Claims Objection Deadline").  An initial Claims Objection Deadline may be extended for one sixty (60) day period by the filing by the Debtor of a notice of extension of the Claims Objection Deadline.  Any further requests for an extension of the Claims Objection Deadline may be obtained from the Bankruptcy Court for cause and the request must be made prior to the expiration of the time to object and may be made by any party-in-interest on service to the Debtor, if it is not the moving party, and the OUST. There is no limit to the number of extensions that may be sought.

3.    **Treatment of Disputed Claims and Interests**

(a)    **No Distribution Pending Allowance**

If any portion of a Claim or Interest is a Disputed Claim or Interest, no Distribution provided for under the Plan shall be made on account of such Claim or Interest unless and until such Claim or Interest becomes an Allowed Claim or Allowed Interest.

(b)    **Reserves for Disputed Claims and Interests**

In the event that Disputed Claims or Interests are pending at the time of a Distribution under the Plan, the Debtor shall maintain a reasonable reserve for such Disputed Claims or Interests.  No Distribution of funds shall be made from that reserve until such Disputed Claim or Interest has been determined by a Final Order of the

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

Bankruptcy Court.  If a Disputed Claim or Interest is ultimately disallowed by the Bankruptcy Court, the amount reserved for that Disputed Claim or Interest shall revest in the Debtor free and clear of such Disputed Claim or Interest to be distributed pursuant to the Plan.

**H.    EXECUTORY CONTRACTS AND LEASES AND BAR DATE FOR REJECTION DAMAGES**

Although the Debtor is unaware of any executory contracts or unexpired leases, out of an abundance of caution and to the extent any exist, effective as of, and conditioned upon the occurrence of the Effective Date, the Debtor shall reject any executory contracts and unexpired leases of the Debtor.  Any Claim arising out of the rejection of an executory contract or unexpired lease shall be forever barred and shall not be enforceable against the Debtor or entitled to a distribution under the Plan unless a Proof of Claim for such Rejection Claim is filed and served on the Debtor and the Chief Restructuring Officer within thirty (30) days after the later of (i) the entry of the order of the Bankruptcy Court approving the rejection of the executory contract or unexpired lease or (ii) the Effective Date.

**IV.    MISCELLANEOUS PROVISIONS**

**A.    Provisions Regarding Limitation of Liability**

**1.    No Liability for Solicitation or Participation**

As specified in Section 1125(e) of the Bankruptcy Code, entities that either solicit acceptances or rejections of the Plan or that participate in the offer, issuance, sale, or purchase of securities offered or sold under the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code will not be liable, on account of such solicitation or participation, for violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or the offer, issuance, sale, or purchase of securities.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

### 2.    Limitation of Liability

Effective on the Effective Date, neither the Debtor, the Chief Restructuring Officer, nor any of their respective members, officers, directors, shareholders, employees, and other agents, advisors, and Professionals will have or incur any liability to any Creditor or Interest Holder or to any other person for any act or omission in connection with or arising out of the negotiation, preparation, and pursuit of confirmation of the Plan, the approval of this Disclosure Statement, the consummation of the Plan, the administration of the Plan, the Case, or the property to be distributed under the Plan, to the extent permitted by applicable statutes and case law, except that the Debtor will be liable for the performance of obligations assumed by them or imposed upon them under or by the Plan.  For the avoidance of doubt, this limitation of liability shall not extend to acts that are the result of willful misconduct or gross negligence.

### B.    Vesting of Property of the Estate

Except as otherwise provided in the Plan or in any agreements contemplated under the Plan, property of the Estate shall remain vested in the Estate on and after the Effective Date.

### C.    Modification of Plan

The Debtor may modify the Plan at any time before confirmation.  However, the Bankruptcy Court may require a new disclosure statement and/or re-voting on the Plan. The Debtor may also seek to modify the Plan at any time after confirmation only if (1) the Plan has not been substantially consummated and (2) the Bankruptcy Court authorizes the proposed modifications after notice and a hearing.

### D.    Post-Confirmation Status Report

Until its final decree is obtained, the Debtor shall submit its postconfirmation status reports as part of the chapter 11 status report filed by the Debtors, and its portion shall contain the information required by Local Bankruptcy Rule 3020-1(b).

