**SMILEY WANG-EKVALL, LLP**
Philip E. Strok, State Bar No. 169296
pstrok@swelawfirm.com
Kyra E. Andrassy, State Bar No. 207959
kandrassy@swelawfirm.com
Robert S. Marticello, State Bar No. 244256
rmarticello@swelawfirm.com
Michael L. Simon, State Bar No. 300822
msimon@swelawfirm.com
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:  714 445-1000
Facsimile:   714 445-1002

Attorneys for Debtors-in-Possession



**FILED & ENTERED**

**MAR 02 2023**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** bolte      **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| In re | Case No. 8:17-bk-11996-SC |
|---|---|
| WJA ASSET MANAGEMENT, LLC, | Chapter 11 |
| Debtors-in-Possession. | (Jointly Administered with Case Nos. 8:17-bk-11997-SC; 8:17-bk-11998-SC; 8:17-bk-11999-SC; 8:17-bk-12000-SC; 8:17-bk-12001-SC; 8:17-bk-12002-SC; 8:17-bk-12003-SC; 8:17-bk-12004-SC; 8:17-bk-12005-SC; 8:17-bk-12006-SC; 8:17-bk-12008-SC; 8:17-bk-12009-SC; 8:17-bk-12010-SC; 8:17-bk-12011-SC; 8:17-bk-12012-SC; 8:17-bk-12013-SC; 8:17-bk-12014-SC; 8:17-bk-12015-SC; 8:17-bk-12016-SC; 8:17-bk-12018-SC; 8:17-bk-12019-SC; 8:17-bk-12124-SC; 8:17-bk-12125-SC; 8:17-bk-12126-SC; 8:17-bk-12127-SC and 8:17-bk-12285-SC) |
| ☐ Affects 5827 WINLAND HILLS DRIVE DEVELOPMENT FUND, LLC | |
| ☐ Affects ALABAMA HOUSING FUND, LLC | |
| ☐ Affects CA EXPRESS FUND, LLC | |
| ☐ Affects CA SEE JANE GO FUND, LLC | |
| ☐ Affects CA WHIRL FUND, LLC | |
| ☐ Affects CLAIRTON RESIDENTIAL RENEWAL, LLC | **ORDER CONFIRMING CHAPTER 11 PLAN OF LIQUIDATION OF PROSPER MANAGED FUND, LLC** |
| ☐ Affects EQUITY INDEXED MANAGED FUND, LLC | |
| ☐ Affects LUXURY ASSET PURCHASING INTERNATIONAL, LLC | **Plan Confirmation Hearing**: **DATE:** March 1, 2023 **TIME:** 1:30 p.m. **CTRM:** 5C |
| ☐ Affects LVNV MULTI FAMILY LLC | |
| ☐ Affects PMB MANAGED FUND, LLC | |
| ☒ Affects PROSPER MANAGED FUND, LLC | |

☐ Affects TD OPPORTUNITY FUND, LLC
☐ Affects TD REO FUND, LLC
☐ Affects URBAN PRODUCE FUND, LLC
☐ Affects WHIRL FUND, LLC
☐ Affects WJA EXPRESS FUND, LLC
☐ Affects WJA REAL ESTATE OPPORTUNITY FUND I, LLC
☐ Affects WJA REAL ESTATE OPPORTUNITY FUND II, LLC
☐ Affects WJA SECURE REAL ESTATE FUND, LLC
☐ Affects WJA SECURE INCOME FUND, LLC
☐ Affects WILLIAM JORDAN INVESTMENTS, INC.
☐ Affects CA REAL ESTATE OPPORTUNITY FUND I, LLC
☐ Affects CA REAL ESTATE OPPORTUNITY FUND II, LLC
☐ Affects CALIFORNIA INDEXED GROWTH FUND, LLC
☐ Affects SECURE CALIFORNIA INCOME FUND, LLC
☐ Affects CA REAL ESTATE OPPORTUNITY FUND III, LLC
☐ Affects All Debtors

At the above date and time, the Court held a hearing to consider confirmation of the *Chapter 11 Plan of Liquidation of Prosper Managed Fund, LLC* [Docket No. 2065] (the "Plan"). Philip E. Strok of Smiley Wang-Ekvall, LLP, appeared on behalf of Prosper Managed Fund, LLC (the "Debtor"). The Court, having determined that notice of the hearing on confirmation of the Plan was proper, having reviewed and considered the Plan and the evidence submitted in support of its confirmation, and for the reasons set forth on the record and in the memorandum and declarations that the Debtor submitted in support of confirmation of the Plan,

**IT IS HEREBY ORDERED AS FOLLOWS:**

(1) The Plan satisfies the requirements of 11 U.S.C. §§ 1123(a) and 1129(a) and is hereby confirmed pursuant to 11 U.S.C. § 1129.

(2) The Plan, and each provision thereof, is incorporated into this Order by this express reference and is hereby approved and confirmed. The failure to reference a particular provision of the Plan in this Order shall not affect the validity or enforceability of such provision.

(3) The provisions of the Plan and this Order are binding upon the Debtor, its bankruptcy estate, and any and all creditors or equity security holders of the Debtor, whether or not the claim or interest of such creditor or equity security holder is impaired under the Plan or accepted the Plan.

(4) The Debtor and its Chief Restructuring Officer[1] are hereby authorized to take any and all actions deemed necessary and proper to implement and consummate the provisions of the Plan.

(5) Any executory contract or unexpired lease of the Debtor is deemed rejected as of the Effective Date to the extent that such executory contracts or unexpired leases have not already been assumed or rejected by the Debtor, and any proof of claim for damages arising from the rejection of an executory contract or unexpired lease as a result of this Order must be filed with the Court and served on counsel for the Debtor within thirty (30) days of the Effective Date.

(6) All requests for payment of an Administrative Claim that accrued from the Petition Date through the Effective Date (other than the Professional Fee Claims) and that have not otherwise been paid by the Debtor or specifically treated under the Plan must be filed with the Court within thirty (30) days of the Effective Date, and the Debtor shall serve notice of this deadline on all creditors and parties in interest within five (5) days of the Effective Date.

---

[1] Capitalized terms not defined in this Order shall have the meaning ascribed to them in the Plan.

(7) Any professional seeking allowance of a Professional Fee Claim for services rendered prior to the Effective Date in connection with the Debtor's case shall (a) file its application for allowance of compensation and reimbursement of expenses on or before forty-five (45) days after the Effective Date and (b) have the fees and expenses allowed by a Final Order. Professionals holding Professional Fee Claims who do not timely file and serve their applications for payment will be forever barred from asserting these Claims against the Debtor or its property.

(8) Until it obtains its final decree, the Debtor shall submit its post-confirmation status report as part of the chapter 11 status report filed by its other jointly administered debtors, and its portion of the status report shall contain the information required by Local Bankruptcy Rule 3020-1(b). The next chapter 11 status conference is scheduled for September 13, 2023 at 1:30 p.m. with a status report due August 30, 2023.

(9) Unless otherwise provided in the Plan, if the Debtor's case is converted to one under chapter 7, the property of the Debtor that has not been disbursed pursuant to the Plan shall be revested in the chapter 7 estate.

(10) The Court hereby retains jurisdiction over all matters arising under, arising in, or related to the Plan as set forth in Section IV.M. of the Plan.

**IT IS SO ORDERED.**

###

Date: March 2, 2023

Scott C. Clarkson
United States Bankruptcy Judge