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

### E.   Post-Confirmation Fees to the OUST

Pursuant to 28 U.S.C. § 1930(a)(6), quarterly fees to the Office of the United States Trustee will continue to be due until each Case is closed, dismissed, or converted to Chapter 7, at the rate in effect at the time such fees are due.  Such fees shall be paid by the Debtor.

### F.   Final Decree

Upon substantial consummation of the Plan, the Debtor may file a motion with the Court seeking entry of a final decree closing its Case as contemplated by Federal Rule of Bankruptcy Procedure 3022.

### G.   Post-Confirmation Conversion/Dismissal

A Creditor or party in interest may bring a motion to convert or dismiss the case under 11 U.S.C. § 1112(b), after the Plan is confirmed, if there is a default in performing the Plan.  If the Bankruptcy Court orders the Case converted to Chapter 7 after the Plan is confirmed, then all property that had been property of the Debtor and that has not been disbursed pursuant to the Plan, will revest in their particular Chapter 7 estate.  The automatic stay will remain in effect as to the revested property, but only to the extent that relief from stay was not previously authorized by the Bankruptcy Court during this case.

### H.   Governing Law

Unless a rule of law or procedure is supplied by federal law, including the Bankruptcy Code and the Bankruptcy Rules, the laws of the State of California (without reference to its conflict of law rules) will govern the construction and implementation of the Plan and any agreements, documents, and instruments executed in connection with the Plan unless otherwise specifically provided in such agreements, documents, or instruments.

### I.   Successors and Assigns

The rights, benefits, and obligations of any person or entity named or referred to in the Plan will be binding on, and will inure to the benefit of, the heirs, executors, administrators, successors, and assigns of each person and entity.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

**J.    Exemption from Certain Transfer Taxes and Recording Fees**

Pursuant to Section 1146(c) of the Bankruptcy Code, the issuance, transfer, or exchange of a security, or the making or delivery of an instrument of transfer under the Plan may not be taxed under any law imposing a stamp tax or similar tax.  The taxes from which such transfers are exempt include stamp taxes, recording taxes, sales and use taxes, transfer taxes, and other similar taxes.

**K.    Prohibition of Non-Voting Securities**

To the extent required by Section 1123(a)(6) of the Bankruptcy Code, the Debtor will include in its charter any necessary provision prohibiting the issuance of non-voting securities.

**L.    No Discharge**

Because this is a liquidating plan, the Debtor will not receive a discharge following confirmation of the Plan pursuant to 11 U.S.C. § 1141.

**M.    Retention of Jurisdiction**

The Bankruptcy Court will retain jurisdiction of all matters arising in or related to the Plan to the fullest extent provided by law until the Plan is fully consummated, including, without limitations:

1.    The liquidation, abandonment or administration of the assets of the Debtor;

2.    The adjudication of the validity, scope, classification, allowance, and disallowance of any Claim or Interest;

3.    The estimation of any Claim;

4.    The allowance or disallowance of Professional Fee Claims, compensation, or other Administrative Claims;

5.    To hear and determine Claims concerning taxes pursuant to Bankruptcy Code sections 346, 505, 525, and 1146;

6.    To hear and determine any action or proceeding brought under Bankruptcy Code sections 108, 510, 543, 544, 545, 547, 548, 549, 550, 551, and 553;

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

7.    To hear and determine all actions and proceedings relating to pre-confirmation matters;

8.    To hear and determine any issue relating to the assumption or rejection of executory contracts and unexpired leases;

9.    To hear and determine any modification to the Plan in accordance with the Bankruptcy Rules and the Bankruptcy Code;

10.    To enforce and interpret terms of the Plan;

11.    To correct any defects, cure any omissions, or reconcile any inconsistency in the Plan or the Confirmation Order as may be necessary to carry out the purpose and intent of the Plan;

12.    To interpret and enforce the discharge provisions of the Plan;

13.    To hear and determine such matters and make such orders as are consistent with the Plan as may be necessary to carry out the provisions thereof and to adjudicate any disputes arising under or related to any order entered by the Bankruptcy Court in these Cases;

14.    The entry of an order concluding and terminating the Case; and

15.    To reopen the Case to resolve any disputes relating to the foregoing and/or to interpret and enforce the terms of the Plan or the Confirmation Order.

DATED: December 22, 2022        SMILEY WANG-EKVALL, LLP

By:      */s/ Philip E. Strok*
          PHILIP E. STROK
          Attorneys for Prosper Managed Fund, LLC,
          Debtor-in-Possession

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

**PLAN DEFINITIONS**

**A.    Definitions**

The following defined terms are used in this Plan.  Any capitalized term that is not defined herein, but that is defined in the Bankruptcy Code or in the Bankruptcy Rules shall have the meaning ascribed to that term in the Bankruptcy Code or Bankruptcy Rules.

"Administrative Claim" means a Claim for costs and expenses of the administration of a Case under Section 503(b) or 507(a)(1) of the Bankruptcy Code, including, without limitation, a Claim of a Professional employed at the expense of the Estate and any fees or charges asserted against an Estate under 28 U.S.C. § 1930.

"Administrative Claims Bar Date" is thirty (30) days after the Effective Date and is the deadline by which all requests for payment of an Administrative Claim that accrued between the Petition Date and the Effective Date, other than Professional Fee Claims, must be filed with the Court.

"Administrative Claims Objection Deadline" means ninety (90) days after the Administrative Claims Bar Date.  If no objection to an Administrative Claim is filed on or before the Administrative Claim Objection Deadline, then the Administrative Claim will be deemed Allowed as of that date.

"Allowed Administrative Claim" means an Administrative Claim allowed pursuant to Sections 503(b) or 507(a)(1) of the Bankruptcy Code or pursuant to 28 U.S.C. § 1930.

"Allowed Claim" means a Claim that is either (i) listed in the Schedules filed with the Bankruptcy Court by the Debtor and not listed as disputed, contingent, unliquidated or unknown as to amount and as to which no timely objection has been filed; or (ii) with respect to which a Proof of Claim has been filed within the time period fixed by the Bankruptcy Court, and as to which no objection was filed within the time period fixed by the Bankruptcy Code, the Bankruptcy Rules, this Plan or order of the Bankruptcy Court, or any earlier date as determined by the Chief Restructuring Officer in the exercise of his or her reasonable business judgment, or as to which any such objection has been

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

determined by a Final Order.  The amount of an Allowed Claim shall be as follows: (a) if the Creditor did not file a Proof of Claim with the Bankruptcy Court on or before the Bar Date, the amount of the Creditor's Claim as listed in the Schedules as neither disputed, contingent, unliquidated or unknown; or (b) if the Creditor filed a Proof of Claim with the Bankruptcy Court on or before the Bar Date, (1) the amount stated in such Proof of Claim if no objection to such Proof of Claim was filed within the time period fixed by the Bankruptcy Code, the Bankruptcy Rules, this Plan or order of the Bankruptcy Court, or (2) the amount thereof as fixed by a Final Order of the Bankruptcy Court if an objection to such Proof of Claim was filed within the time period fixed by the Bankruptcy Code, the Bankruptcy Rules, this Plan or order of the Bankruptcy Court.  Any Claim that is not filed by the applicable Bar Date and that is listed as disputed, unliquidated, contingent or unknown, or that is not allowed under the terms of this Plan, shall be zero, and no Distribution shall be made on account of such Claim.

"Allowed Cure Claim" means an Allowed Claim for Cure Claims pursuant to the terms of this Plan and a Final Order.

"Allowed General Unsecured Claim" means an unsecured Allowed Claim against the Debtor, however arising, not entitled to priority under Section 507(a) of the Bankruptcy Code, including, without limitation, a Rejection Claim.

"Allowed Interest" means an Interest to the extent, and only to the extent, of the allowed amount of such Interest.  The amount of an Allowed Interest shall be (i) the amount provided by or established in the records of the Debtor on the Confirmation Date, provided, however, that a timely filed Proof of Interest shall supersede any listing of such Interest on the records of the Debtor; (ii) the amount stated in a timely filed Proof of Interest if no objection to such Interest is filed prior to the applicable Claims Objection Deadline or such later date as the Bankruptcy Court allows; or (iii) the amount of such Interest as fixed by a Final Order of the Bankruptcy Court.

"Allowed Priority Tax Claim" means an Allowed Claim provided for by Section 507(a)(8) of the Bankruptcy Code.

"Allowed Priority Unsecured Claim" means an unsecured Allowed Claim entitled to priority under Sections 507(a)(3)-(7) of the Bankruptcy Code.

"Allowed Professional Fee Claim" means an Allowed Claim provided for by Section 507(a)(2) and Section 503(b) of the Bankruptcy Code.

"Allowed Secured Claim" means an Allowed Claim secured by a valid and unavoidable Lien against property in which an Estate has an interest, or which is subject to setoff under Section 553 of the Bankruptcy Code, to the extent of the value, determined in accordance with Section 506(a) of the Bankruptcy Code, of the interest of the holder of such Allowed Claim in the Estate's interest in such property, or to the extent of the amount subject to any setoff as the case may be.

"Available Cash" means the cash remaining after the Debtor's reasonable operating expenses are paid and/or reserved for.

"Avoidance Action" means any action or proceeding filed pursuant to the provisions of Sections 510, 542, 543, 544, 545, 547, 548, 549 or 550 of the Bankruptcy Code, or any similar action or proceeding filed to recover property for or on behalf of an Estate or to avoid a Lien or transfer.

"Bankruptcy Code" means title 11, United States Code, as amended.  All citations in this Plan to Section numbers are to the Bankruptcy Code, unless otherwise expressly stated herein.

"Bankruptcy Court" or "Court" means the United States Bankruptcy Court for the Central District of California, Santa Ana Division, which has jurisdiction over the Case and the Estate of the Debtor, or such successor court or tribunal as may hereafter be confirmed or created by lawful authority with power to confirm reorganization plans under Chapter 11 of the Bankruptcy Code and all applicable statutes, rules and regulations pertaining thereto.

"Bankruptcy Rules" means, collectively, the Federal Rules of Bankruptcy Procedure, as amended, and the Local Bankruptcy Rules for use in the United States Bankruptcy Court for the Central District of California, as amended.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

"Business Day" means any day, other than a Saturday, a Sunday or a "legal holiday," as defined in Rule 9006(a) of the Bankruptcy Rules.

"Case" means the Chapter 11 case commenced by the Debtor on the Petition Date and pending before the Bankruptcy Court as jointly administered Case No. 8:17-bk-11996-SC.

"Cash" means cash and cash equivalents including, but not limited to, checks or similar forms of payment or exchange.

"Chief Restructuring Officer" means Howard Grobstein, who was appointed pursuant to an order entered on June 15, 2017, or any successor appointed pursuant to the provisions of the Plan.

"Claim" means (i) a right to payment from the Debtor, whether or not such right to payment is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, and includes any claims based on, arising from, or connected with any work performed by the Debtor prior to the Petition Date, or (ii) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment from the Debtor whether or not such right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

"Claims Bar Date" means the last date for Creditors and Interest Holders whose Claims or Interests are not scheduled, or are scheduled as disputed, contingent, unliquidated or unknown in the Debtor's Schedules to file Proofs of Claim or Interest, except for the following Claims: (i) Administrative Claims; and (ii) Rejection Claims.

"Claims Objection Deadline" means the one hundred and twentieth (120th) day after the Effective Date or such greater period of limitation as may be fixed or extended as set forth in the Plan or by agreement between the Debtor or the Chief Restructuring Officer and the Creditor or Interest Holder.

"Class" means the group of Claims or Interests classified in Article II of the Plan pursuant to Sections 1122 and 1123 of the Bankruptcy Code.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1    "Confirmation Date" means the date on which the Bankruptcy Court enters the

2    Confirmation Order.

3    "Confirmation Hearing" means the hearing(s) scheduled by the Bankruptcy Court

4    for the purpose of considering the confirmation of this Plan.

5    "Confirmation Order" means the order, as entered, of the Bankruptcy Court

6    confirming this Plan.

7    "Creditor" means the holder of an Allowed Claim or Allowed Administrative Claim.

8    "Cure Claims" means the amounts necessary to cure any defaults under executory

9    contracts and unexpired leases assumed under the Plan.

10    "Debtor" refers to Prosper Managed Fund, LLC.

11    "Debtors" refers to the twenty-seven entities that filed chapter 11 bankruptcy

12    petitions in 2017, including the Debtor, and whose bankruptcy cases are being jointly

13    administered.

14    "Disclosure Statement" means the *Disclosure Statement Describing Chapter 11*

15    *Plan of Liquidation of Prosper Managed Fund, LLC*, as the same may be further

16    amended or modified from time to time.

17    "Disputed Claim" means all or any part of a Claim that is the subject of a timely

18    objection or request for estimation which is filed on or before the Claims Objection

19    Deadline, which objection or request for estimation has not been withdrawn or

20    determined by a Final Order.  In addition, prior to the earlier of (a) the Claims Objection

21    Deadline, and (b) such date as the Bankruptcy Court allows the Claim pursuant to a Final

22    Order, any Claim that is evidenced by a Proof of Claim shall be deemed a Disputed

23    Claim for purposes of calculating and making any Distributions under this Plan if: (1) no

24    Claim corresponding to the Proof of Claim is listed in the Schedules, (2) the Claim

25    corresponding to the Proof of Claim is listed in the Schedules as disputed, contingent,

26    unliquidated or unknown, (3) the amount of the Claim as specified in the Proof of Claim

27    exceeds the amount of any corresponding Claim listed in the Schedules as not disputed,

28    not contingent, and liquidated, but only to such extent, or (4) the priority or classification

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1  of the Claim as specified in the Proof of Claim differs from the priority of any

2  corresponding Claim listed in the Schedules.

3      "Disputed Interest" means all or any part of an Interest that is the subject of a

4  timely objection or request for estimation which is filed on or before the Claims Objection

5  Deadline, which objection or request for estimation has not been withdrawn or

6  determined by a Final Order.  In addition, prior to the earlier of (a) the Claims Objection

7  Deadline, and (b) such date as the Bankruptcy Court allows the Interest pursuant to a

8  Final Order, any Interest that is evidenced by a Proof of Interest shall be deemed a

9  Disputed Interest for purposes of calculating and making any Distributions under this Plan

10  if: (1) no Interest corresponding to the Proof of Interest is listed in the Schedules, (2) the

11  Interest corresponding to the Proof of Interest is listed in the Schedules as disputed,

12  contingent, unliquidated or unknown, (3) the amount of the Interest as specified in the

13  Proof of Interest exceeds the amount of any corresponding Interest listed in the

14  Schedules as not disputed, not contingent, and liquidated, but only to such extent, or

15  (4) the priority or classification of the Interest as specified in the Proof of Interest differs

16  from the priority of any corresponding Interest listed in the Schedules.

17      "Distribution" means the Cash that is required to be distributed under this Plan to

18  the holders of Allowed Claims and Interests.

19      "Effective Date" means the date that is three (3) weeks after entry of the

20  Confirmation Order, provided that there is no stay of effectiveness of the Confirmation

21  Order.  If such a stay is issued other than by operation of Federal Rule of Bankruptcy

22  Procedure 3020(e), then the Effective Date shall be the date that is two (2) weeks after

23  the Confirmation Order becomes a Final Order.

24      "Estate" means the bankruptcy estate of the Debtor created under Section 541 of

25  the Bankruptcy Code in the Case.

26      "Final Order" means an order or judgment of the Bankruptcy Court, or of any court

27  of competent jurisdiction where there is pending an action in which the Debtor is a party,

28  as to which the time to appeal, petition for certiorari, or move for reargument or rehearing

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

has expired and as to which no appeal, petition for certiorari, or other proceeding for reargument or rehearing shall then be pending or as to which any right to appeal, petition for certiorari, move to reargue, or to rehear shall have been waived in writing in form and substance satisfactory to the Debtor.

"General Fees and Costs" means the fees and costs incurred by a Professional that cannot be allocated to a particular debtor because they generally benefitted all of the Debtors, and which will be allocated as set forth in the Plan.

"General Unsecured Claim" means an unsecured Claim against the Debtor, however arising, not entitled to priority under Section 507(a) of the Bankruptcy Code, including, without limitation, a Rejection Claim and prepetition management fees due to the manager under the Operating Agreement, without the necessity of filing a Proof of Claim for those management fees.

"General Unsecured Creditor" means the holder of an Allowed General Unsecured Claim.

"Governmental Unit" shall have the meaning provided in Section 101(27) of the Bankruptcy Code.

"Interest" means any ownership interest in the Debtor, as provided by Section 101(16) of the Bankruptcy Code, including, without limitation, any common stock interest, preferred stock interest, stock option, warrant, partnership interest, or membership interest.

"Interest Holder" means the holder of an Interest in the Debtor.

"Internal Revenue Code" means the Internal Revenue Code of 1986, as amended.

"Majority" means more than 50% of the percentage ownership interests in the Debtor, without regard to the number of Interest Holders.

"Net Proceeds" means any proceeds generated from the pursuit of Post-Confirmation Estate Claims, net of all attorneys' fees and other costs necessary to recover such proceeds.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

"<u>Ordinary Course Administrative Claims</u>" means all Administrative Claims incurred in the ordinary course of the Debtor's business on or after the Petition Date and includes such items as utilities and claims of vendors for services rendered to the Debtor after the Petition Date and prior to the Effective Date.

"<u>Paid in Full</u>" means the Debtor's payment obligations to a particular Class of Creditors under this Plan have been fully satisfied.

"<u>Petition Date</u>" means May 18, 2017, the day that the Debtor filed its voluntary chapter 11 petition.

"<u>Plan</u>" means the *Chapter 11 Plan of Liquidation of Prosper Managed Fund, LLC*, together with any exhibits, as the same may be amended or modified from time to time.

"<u>Plan Proponent</u>" means the Debtor.

"<u>Post-Confirmation Estate Claims</u>" means any and all claims and causes of action that constitute property of the Estate including, but not limited to, any Avoidance Actions, breach of fiduciary duty and related tort claims against former officers and directors, equitable subordination or debt recharacterization actions against creditors or principals of the Debtor, any causes of action or claims for recovery of any amounts owing to the Debtor or the Estate, including intercompany receivables, and any claims or causes of action against the Debtor's insurance carriers, if any, including but not limited to potential D&O claims.

"<u>Priority Tax Claim</u>" means any Claim provided for by Section 507(a)(8) of the Bankruptcy Code.

"<u>Priority Unsecured Claim</u>" means any Claim provided for by Section 507(a)(3) – (7) of the Bankruptcy Code, and does not include any Priority Tax Claims.

"<u>Professional</u>" means a person or entity employed pursuant to a Final Order in accordance with Sections 327 or 1103 of the Bankruptcy Code.

"<u>Professional Fee Claims</u>" means Claims for fees of a person or entity employed pursuant to a Final Order in accordance with Sections 327 or 1103 of the Bankruptcy Code.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1    "Proof of Claim" means a written statement filed in a Case by a Creditor in which

2  the Creditor sets forth the amount of its Claim, in accordance with Rule 3001 of the

3  Bankruptcy Rules.

4    "Proof of Interest" means a written statement filed in a Case by an Interest Holder

5  in which the Interest Holder sets forth the amount of its interest.

6    "Pro Rata" means proportionately, so that with respect to any Distribution in

7  respect of any Allowed Claim or Allowed Interest, the ratio of (i) (a) the amount of

8  property distributed or reserved on account of such Allowed Claim or Allowed Interest to

9  (b) the amount of such Allowed Claim or Allowed Interest, is the same as the ratio of

10  (ii) (a) the amount of property distributed or reserved on account of all Allowed Claims or

11  Allowed Interests of the Class sharing in such Distribution to (b) the amount of all Allowed

12  Claims or Allowed Interests in such Class.

13    "Rejection Claim" means any Claim based upon, or arising from, the rejection of

14  any executory contract or unexpired lease pursuant to order of the Bankruptcy Court or

15  pursuant to this Plan.

16    "Schedules" means the Schedules of Assets and Liabilities and Statement of

17  Financial Affairs filed by Debtor in the Case, as required by Section 521(1) of the

18  Bankruptcy Code, Rules 1007(a)(3) and (b)(l) of the Bankruptcy Rules, and Official

19  Bankruptcy Form No. 6, as the Schedules may be amended from time to time.

20    "Secured Claim" means any Claim, including interest, reasonable attorneys' fees,

21  costs, and charges, to the extent allowable pursuant to Section 506(b) of the Bankruptcy

22  Code and this Plan, that is secured by a lien on property in which the Debtor has an

23  interest or that is subject to recoupment or setoff under Section 553 of the Bankruptcy

24  Code, to the extent of the value of the interest of the holder of such Secured Claim in the

25  Debtor's interest in the property, determined pursuant to Section 506(a) of the

26  Bankruptcy Code.

27

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1    "Supermajority-in-Interest" means the holders of 90% of the equity in the Debtor

2    based on the percentage interests set forth in the Amended List of Equity Security

3    Holders attached to the Disclosure Statement as Exhibit "3."

4    "Tax" means any tax, charge, fee, levy, or other assessment by any federal, state,

5    local or foreign taxing authority, including, without limitation, income, excise, property,

6    sales, transfer, employment, payroll, franchise, profits, license, use, ad valorem,

7    estimated, severance, stamp, occupation and withholding tax.  "Tax" shall include any

8    interest or additions attributable to, or imposed on or with respect to, such assessments.

9    "Tax Claim" means any Claim, pre-petition or post-petition, relating to a Tax.

10    "United States Trustee" or "OUST" means the Office of the United States Trustee.

11    **B.    Rules of Construction**

12    The rules of construction in Bankruptcy Code section 102 apply to the Plan.  For

13    the purpose of this Plan, unless otherwise provided in this Plan, (i) whenever from the

14    context it is appropriate, each term, whether stated in the singular or the plural, shall

15    include both the singular and the plural; (ii) each pronoun stated in the masculine,

16    feminine or neuter shall include the masculine, feminine and neuter; (iii) any reference in

17    this Plan to an existing document, Exhibit or schedule filed or to be filed means such

18    document or schedule as it may have been or may be amended, modified or

19    supplemented pursuant to this Plan; (iv) any reference to an entity as a holder of a Claim

20    or Interest includes that entity's successors and assigns; (v) except as otherwise stated

21    herein, all references in this Plan to Sections, Articles and Exhibits are references to

22    Sections, Articles and Exhibits of or to this Plan; (vi) the words "herein," "hereunder" and

23    "hereto" refer to this Plan in its entirety rather than to a particular portion of this Plan;

24    (vii) unless otherwise provided in this Plan, any reference in this Plan to a contract,

25    instrument, release, indenture, agreement, or other document being in a particular form

26    or on particular terms and conditions means that such document shall be substantially

27    and materially in such form or substantially and materially on such terms and conditions;

28    and (viii) the rules of construction set forth in Section 102 of the Bankruptcy Code shall

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

apply to the extent such rules are not inconsistent with the express terms of this Plan or any other provision in this Section.

**C.**    **Rules of Interpretation**

Except as otherwise provided in the Plan, Bankruptcy Rule 9006(a) applies when computing any time period under the Plan.

Any term used in the Plan that is not a Defined Term, but that is used in the Bankruptcy Code or Bankruptcy Rules has the meaning assigned to such term in the Bankruptcy Code or Bankruptcy Rules, as applicable, unless the context requires otherwise.

The definition given to any term or provision in the Plan supersedes and controls any different meaning that may be given to that term or provision in the Disclosure Statement.

Whenever it is appropriate from the context, each term, whether stated in the singular or the plural, includes both the singular and the plural.

Any reference to a document or instrument being in a particular form or on particular terms means that the document or instrument will be substantially in that form or on those terms or as amended by the terms thereof.

Any reference to an existing document means the document as it has been, or may be, amended or supplemented.

Unless otherwise indicated, the phrase "under the Plan" and similar words or phrases refer to this Plan in its entirety rather than to only a portion of the Plan.

Unless otherwise specified, all references to Sections or Exhibits are references to this Plan's Sections or Exhibits.

Section captions and headings are used only as convenient references and do not affect this Plan's meaning.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

EXHIBIT "B", PAGE 129

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 3200 Park Center Drive, Suite 250, Costa Mesa, CA 92626.

A true and correct copy of the foregoing document entitled (*specify*) **NOTICE OF FILING SOLICITATION VERSIONS OF: (1) DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN OF LIQUIDATION OF PROSPER MANAGED FUND, LLC; AND (2) CHAPTER 11 PLAN OF LIQUIDATION OF PROSPER MANAGED FUND, LLC** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) December 22, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) December 22, 2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Scott C. Clarkson
United States Bankruptcy Court
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| December 22, 2022 | Gabriela Gomez-Cruz | */s/ Gabriela Gomez-Cruz* |
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

<u>ADDITIONAL SERVICE INFORMATION</u> (if needed):

**1.  <u>SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>**

- Kyra E Andrassy    kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- James C Bastian    jbastian@shulmanbastian.com
- Lane K Bogard    lbogard@lbinsolvency.com,
  dhaberbush@lbinsolvency.com,ahaberbush@lbinsolvency.com,abostic@lbinsolvency.com,haberbush.assistant@gmail.com,vhaberbush@lbinsolvency.com,
  jborin@lbinsolvency.com
- Jess R Bressi    jess.bressi@dentons.com, kimberly.sigismondo@dentons.com
- Michael W Brown    mbrown@hrhlaw.com
- Richard Bunt    richbunt@gmail.com
- Ryan Coy    rcoy@bg.law, ecf@bg.law
- Michael W Davis    mdavis@dtolaw.com, jmartinez@dtolaw.com
- John P Dillman    houston_bankruptcy@publicans.com
- Glen Dresser    gombd@aol.com
- Lei Lei Wang Ekvall - DECEASED -    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Oscar Estrada    oestrada@ttc.lacounty.gov
- Timothy W Evanston    tevanston@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- Roger F Friedman    rfriedman@rutan.com
- Maria L Garcia    Maria.L.Garcia@lewisbrisbois.com, Nancy.jasso@lewisbrisbois.com
- Nichole Glowin    bankruptcy@zbslaw.com, nglowin@ecf.courtdrive.com
- David M Goodrich    dgoodrich@go2.law, kadele@wgllp.com;lbracken@wgllp.com;wgllp@ecf.courtdrive.com;gestrada@wgllp.com
- Arnold L Graff    agraff@wrightlegal.net, bkudgeneralupdates@wrightlegal.net;jpowell@wrightlegal.net
- Steven T Gubner    sgubner@bg.law, ecf@bg.law
- Mary H Haas    maryhaas@dwt.com
- Michael J Hauser    michael.hauser@usdoj.gov
- Ronald S Hodges    rhodges@goeforlaw.com, bbailey@goeforlaw.com
- Mark S Horoupian    mark.horoupian@gmlaw.com, mhoroupian@ecf.courtdrive.com;cheryl.caldwell@gmlaw.com
- Steven J. Katzman    skatzman@bklwlaw.com, 7657482420@filings.docketbird.com;docket@bklwlaw.com
- David B Lally    davidlallylaw@gmail.com
- Christopher J Langley    chris@slclawoffice.com, omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com
- Tara LeDay    tleday@mvbalaw.com
- Charity J Manee    CManee@goeforlaw.com, kmurphy@goeforlaw.com
- Charity J Manee    cmanee@goeforlaw.com, kmurphy@goeforlaw.com
- Robert S Marticello    RMarticello@swelawfirm.com, lgarrett@swelawfirm.com;jchung@swelawfirm.com
- Kathy Bazoian Phelps    kphelps@raineslaw.com, hchoi@raineslaw.com
- Hamid R Rafatjoo    hrafatjoo@raineslaw.com, bclark@raineslaw.com
- Lovee D Sarenas    lovee.sarenas@dinsmore.com, katrice.ortiz@dinsmore.com
- Susan K Seflin    sseflin@bg.law, ecf@bg.law
- Michael Simon    msimon@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Dheeraj K Singhal    dksinghal@dcdmlawgroup.com, dcdm@ecf.courtdrive.com
- John L. Smaha    jsmaha@smaha.com, jteague@smaha.com;gbravo@smaha.com
- Philip E Strok    pstrok@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
- Wayne R Terry    wterry@hemar-rousso.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Janice Vinci    jvinci@jvrealestatelaw.com, jvinci2@cox.net
- Jessica Vogel    Jvogel@sulmeyerlaw.com, jvogel@ecf.inforuptcy.com;mviramontes@sulmeyerlaw.com
- Corey R Weber    cweber@bg.law, ecf@bg.law
- Steven Werth    steven.werth@gmlaw.com,
  swerth@ecf.courtdrive.com;pdillamar@ecf.courtdrive.com,Karen.Files@gmlaw.com;patricia.dillamar@gmlaw.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                          **F 9013-3.1.PROOF.SERVICE**